IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT BOSCH LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PYLON MANUFACTURING CORP., ) <br> ) <br> Defendant. ) <br> ) | ) <br> ) <br> ) <br> ) <br> ) <br> C.A. No. 08-542-SLR <br> ) <br> **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) |

**DEFENDANT PYLON MANUFACTURING CORPORATION'S
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Pylon Manufacturing Corporation ("Pylon"), by and through its attorneys, hereby respond to each of the numbered paragraphs in the Complaint filed against it by Plaintiff Robert Bosch, LLC ("Bosch") as follows:

**ANSWER**

1. Pylon admits that this action purportedly arises under the patent laws of the United States, Title 35 of the United States Code, and the Lanham Act, 15 U.S.C. §1125. Pylon further admits that this Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §§ 1331 and 1338.

2. Pylon admits that Exhibit A to the Complaint appears to be a copy of U.S. Patent No. 6,292,974 ("the '974 Patent") reflecting an issue date of September 25, 2001. Pylon denies that the '974 Patent was duly and legally issued for an invention in a wiper blade. Pylon is without sufficient information regarding the ownership of the '974 Patent and therefore denies that Bosch is the owner of the '974 Patent.

3.      Pylon denies that it has infringed the '974 Patent directly or indirectly by making, importing, offering for sale, using or selling wiper blades embodying the alleged patented invention. Pylon further denies that any of its products, including the Michelin brand Optimum, Radius and Symphony products, infringe the '974 Patent and therefore denies that any injunctive relief is warranted.

4.      Pylon admits that Exhibit B to the Complaint appears to be a copy of U.S. Patent No. 6,675,434 ("the '434 Patent") reflecting an issue date of January 13, 2004. Pylon denies that the '434 Patent duly and legally issued for an invention in a wiper blade. Pylon is without sufficient information regarding the ownership of the '434 Patent and therefore denies that Bosch is the owner of the '434 Patent.

5.      Pylon denies that it has infringed the '434 Patent directly or indirectly by making, importing, offering for sale, using or selling wiper blades embodying the alleged patented invention. Pylon further denies that any of its products, including the Michelin brand Optimum, Radius and Symphony products, infringe the '434 Patent and therefore denies that any injunctive relief is warranted.

6.      Pylon admits that Exhibit C to the Complaint appears to be a copy of U.S. Patent No. 6,944,905 ("the '905 Patent") reflecting an issue date of September 20, 2005. Pylon denies that the '905 Patent duly and legally issued for an invention in a wiper blade. Pylon is without sufficient information regarding the ownership of the '905 Patent and therefore denies that Bosch is the owner of the '905 Patent.

7.      Pylon denies that it has infringed the '905 Patent directly or indirectly by making, importing, offering for sale, using or selling wiper blades embodying the alleged patented

invention. Pylon further denies that any of its products, including the Michelin brand Optimum, Radius and Symphony products, infringe the '905 Patent and therefore denies that any injunctive relief is warranted.

8. Pylon admits that Exhibit D to the Complaint appears to be a copy of U.S. Patent No. 6,978,512 ("the '512 Patent") reflecting an issue date of December 27, 2005. Pylon denies that the '512 Patent duly and legally issued for an invention in a wiper blade. Pylon is without sufficient information regarding the ownership of the '512 Patent, and therefore denies that Bosch is the owner of the '512 Patent.

9. Pylon denies that it has infringed the '512 Patent directly or indirectly by making, importing, offering for sale, using or selling wiper blades embodying the alleged patented invention. Pylon further denies that any of its products, including the Michelin brand Optimum, Radius and Symphony products, infringe the '512 Patent and therefore denies that any injunctive relief is warranted.

10. Pylon denies the alleged infringement and denies that Bosch gave Pylon notice of the alleged infringement prior to the filing of this lawsuit.

11. Pylon denies the alleged infringement and therefore denies that the alleged infringement is or has been willful.

12. Pylon is without knowledge sufficient to form a belief as to whether Bosch developed the subject matter disclosed in the '974 Patent, the '434 Patent, the '905 Patent or the '512 Patent (collectively "the Patents-in-Suit") and therefore denies same.

13. Pylon denies that its wiper blades embody the alleged inventions claimed in any of the Patents-in-Suit. Pylon further denies that it has made or is continuing to make false statements in commerce about the origin of its wiper blades. Pylon admits that certain words and/or passages appearing in Paragraph 13 of the Complaint appear on Pylon's website, www.pylonhq.com. However, the words and passages presented in the Complaint are incomplete, taken out of context and/or presented in a misleading fashion. Pylon denies that these words or passages are prominently featured on Pylon's website. Pylon further denies that these words or passages are statements of fact. To the extent statements of fact are made, Pylon denies that such statements are false, misleading or misrepresent in any manner the true nature, characteristics and qualities of the goods. Pylon further denies that any technology used in its products was developed by Bosch. Pylon further denies that its activities constitute false advertising in violation of 15 U.S.C. §1125(a). All other allegations of Paragraph 13 are denied.

14. Pylon denies that its acts constitute false advertising and therefore denies that its acts have materially injured Bosch.

15. Pylon denies that its acts constitute false advertising and therefore denies that the alleged false advertising is or has been willful.

16. Pylon denies all allegations in the Complaint not specifically admitted or responded to herein.

## AFFIRMATIVE DEFENSES

Pylon hereby asserts the following affirmative defenses without prejudice to Pylon's right to modify or withdraw any defense and/or assert additional defenses subject to information obtained through the formal discovery process.

### FIRST AFFIRMATIVE DEFENSE

Pylon has not infringed, either literally or under the doctrine of equivalents, any valid claim of the Patents-in-Suit.

### SECOND AFFIRMATIVE DEFENSE

One or more claims of the Patents-in-Suit are invalid for failure to comply with the conditions for patentability set forth in Title 35, United States Code, including without limitation §§ 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE

Bosch is estopped from asserting infringement of the one or more claims of the Patents-in-Suits by virtue of the fact that during the proceedings related to the issuance of the Patents-in-Suit in the United States Patent and Trademark Office, the admissions, representations and amendments made by the Applicants and/or their attorneys prevent a construction of the claims broad enough to encompass any product made, used, sold, offered for sale or imported by Pylon.

### FOURTH AFFIRMATIVE DEFENSE

Bosch's claims are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

Bosch's claims are barred by the doctrine of release.

### SIXTH AFFIRMATIVE DEFENSE

Bosch's claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Bosch's claims are barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Bosch's Complaint fails to state a claim upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

Bosch has not suffered any injury or damages.

## TENTH AFFIRMATIVE DEFENSE

Bosch has failed to mitigate any injury or damages it may have suffered.

## ELEVENTH AFFIRMATIVE DEFENSE

Bosch is not entitled to equitable relief because it has an adequate remedy at law.

## TWELFTH AFFIRMATIVE DEFENSE

Bosch is not entitled to a finding of willful infringement or enhanced damages because: (i) there is not an objectively high likelihood that Pylon's actions infringed a valid claim of the Patents-in-Suit and/or (ii) Pylon did not know and should not have known about the existence of any objectively defined risk of infringement.

## THIRTEENTH AFFIRMATIVE DEFENSE

The provisions of 35 U.S.C. § 287 were not met prior to the filing of the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

The accused representations are not statements of fact and therefore are not in violation of 15 U.S.C. §1125.

## FIFTEENTH AFFIRMATIVE DEFENSE

The accused representations are puffery and therefore are not in violation of 15 U.S.C. §1125.

## SIXTEENTH AFFIRMATIVE DEFENSE

The accused representations are not false, misleading, or misrepresent the true nature, origin, characteristics or qualities of Pylon's products.

## COUNTERCLAIMS

Counter-Plaintiff Pylon Manufacturing Corporation ("Pylon") asserts the following counterclaims against Counter-Defendant Robert Bosch LLC ("Bosch"):

## GENERAL ALLEGATIONS

1. Pylon is a Delaware corporation doing business at 1341 W. Newport Center Dr., Deerfield Beach Florida 33442.

2. Bosch is a limited liability company formed under the laws of Delaware.

3. This is a civil action involving allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Pylon seeks declaratory judgment under the Declaratory Judgment Act. Thus, the Court has jurisdiction over the subject matter of this Counterclaim under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

4. This Court has personal jurisdiction over Bosch because Bosch sued Pylon in this judicial district and because Bosch is a Delaware limited liability company that regularly conducts business activities in the State of Delaware and this judicial district.

5. Venue is proper for Pylon's counterclaims based on 28 U.S.C. §§ 1391 and 1400 and because Bosch sued Pylon in this judicial district.

## COUNT I
### (The Patents-in-Suit Are Not Infringed And/Or Are Invalid)

6. Pylon repeats and incorporates herein by reference in their entirety Paragraphs 1 through 16 of the Answer and Paragraphs 1 through 5 of this Counterclaim.

7. Bosch contends that the Patents-in-Suit are valid and enforceable and that Pylon infringes the Patents-in-Suit.

8. Pylon denies Bosch's contentions and alleges that the Patents-in-Suit and each of their claims are not infringed, either literally or under the doctrine of equivalents, and/or are invalid for failing to meet the conditions for patentability set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 102, 103 and 112.

9. An actual, live and justiciable controversy exists between Pylon and Bosch as to whether Pylon's windshield wiper products infringe Bosch's alleged rights under the Patents-in-Suit and whether the Patents-in-Suit and each of its claims are valid.

10. As a result, Pylon seeks, and is entitled to, a judgment against Bosch that the Patents-in-Suit, and each of their claims, are invalid and/or not infringed, either literally or under the doctrine of equivalents.

## COUNT II
### (Infringement of the '380 Patent)

11. Pylon repeats and incorporates herein Paragraphs 1 through 5 of this Counterclaim.

12. On November 4, 2003, U.S. Patent No. 6,640,380 ("the '380 Patent"), entitled "Wiper Blade Connector," was duly and legally issued by the United States Patent and Trademark Office. Pylon is the owner of the '380 Patent. A true and correct copy of the '380 Patent has been attached hereto as Exhibit "1".

13. Bosch manufactures, uses, sells, offers for sale and/or imports products containing wiper blade connectors, including the Bosch Evolution brand wiper blade products.

14. Bosch has infringed and is infringing the '380 Patent directly and indirectly by manufacturing, using selling, offering for sale and/or importing wiper blades embodying invention claimed in the '380 Patent.

15. Bosch knew or should have known that its actions infringed the presumptively valid '380 Patent and therefore its infringement was and is willful.

16. Bosch's infringement has damaged Pylon and should be enjoined by this Court.

## DEMAND FOR JURY TRIAL

Pylon hereby demands a jury trial as provided by law.

WHEREFORE, Counter-Plaintiff Pylon Manufacturing Corporation respectfully requests the following relief:

(a) That the Court deny Bosch any and all relief under its Complaint;

(b) That the Court dismiss the Complaint against Pylon in its entirety, with prejudice;

(c) That the Court determine and declare that Pylon does not infringe, literally or under the doctrine of equivalents, any valid claim of the Patents-in-Suit;

(d) That the Court determine and declare that the claims of the Patents-in-Suit are invalid;

(e) That the Court determine and declare that Pylon may operate free of any infringement claims by Bosch;

(f) That Bosch has infringed and/or is infringing the '380 Patent.

(g) That the Court grant Pylon injunctive relief enjoining Bosch from manufacturing, using, selling, offering for sale, using, and/or importing wiper blade products that infringe the '380 Patent;

(h) That the Court grant Pylon all appropriate monetary relief, including an award of treble damages;

(i) That the Court find that this is an exceptional case under 35 U.S.C. §285;

(j) That the Court award Pylon its attorneys fees, costs and interest incurred in this action; and

(k)     That the Court grant Pylon any additional relief, either in law or equity, as the Court determines is just and equitable.

Dated: October 24, 2008

BAYARD, P.A.

/s/ Ashley B. Stitzer

Ashley B. Stitzer (as3891)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
astitzer@bayardlaw.com
sbrauerman@bayardlaw.com

*Attorneys for Defendants,*
*Pylon Manufacturing Corporation.*

OF COUNSEL:

Gregory L. Hillyer
Javier Sobrado
FELDMAN GALE, P.A.
1420 Montgomery Lane
Suite 400
Bethesda, MD 20814
(800) 489-9814
ghillyer@feldmangale.com
jsobrado@feldmangale.com

-AND-

James A. Gale
FELDMAN GALE, P.A.
One Biscayne Tower, 30th Floor
2 S. Biscayne Blvd.
Miami, FL 33139
(305) 358-5001
jgale@feldmangale.com