**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROBERT BOSCH LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    C.A. No. 08- 542-SLR |
| | ) |
| PYLON MANUFACTURING CORP., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PYLON MANUFACTURING CORPORATION'S MOTION**
**TO BIFURCATE THE ISSUES OF WILFULLNESS AND DAMAGES**

Defendant, Pylon Manufacturing Corporation ("Pylon"), by and through its attorneys, respectfully moves the Court pursuant to Fed. R. Civ. P. 42(b) for entry of an Order bifurcating the issues of willfulness and damages from liability for purposes of discovery and trial.   In support of its motion, Pylon respectfully states as follows.

**I.    INTRODUCTION**

This case is ripe for bifurcation.  During the discovery hearing held June 9, 2009, Pylon raised the issue of Bosch's failure to produce certain financial data necessary for Pylon to calculate its damages.  In response, the Court indicated a preference for bifurcating the issue of damages and suggested that this measure may be appropriate to address this discovery dispute. Since this hearing, Bosch has failed to supplement its financial data and the Court has amended its standing Order to require bifurcation in all patent cases.  Based on these facts, and the fact that willfulness and damages are commonly bifurcated in patent cases to promote convenience and efficiency, Pylon respectfully requests that the Court grant the instant motion.

## II.   FACTUAL BACKGROUND

This is a patent case in which Pylon has accused Bosch of infringing U.S. Patent No. 6,640,380.  The parties are in the process of completing discovery, which closes on July 24, 2009.  Damages expert reports are due on or before August 7, 2009.

On February 2, 2009, Pylon served its First Set of Interrogatories and on February 9, 2009, Pylon served its First Requests for Production.  This discovery requested various forms of financial information and documents relating to Bosch's use, manufacture, sale, offer for sale and importation of its Evolution wiper blades.

Although Bosch provided Pylon with certain financial information concerning the Evolution wiper blades, Bosch has not provided all of the financial information Pylon requested and needs.   In particular, Bosch has failed to provide sufficient financial data relating to Evolution wiper blade sales that would allow Pylon to adequately calculate damages.  Bosch has also failed to provide a financial summary similar to the summary provided by Pylon in response to an identical interrogatory.   Pylon subsequently requested this information on March 23th, April 20th, May 26th, June 9th and June 23rd.  As a result of being deprived of this information, Pylon is not currently in a position to address damages or interface with its financial expert to produce an adequate expert report.

At the discovery hearing on June 9, 2009, Pylon flagged this issue so that the Court would be aware of it and the potential for prejudice if Bosch failed to provide its financial information or produced it at the "eleventh hour."  In response, the Court indicated that if Pylon encountered further difficulties in obtaining the information, a potential solution would be to bifurcate the issues of damages.  Since that time, the Court has amended its standing Scheduling Order for patent trials in a manner that provides that "the issues of willfulness and damages shall

be bifurcated for the purposes of discovery and trial, unless good cause is shown otherwise."
(Scheduling Order (patent), ¶ 2(a) (June 2009), http://www.ded.uscourts.gov/SLRmain.htm.) At
the time of this filing, Bosch has failed to supplement its financial data to any degree.

Prior to the filing of this motion, counsel for Pylon conferred with counsel for Bosch in
an effort to resolve the issues presented. Despite (1) attending the discovery hearing in which
the Court expressed its preference for bifurcation; (2) appreciating the remedy for failing to
supplement its financial data; and (3) failing to supplement its financial data following the
discovery hearing, Bosch's counsel indicated that it opposes bifurcation and would not agree to
an unopposed filing of this motion.

## III.   ARGUMENT

### A.   The Issues of Willfulness And Damages Should Be Bifurcated In This Case

Federal Rule of Civil Procedure 42(b) provides that:

> The court, in furtherance of convenience or to avoid prejudice, or when separate
> trials will be conducive to expedition and economy, may order a separate trial of
> any claim, cross-claim, counterclaim, or third-party claim, or of any separate
> issue, or of any number of claims, cross claims, counterclaims, third-party claims
> or issues, always preserving inviolate the right of trial by jury as declared by the
> Seventh Amendment of the Constitution or as given by a statute of the United
> States.

The district court has broad discretion to determine whether bifurcation "will avoid
prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented
in the case." *Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519 (D. Del. 2002). The decision to
bifurcate is made on a case-by-case basis where the trial judge decides whether one trial or
separate trials will be "most likely to result in a just final disposition of litigation." *Crown
Packaging Technology, Inc. v. Rexam Beverage Can Co.*, 498 F.Supp.2d 734, 736 (D. Del. 2007)
(quoting *In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986)). Courts have
historically recognized that patent cases are well-suited to bifurcation in that it is more efficient

to defer discovery and trial on willfulness and damages until after liability has been resolved. *Johns Hopkins Univ. v. Cellpro*, 160 F.R.D. 30, 34 (D. Del. 1995).

This Court's adoption of a bifurcation procedure in its June 2009 Scheduling Order for patent cases demonstrates a clear appreciation of the bifurcation procedure. Bifurcation is particularly appropriate where, as here, resolving a single issue such as infringement could eliminate the need for a trial on willfulness or damages and allow the parties to appeal the issue immediately. The Court's remarks at the discovery hearing further indicate that the circumstances presented in this case weigh heavily in favor of bifurcation.

**B.     Bosch Will Not Be Prejudiced By Bifurcation**

A motion to bifurcate the issues of willfulness and damages should be granted when doing so would not unduly prejudice one of the parties. *Raymond P. Smith, Jr. v. Alyeshka Pipeline Service Co,* 538 F. Supp. 977, 981 (D. Del. 1982). Here, separating the issues of willfulness and damages from liability will not result in prejudice to Bosch, but failure to do so will unduly prejudice Pylon.

As noted above, Pylon has been put in the impossible situation of having to prepare a case on damages without sufficient financial information. The only way to address this prejudice (short of compelling Bosch to produce the information) is to remove the need to consider the issue during this discovery period and by the pending expert report deadline. Failure to bifurcate the case at this stage would reward Bosch for being uncooperative in discovery. Even if Bosch immediately complies, Pylon will be months behind in its preparation and struggle to secure adequate expert analysis in sufficient time before the deadline for reports.

Bosch, on the other hand, is not in a position to object to bifurcation because it is responsible for this dynamic. As it stands, Bosch is essentially having it both ways by refusing

to supplement its discovery *and* opposing bifurcation.  Regardless, Bosch will not be unduly prejudiced by bifurcation because separate trials would neither greatly increase Bosch's cost of litigation, nor require Bosch to litigate like issues in two separate trials because the factual determinations do not overlap.  Moreover, both parties would initially save the cost of expensive discovery and expert consideration regarding damages, and indeed, may save the cost of additional litigation altogether once liability is resolved.

### C.      Bifurcation Will Preserve Resources

It is well-settled that bifurcation is a worthwhile means of preserving resources in cases where a verdict for either party on liability may obviate the need for damages discovery and trial, or may facilitate a settlement.  *Johns Hopkins Univ*, 160 F.R.D. at 33; *see also Smith,* 538 F. Supp. at 984.  Bifurcating willfulness and damages now will conserve the time and resources of both the Court and the parties in the event that Bosch or Pylon does not prevail on its claims.  If no liability is found, expensive, intrusive and time-consuming discovery may be avoided.  *This is particularly true now because both Pylon and Bosch are poised to take numerous party depositions throughout the month of July.*  Many of the categories identified in the 30(b)(6) notice for Pylon are directed to financial matters.  Thus, immediate bifurcation would substantially narrow the issues to be addressed during these party depositions.  Obviously, bifurcation would also remove the need to produce expert damages reports.  Ultimately, should damages discovery and trial be necessary, the potential for such additional costs may facilitate a settlement agreement.

### D.      Bifurcation Will Enhance Juror Comprehension Of The Issues

The issues of liability and damages should be bifurcated when the issues are so complex that a single proceeding would clutter the record and confuse the jury.  *Smith,* 538 F. Supp. at

984-985. The issue of damages is complex when its resolution will require a review of large volumes of documents and extensive time during discovery and at trial. *Id.* Although Bosch has failed to provide Pylon with useful financial data, Bosch has nonetheless provided Pylon with over a half million documents containing disjointed and incomprehensible sales data, the review of which takes extensive time, effort and resources, only to arrive at an incomplete picture of the total sales figures. As a result, resolution of the damages issue would be a complex and time-consuming undertaking both prior to and during trial. Since the jury will already be faced with multiple claims and counterclaims concerning infringement, invalidity and unenforceability, incorporating willfulness and damages into the same proceeding will likely confuse the jury. Bifurcating the proceedings will not only clarify the issues, but may also reduce the complexity of the damages issue if not all of the claims are successful.

## IV.   LOCAL RULE 7.1.1 STATEMENT

Counsel for Pylon hereby states, pursuant to Local Rule 7.1.1, that Pylon's counsel made a reasonable effort to reach agreement with opposing counsel on the matters set forth herein, but that agreement was not forthcoming.

## V.   CONCLUSION

For all of the foregoing reasons, Pylon respectfully requests that the Court bifurcate the issues of willfulness and damages from liability for purposes of discovery and trial. In the event the Court is inclined to deny the motion, Pylon respectfully requests that the Court compel Bosch's immediate production of information and documents sufficient for Pylon to calculate its damages.

BAYARD, P.A.

OF COUNSEL:

FELDMAN GALE, P.A.
Gregory L. Hillyer
Javier Sobrado
1420 Montgomery Lane
Suite 400
Bethesda, MD 20814
Tel: (800) 489-9814
ghillyer@feldmangale.com
jsobrado@feldmangale.com


James A. Gale
One Biscayne Tower, 30th Floor
2 S. Biscayne Blvd.
Miami, FL 33139
Tel: (305) 358-5001
jgale@feldmangale.com


June 30, 2009

/s/ Stephen B. Brauerman (sb4952)
Ashley B. Stitzer (as3891)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
astitzer@bayardlaw.com
sbrauerman@bayardlaw.com

*Attorneys for*
*Pylon Manufacturing Corporation.*