IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT BOSCH LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-542-SLR |
| | ) |
| PYLON MANUFACTURING CORP., | ) |
| | ) |
| Defendant. | ) |

David E. Moore, Esquire, and Richard L. Horwitz, Esquire, of Potter Anderson & Corroon LLP, Wilmington, Delaware. Counsel for Plaintiff. Of Counsel: Michael J. Lennon, Esquire, and Mark A. Hannemann, Esquire, of Kenyon & Kenyon LLP, New York, NY; Susan A. Smith, Esquire, of Kenyon & Kenyon LLP, Washington, DC.

Ashley B. Stitzer, Esquire, and Stephen B. Brauerman, Esquire, of Bayard PA, Wilmington, Delaware. Counsel for Defendant. Of Counsel: Gregory L. Hillyer, Esquire, and Javier Sobrado, Esquire, of Feldman Gale PA, Bethesda, MD; James A. Gale, Esquire, of Feldman Gale PA, Miami, FL.

**MEMORANDUM OPINION**

Dated: 7/9/09
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Plaintiff, Robert Bosch, LLC ("Bosch"), brought suit against defendant, Pylon Manufacturing Corporation ("Pylon"), for patent infringement and false advertising. (D.I. 31 at ¶ 1) The complaint (D.I. 1) was filed on August 25, 2008 and amended (D.I. 31) March 20, 2009. On April 7, 2009, defendant filed this motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff's false advertising claims filed under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). (D.I. 35 at 1) The court has jurisdiction pursuant to 28 U.S.C §§ 1331 and 1338. (D.I. 31 at ¶ 1) For the reasons set forth below, the court will grant defendant's motion to dismiss the false advertising claims arising under section 43(a) of the Lanham Act.

## II. BACKGROUND

Defendant "manufactures and sells windshield wiper blades under the Michelin brand name, including the Optimum, Radius and Symphony products." (D.I. 35 at 1) Plaintiff alleges that defendant's products infringe four of its patents, all of which are related to frameless windshield wiper blades.[1] (D.I. 31 at ¶¶ 2-9; D.I. 42 at 2) Additionally, plaintiff alleges that defendant has used and continues to use "false and misleading descriptions of fact and representations of fact, which in commercial advertising or promotion, misrepresent the nature, characteristics, and qualitites of [d]efendant's and [p]laintiff's goods and commercial activities." (D.I. 31 at ¶ 13)

---

[1] Plaintiff has alleged infringement of U.S. Patent Nos. 6,292,974, 6,675,434, 6,944,905, and 6,978,512.

Plaintiff points to two purportedly false statements from defendant's website, www.pylonhq.com, which plaintiff alleges are likely to mislead the public into believing that Michelin products are new and novel, and were developed by defendant and not by plaintiff. (D.I. 31 at ¶ 13). The purportedly false statements alleged by plaintiff are:

> [1] Michelin's expertise . . . has inspired the development of a high performance, frameless all-weather wiper blade with many innovative features and benefits, including . . . Advanced Frameless Design . . . and Integrated High-Downforce Spoiler.
>
> [2] The latest Michelin wiper blades on the market are all new and improved . . . adding functional features such as spoilers for improved wiper performance.

(*Id.* (omissions in original))

## III. STANDARD OF REVIEW

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 554-55 (2007) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

2

> The Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: "[S]tating...a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d. Cir. 2008) (citations omitted). In the context of false advertising claims arising under the Lanham Act, the complaint must include "sufficiently detailed allegations regarding the nature of the alleged falsehood to allow [defendant] to make a proper defense." *Max Daetwyler Corp. v. Input Graphics, Inc.*, 608 F. Supp. 1549, 1556 (E.D. Pa. 1985).

## IV. DISCUSSION

> Section 43(a) of the Lanham Act states, in pertinent part:
>
> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which - -
>
>> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a). To state a claim for false advertising, a plaintiff must plead facts alleging that the defendant made false or misleading statements or descriptions of fact in commercial advertising or promotion that "misrepresent[ed] the nature, characteristics, qualities, or geographic origin of his ... goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B). "Only statements of fact capable of being proven

3

false are actionable under the Lanham Act because, when personal opinions on nonverifiable matters are given, the recipient is likely to assume only that the communicator believes the statements, not that the statement is true." *Parker v. Learn Skills Corp.*, 530 F. Supp. 2d 661, 679 (D. Del. 2008) (citations omitted). "[M]isdescriptions or false representations of specific characteristics of a product," which are actionable under the Lanham act, are distinguished from puffery, which is not actionable. *Castrol, Inc. v. Pennzoil Co.*, 987 F.2d 939, 945 (3d Cir. 1993). *Castrol* defined puffery as "exaggeration or overstatement expressed in broad, vague and commendatory language." *Id.*

Plaintiff has pointed to two allegedly false advertisements which are specific enough to allow defendant to make a proper defense.[2] (*See supra* p. 2; D.I. 31 at ¶ 13) Essentially, plaintiff claims that the statements "new and improved," "innovative" and "development" constitute false advertising because it developed the technology and, therefore, defendant did not develop the products and the products cannot be "new and improved" or "innovative." (*Id.*)

Plaintiff's first claim for false advertising boils down to defendant's advertisement that it **developed** a "frameless all-weather wiper blade" and, by implication, Bosch did

---

[2] Although plaintiff points to two specific instances of purportedly false advertising, plaintiff took these statements out of context and omitted relevant language. Because plaintiff's claims are based on defendant's website, www.pylonhq.com (D.I. 35, ex. 1), and plaintiff does not question the authenticity of the attached exhibit, the court will consider the entire exhibit when deciding whether to grant the motion to dismiss. *See Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document").

not develop the said frameless wiper blade.[3] (D.I. 31 at 4) This court, and other courts, have found that "false attribution of the authorship" of an invention or innovation is not an actionable false advertisement under § 43(a) of the Lanham Act.[4] *Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300 (Fed. Cir. 2009);[5] *see Monsanto Company v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 648, 653 (D. Del. 2006).[6] Therefore, plaintiff

---

[3] The full text of the alleged false advertisement reads:

Michelin's expertise in creating a rubber compound that allows your tires to grip the road in all kinds of weather has inspired the development of a high performance, frameless all-weather wiper blade with many innovative features and benefits, including:
. . . .

(D.I. 35, ex. 1) The advertisement goes on to list about six of Michelin's supposedly innovative and beneficial features, including "Advanced Frameless Design" and "Integrated High-Downforce Spoiler." (*Id.*) Although defendant asserts that plaintiff's selection of text is substantively different than the text of the advertisement in context, the distinction appears irrelevant to this motion as both the selected text and the full text include a statement which indicates that Pylon developed the frameless wiper blade.

[4] Also, false advertising claims for false designation of authorship would create an overlap between the Lanham and Patent Acts. *See Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300, 1307 (Fed. Cir. 2009) (citing *Sybersound Records Inc. v. UAV Corp.*, 517 F.3d 1137, 1144 (9th Cir. 2008)).

[5] The Federal Circuit found that "false attribution of the authorship of [an] innovation" does not "go to the nature, characteristics, or qualities of the goods, and [is] therefore not actionable under section 43(a)(1)(B)." *Baden Sports*, 556 F.3d at 1308 (citing *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003); *Sybersound Records*, 517 F.3d at 1144). In *Baden Sports*, the defendant's alleged false advertisements were almost identical to the advertisements presented in this case. 556 F.3d at 1307-08. Plaintiff alleged that defendant falsely stated that it had "developed [the] technology" at issue, and that the product was "new" and "innovative." *Id.* The court did not allow plaintiff to proceed with false advertising claims under 15 U.S.C. § 1125(a)(1)(B) based on the alleged "false attribution of authorship of [the] invention." *Id.* at 1308.

[6] In *Monsanto*, plaintiff alleged five separate false advertising claims, including defendant's statement that it had developed its own products which had actually been

has not stated a claim under the Lanham Act for false advertising related to Pylon's statement that it developed a frameless windshield wiper blade.

The basis of the second false advertisement claim can be condensed down to defendant's assertions that its wiper blades are "new and improved" and "innovative."[7] (D.I. 31 at ¶ 13) In context, the alleged false advertisement does not constitute a claim for false advertisement because defendant merely puffs, independently from listing specific features of the wiper blades, that its wipers are "new and improved" and that some features of the blades are "innovative." (D.I. 31 at ¶ 13) "Improved" and "innovative" are certainly statements of puffery as both statements are opinions and

---

developed by the plaintiff. 443 F. Supp. 2d at 652. This court found that the above statement regarding the intellectual origin of the product was not "directed to the nature, characteristics or qualities" of the product and, therefore, granted plaintiff's motion to dismiss the false advertising claim arising under 15 U.S.C § 1125(a)(1)(B). *Id.* at 652-53 (citing *Dastar*, 539 U.S. at 38) (quotation marks omitted). A claim for false advertising arising out of false attribution of authorship for invention or innovation fits more neatly under "reverse passing off," which is laid out by 15 U.S.C. § 1125(a)(1)(A). *Monsanto*, 443 F. Supp. 2d at 652-53. Reverse passing off claims relating to false attribution of authorship, "however styled, [are] barred by the language and holding of *Dastar*." *Id.*

[7] According to plaintiff, the false advertisement at issues is: "The latest Michelin wiper blades on the market are all new and improved ... adding functional features such as spoilers for improved wiper performance." (D.I. 31 at ¶ 13) The full text of the advertisement from the website reads:

> The latest Michelin blades on the market are all new and improved. Some of the features include improving the performance of the rubber compounds, converting all conventional blades to riveted construction for added strength and adding functional features such as spoilers for improved wiper performance. Other enhancements include additional or improved rubber coatings for quiet operation, packaging that is more descriptive and easier to open and improved connectors for easier installation and better performance for the life of the product.

(D.I. 35, ex. 1)

6

cannot be proved to be false. Although "new," taken independently, seems to be closer to a statement of fact because it embodies the concept of chronology and time which can be scientifically proven, phrases like "new and improved" are classic puffery. *See e.g., Laitram Machinery, Inc. v. Carnitech A/S*, 884 F. Supp. 1074, 1083 (E.D. La. 1995) (statement that machines are "new and improved" is certainly puffery); *Outdoor Technologies, Inc. v. Vinyl Visions, LLC*, 83 U.S.P.Q. 2d 1418, 2006 WL 2849782, at *4 (S.D. Ohio 2006) ("phrases such as 'best,' 'new and improved,' or 'redesigned and improved'" have all been held to be puffery). Plaintiff has not stated a claim under the Lanham act for defendant's advertisements that its product was "new and improved" and "innovative."

## V. CONCLUSION

For the aforementioned reasons, defendant's motion to dismiss plaintiff's claims for false advertising under 15 U.S.C. § 1125(a)(1)(B) is granted.

An appropriate order will issue.