**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROBERT BOSCH LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 08-542-SLR |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| PYLON MANUFACTURING CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO BIFURCATE THE ISSUES OF WILLFULNESS AND DAMAGES**

Citing this Court's new form scheduling order, defendant Pylon now seeks to bifurcate both willful infringement and damages from the rest of this case, for discovery and for trial. Because there is no unfair prejudice to Pylon in proceeding with a unified case as previously scheduled, because there would be unfair prejudice to Bosch (including, with respect to the willful-infringement issue, a Seventh Amendment violation), and because there is no way of knowing now whether any judicial economy would result from bifurcation, Bosch opposes Pylon's motion.

**1. Proceeding as scheduled will not unfairly prejudice Pylon.**

In December of last year, the parties submitted their joint proposed scheduling order (D.I. 15-2). At that time, Pylon did not object to proceeding with a unified case that would include a trial on all liability and damages issues, including willful infringement. Pylon did not raise the idea of bifurcation until after the June 9, 2009, discovery conference in this case, and after this Court issued its new form scheduling order for future cases, which proposes bifurcation of damages and willfulness absent a showing of good cause.

In its moving papers, Pylon does not even argue that bifurcation is necessary to avoid unfair prejudice to it—and the lateness of its request would contradict any such argument that it

did present. *See generally, e.g., Matsushita Elec. Indus. Co. v. Cinram Int'l, Inc.*, C.A. No. 02-882-SLR, 2003 U.S. Dist. LEXIS 27868, 3–4 (D. Del. Dec. 15, 2003) (noting that, "The burden is on the moving party to demonstrate that bifurcation is justified" and denying bifurcation, in part because "The court further finds Cinram's motion to be untimely" when the motion was filed just prior to the close of fact discovery).

## 2. Bifurcation would unfairly prejudice Bosch.

The Federal Circuit's *In re Seagate* decision, 497 F.3d 1360 (Fed. Cir. 2007), changed the standard for a finding of willful infringement.   After *Seagate*, "to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." 497 F.3d at 1371.   The Federal Circuit explained that this "objectively-defined risk of infringement" would be "determined by the record developed in the infringement proceeding." *Id.*  In other words, to decide whether there was an objectively high risk of infringement, a jury must consider the merits of the parties' arguments on the underlying infringement and validity issues.[1]  In the second step of the willfulness inquiry, the jury must consider whether Pylon knew or should have known of the objectively high risk of infringement. *See* 497 F.3d 1371.[2]

To bifurcate willfulness in a case like this means that a second jury would be reviewing the "record developed in the infringement proceeding" and previously considered by the first jury.  There would thus be an almost complete overlap of evidence between the two trials— except that the second jury would not have the benefit of watching the witnesses' demeanor in order to evaluate their credibility.

---

[1]     At least those known to Pylon at the time the alleged willful infringement began.

[2]     In this case, Pylon has conceded that it knew of the Bosch patents before the lawsuit, and has elected not to rely on advice of counsel as a potential defense to willful infringement.

Not only would bifurcation of willfulness from infringement likely be wasteful because of the additional cost to the parties and the Court of empanelling two juries to hear the same evidence, but it would violate the Seventh Amendment. *See, e.g., Castano v. American Tobacco Co.*, 84 F.3d 734, 750–751 (5th Cir. 1996) (Noting that, "The Seventh Amendment entitles parties to have fact issues decided by one jury, and prohibits a second jury from reexamining those facts and issues. Thus, the Constitution allows bifurcation of issues that are so separable that the second jury will not be called upon to reconsider findings of fact by the first," and denying bifurcation of a comparative-negligence issue because, "At a bare minimum, a second jury will rehear evidence of the defendant's conduct"); *In re. Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995) ("the judge must not divide issues between separate trials in such a way that the same issue is reexamined by different juries").[3]

---

[3]    Judge Farnan recently considered a very similar issue in *Power Integrations, Inc. v. Fairchild Semiconductor Int'l*, 585 F. Supp. 2d 583 (D. Del. 2008). In that case, as in the Federal Circuit case of *Voda v. Cordis Corp.*, 536 F.3d 1311, 1329 (Fed. Cir. 2008), the issue was whether infringement must also be re-tried when the new *Seagate* willfulness standard necessitated a retrial of willfulness (thus in those cases, the issue was not whether to bifurcate, but whether retrial of an already-decided infringement issue was necessary). Relying on the Federal Circuit's one-sentence holding in *Voda*, Judge Farnan denied the requested retrial, but observed:

> The Court recognizes the compelling nature of Fairchild's argument, and in the Court's view, acceptance of Fairchild's position may well result in a per se rule that willfulness can never be bifurcated from infringement and invalidity and tried to a separate jury without running afoul of the Seventh Amendment.

585 F. Supp. 2d at 590. It is not necessary in this case to reach the question of whether such a per se rule is Constitutionally required, because Pylon's bifurcation motion can be denied as a matter of judicial discretion, for all the reasons discussed in the text of this opposition. *See, e.g., Matsushita*, 2003 U.S. Dist. LEXIS 27868 at 3–4 (even in a pre-*Seagate* case, holding that, "because willfulness is determined from the totality of the circumstances, it is most efficiently and expeditiously tried together with liability and damages").

The damages issues will also overlap with liability issues.  To evaluate the reasonable-royalty floor beneath which damages must not fall, the jury must understand, for example, whether any non-infringing alternatives were available to Pylon, an evaluation that will involve much of the same technical evidence as the initial infringement and validity issues.  The jury would similarly need to understand the licensing history of the patents-in-suit and comparable industry licensing practice, which would involve much of the same evidence that the liability jury would consider while evaluating commercial success and industry respect for Bosch's patents in the context of non-obviousness.  This kind of overlapping evidence counsels against bifurcation in this case.

Moreover, bifurcation means delay.  Assuming that Bosch prevails on liability, if damages and willfulness are bifurcated for a separate, later trial, then Bosch will be prejudiced by the resulting delay.

### 3.  No predictable judicial economy would result from bifurcation.

Pylon's argument that judicial economy will result from bifurcation is based on speculation.  Pylon argues that if no liability is found, then there would be no need for "damages discovery and trial" (D.I. 70 at 5), thus producing judicial economy.  But the alternative is that liability is found, a second round of discovery must be conducted, a second set of pretrial proceedings heard by the Court, and a second jury empanelled.  There is no way for Pylon to know which path will result in the consumption of fewer judicial resources. *See, e.g., Innovative Office Prods. v. SpaceCo, Inc.*, No. 05-04037, 2006 WL 1340865 (E.D. Penn. May 15, 2006) ("SpaceCo's first argument is mere speculation.  The validation of this type of self-serving argument, without more, would permit all defendants in all cases to sever liability from damages. Such speculative reasoning does not justify bifurcating this trial").

Pylon similarly argues that bifurcation will result in settlement: "Ultimately, should damages discovery and trial be necessary, the potential for such additional costs may facilitate a settlement agreement" (D.I. 70 at 5). This is also based on speculation; the contrary argument, that denying bifurcation will save resources because forcing the parties to incur the cost of engaging in damage-related expert discovery will encourage settlement before any trial at all has taken place, is equally valid.

Finally, Pylon argues that it has not received appropriate damages-related fact discovery. However, Pylon has not specified to Bosch what discovery it seeks that is has not received. And any discovery complaints that Pylon has can and should be raised and resolved, either between the parties or by the Court; they do not justify bifurcation.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Michael J. Lennon
Mark A. Hannemann
Jeffrey S. Ginsberg
Yekaterina T. Korostash
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Tel: (212) 425-7200

Susan A. Smith
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005
Tel: (202) 220-4321

Dated: July 20, 2009
925593 / 33181

By:   _/s/ David E. Moore_
Richard L. Horwitz (#2246)
David E. Moore (#3983)
D. Fon Muttamara-Walker (#4646)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

*Attorneys for Plaintiff Robert Bosch LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on July 20, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on July 20, 2009, the attached document was Electronically Mailed to the following person(s):

Ashley B. Stitzer
Stephen B. Brauerman
Bayard, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
astitzer@bayardlaw.com
sbrauerman@bayardlaw.com

James A. Gale
Feldman Gale, P.A.
One Biscayne Tower, 30th Floor
2 S. Biscayne Blvd.
Miami, FL 33139
jgale@feldmangale.com

Gregory L. Hillyer
Javier Sobrado
Feldman Gale, P.A.
1420 Montgomery Lane, Suite 400
Bethesda, MD 20814
ghillyer@feldmangale.com
jsobrado@feldmangale.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
D. Fon Muttamara-Walker
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

890716 / 33181