IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROBERT BOSCH LLC,

Plaintiff,

v.

PYLON MANUFACTURING CORP.,

Defendant.

Civ. No. 08-542-SLR

**MEMORANDUM ORDER**

At Wilmington this 26th day of August, 2009, having reviewed defendant's motion for bifurcation and the papers submitted in connection therewith;;

IT IS ORDERED that the motion (D.I. 70) is granted for the reasons that follow:

1. **Bifurcation.** I have determined that bifurcation is appropriate, if not necessary, in all but exceptional patent cases.

a. In the first instance, the judges of this court have carried a substantial patent docket for the last decade.[1] Although limited damages discovery may be relevant for purposes of exploring settlement and the issue of commercial success, in my experience, discovery disputes related to document production on damages and the *Daubert* motion practice related to damages experts are a drain on scarce judicial resources.[2]

b. Aside from the burden imposed on the court, the burden imposed on a

---

[1]As of today's date, I have 89 pending patent cases.

[2]I do not bother to address the mischief that lawyers can perpetrate with extravagant damages figures or the hyperbole that can accompany claims of willfulness.

jury in a patent trial is extraordinary. More specifically, juries are tasked with resolving complex technical issues regarding infringement and invalidity, many times with respect to multiple patents and/or multiple prior art references. Absent bifurcation, jurors then are expected to understand the commercial complexities of the relevant market (or, even more impenetrable, the commercial complexities of the hypothetical market) in order to determine the economic consequences of their liability decisions.

c. There has been much consternation of late over the variable, arguably excessive, damages verdicts of juries. Given the burdens described above, I have concluded that bifurcation promotes the just and efficient resolution of what damages, if any, should to awarded by: (1) giving the parties - those with the most expertise in the market - the first opportunity to translate the Federal Circuit's final legal decision on liability into practical commercial consequences; or (if the parties cannot resolve the matter) (2) giving the damages jury a focused dispute to resolve.

d. Finally, absent the use of such administrative tools as bifurcation (also referred to as separation of issues), timed trials, etc., the burden of managing a substantial patent caseload will be reflected in extending the time needed to reach trial on the merits.

2. **Willfulness.** Plaintiff specifically contends that the issue of willfulness should not be bifurcated from the issue of infringement, arguing that it is entitled under the Seventh Amendment to have the same jury decide both infringement and willfulness in one trial. This argument has been rejected by the Federal Circuit in *Voda v. Cordis Corp.*, 536 F.3d 1311, 1329 (Fed. Cri. 2008), a decision that is wholly consistent with the fact that willfulness requires qualitatively and quantitatively different proof than does

infringement and, therefore, need not be tried at the same time. I note as well that, ultimately, a finding of willfulness is of no moment unless and until the district court, in its sole discretion, chooses to increase damages by reason of the finding; willfulness is a damages issue, not a liability issue. Finally, although I respect plaintiff's right to a jury trial on the issue of willfulness, I query whether this right is so broad as to trump a court's right to manage its caseload, especially when the potential costs[3] are so high.

United States District Judge

[3]Willfulness is an intrusive and inflammatory issue to discover and try.