IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT BOSCH LLC, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 08-542-SLR |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| PYLON MANUFACTURING CORP., | ) **PUBLIC VERSION** |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND

In a patent infringement counterclaim, defendant Pylon has accused plaintiff Bosch of infringing U.S. Patent 6,640,380 ("the '380 patent") (*see* D.I. 6 at 9). Pylon inventor Vambi Tolentino was deposed in Miami on July 30, 2009. ████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████

Pylon has refused to consent to Bosch's proposed amendment of its pleadings to include inequitable conduct and invalidity defenses and related counterclaims based on ████████████
████████ Pursuant to Federal Rule of Civil Procedure 15(a)(2), 16(b) and D. Del. LR 15.1, Bosch therefore moves for leave to file an amended pleading (attached as Exhibit 1; a version showing the changes from the previous pleading, required by D. Del. LR 15.1(b), is attached as Exhibit 2).

### Facts

The patent statutes require that a patent application include an inventor's oath. *See* 35 U.S.C. §§ 111(a)(2)(C) and 115. The Code of Federal Regulations specifically requires that the

oath must "State that the person making the oath or declaration has reviewed and understands the contents of the application, including the claims . . . ." 37 C.F.R. 1.63(b)(2).[1]

Pylon's '380 patent (*see* Ex. 1 to D.I. 6) identifies Vambi Tolentino as one of two listed inventors. During the prosecution of the application that led to the issuance of Pylon's patent in suit, Pylon's patent lawyers submitted to the Patent Office a declaration, signed by Mr. Tolentino, which included the required statement that Mr. Tolentino had reviewed and understood the application (*see* Ex. 3A hereto, the Pylon production version of the declaration, PYL001207-09 at PYL001207; Ex. 3B hereto, a certified copy of the same document obtained from the Patent Office files, BOS_LLC0799338-340 at BOS_LLC0799338). The oath signed by Mr. Tolentino noted that "willful false statements may jeopardize the validity of the application or any patent issued thereon" (*id.* at PYL001208, BOS_LLC0799339.)



---

[1] Among other things, section 1.63 of the Code also requires that the oath state that the inventor understands his or her duty of candor to the Patent Office, and that the inventor believes himself or herself to be an inventor of what is claimed in the application; these requirements cannot be fulfilled if the inventor has not read and understood the contents of the application.





This deposition was taken on July 30, 2009, after the March 11, 2009, scheduled deadline to amend pleadings had already passed (*see* D.I. 19 at 4); Bosch's counsel received the final transcript on August 12.

## Argument

**A.** ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ **the '380 patent unenforceable and invalid**

As noted above, patent applicants are required to review and understand the contents of their patent applications before they are filed, and to swear an oath or sign a declaration to that effect, *see, e.g.*, 37 C.F.R. 1.63(b)(2). Otherwise, it would be difficult, if not impossible, for the applicant to truthfully swear that she or he believes herself or himself to be the first inventor of what is claimed in the patent, or to comply with the duty to disclose prior art that is material to what is claimed in the application. The Manual of Patent Examining Procedure ("M.P.E.P.") provides that examiners shall refuse to issue patents where the required oath is not submitted, M.P.E.P. § 602.03, and provides language to be used when the submitted oath does not properly recite that the applicant has reviewed and understood the application, M.P.E.P. ¶ 6.05.05.

"A patent may be rendered unenforceable for inequitable conduct if an applicant, with intent to mislead or deceive the examiner, fails to disclose material information or submits

materially false information to the PTO during prosecution." *Digital Control Inc. v. Charles Machine Works*, 437 F.3d 1309, 1313 (Fed. Cir. 2006). A false statement need not have been necessary to obtain a patent to be material, as long as a "reasonable examiner" would have considered the information in the statement "important in deciding whether to allow the parent application." *Id.* at 1314–1318 (holding false declaration material despite contention that the false statement did not affect patentability); *see also, e.g., Nilssen v. Osram Sylvania, Inc.*, 504 F.3d 1223, 1232 (Fed. Cir. 2007) ("a misrepresentation that would not have immediately affected patentability is still material"); *Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp.*, 351 F.3d 1139, 1146 (Fed. Cir. 2003) (holding false statement in small-entity declaration in connection with post-issuance fee payment to be material); *Refac Int'l, Ltd. v. Lotus Dev. Corp.*, 81 F.3d 1576, 1581 (Fed. Cir. 1996) (holding omission of information concerning employment history of ostensibly disinterested declarants to be material); *General Electro Music Corp. v. Samick Music Corp.*, 19 F.3d 1405, 1410-11 (Fed. Cir. 1994) (holding false statement in petition for accelerated examination to be material).

The legislative history shows that the Patent Office considers submission of an application not reviewed by the applicants to be material: Until 1992, the Regulations specifically stated that an application "may be stricken from the files" if the Patent Office discovered that the required oath was "signed without review of the specification, including the claims." 37 C.F.R. § 1.56(c)(3) (former). In 1992, this provision was deleted in conjunction with the decision that the Office would no longer itself investigate inequitable conduct.[2]

---

[2] "Section 1.56 is proposed to be amended by eliminating the provisions of current paragraphs (b)–(f) which are inconsistent with the intention of the Office to no longer investigate issues of fraud and inequitable conduct except under unique circumstances, and to no longer strike an application for improper execution." 56 Fed. Reg. 37321 (proposed August 6, 1991).

██████████████████████████████████

████████████████████████████ *See generally, e.g., Digital Control*, 437 F.3d at 1314-16 (discussing applicable standards of materiality). ████████████████████████████████████████████████████████████████████ then the oath and review-and-understand requirements of the Code would not have been met, and the examiner would have refused to issue the patent as prescribed in the M.P.E.P. *See, e.g., Applied Materials, Inc. v. Multimetrixs, LLC*, No. 06-07372, 2008 WL 2892453, at *5 (N.D. Cal. July 22, 2008) (holding forged declaration of deceased inventor to be material even though it "did not relate to patentability," noting that "the Federal Circuit has repeatedly commented that in contrast to cases where allegations of fraud are based on prior art, there is no room to argue that submission of false affidavits is not material," and collecting cases) (internal quotation marks and brackets omitted).

And under these circumstances, ██████████████████████ alone is enough to give rise to an inference of intent to deceive: ████████████████

████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
██████████████████████████. *See, e.g., Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*, 984 F.2d 1182, 1190 (Fed. Cir. 1993) (noting that the intent element of inequitable conduct "must generally be inferred"); *see also, e.g., Exergen Corp. v. Wal-Mart*

*Stores, Inc.*, Nos. 2006-1491 & 2007-1180, slip op. at 19–30 (Fed. Cir. Aug. 4, 2009) (explaining pleading standards for intent element of inequitable conduct); *Nilssen*, 504 F.3d at 1235 ("Given that these material references were repeatedly before Nilssen, and his failure to offer any good faith explanation for withholding them other than mere oversight, we find an inference that Nilssen intended to deceive the PTO not unreasonable").

Pylon's patent is thus both unenforceable for inequitable conduct ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and invalid ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

**B. There is good cause for the proposed amendment**

There is good cause for making the proposed amendment, even though the scheduled date for amendments has already passed. As noted above, the Court's order provided that amended pleadings were to be filed by March 11, 2009. However, until Mr. Tolentino's deposition, the facts giving rise to these new inequitable conduct and invalidity defenses and counterclaims were known only to Pylon. Bosch thus could not have asserted the new defenses and counterclaims before the deadline to amend. After learning of the facts giving rise to its new defenses and counterclaims, Bosch promptly sought Pylon's consent to the proposed amendment, and then filed this motion to amend.

Nor will Pylon will be unfairly prejudiced if the amendment is allowed; the information regarding inequitable conduct remains exclusively within Pylon's control, and there is ample time remaining before the April 12, 2010, trial for Pylon to prepare a response to these defenses and counterclaims.

Under such circumstances, it is appropriate to allow a party to amend its pleadings. *See, e.g., Cordance Corp. v. Amazon.com*, 255 F.R.D. 366, 372 (D. Del. 2008) (allowing an accused

infringer to amend to assert an inequitable conduct shortly after inventors' depositions); *Freres v. SPI Pharma, Inc.*, C. A. No. 06-540, 2009 WL 1444835 (D. Del. May 21, 2009) (same).

Bosch therefore respectfully requests the Court grant leave for it to file the enclosed Amended Answer and Counterclaims.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Michael J. Lennon
Mark A. Hannemann
Jeffrey S. Ginsberg
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Tel: (212) 425-7200

Susan A. Smith
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005
Tel: (202) 220-4321

Dated: August 26, 2009
Public Version Dated: September 2, 2009
931647/33181

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
D. Fon Muttamara-Walker (#4646)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff Robert Bosch LLC*

```
```
---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on September 2, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on September 2, 2009, the attached document was Electronically Mailed to the following person(s):

Ashley B. Stitzer
Stephen B. Brauerman
Bayard, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE  19899
astitzer@bayardlaw.com
sbrauerman@bayardlaw.com

Gregory L. Hillyer
Javier Sobrado
Feldman Gale, P.A.
1420 Montgomery Lane, Suite 400
Bethesda, MD  20814
ghillyer@feldmangale.com
jsobrado@feldmangale.com

James A. Gale
Feldman Gale, P.A.
One Biscayne Tower, 30th Floor
2 S. Biscayne Blvd.
Miami, FL  33139
jgale@feldmangale.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
D. Fon Muttamara-Walker
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

890716 / 33181