**Redacted Document**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT BOSCH LLC,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>PYLON MANUFACTURING CORP.,  )<br>  )<br>  Defendant.  )<br>  ) | C.A. No. 08-542-SLR<br><br>**REDACTED VERSION** |

## DEFENDANT PYLON MANUFACTURING CORPORATION'S OPPOSITION TO PLAINTIFF ROBERT BOSCH, LLC'S MOTION FOR LEAVE TO AMEND

Defendant, Pylon Manufacturing Corporation ("Pylon"), by and through its attorneys, hereby submits this opposition to Plaintiff, Robert Bosch, LLC's ("Bosch") Motion for Leave to Amend ("Motion to Amend"), and respectfully states as follows:

**I.   INTRODUCTION**

Bosch's Motion to Amend is too little, too late. The deadline to amend the pleadings expired over six (6) months ago, on March 11, 2009. (D.I. 6). Fact discovery closed on August 26, 2009. (D.I. 77 and Order dated July 8, 2009). Bosch now seeks to make various substantive amendments to its pleadings. In certain cases, Bosch does not even bring the changes to the attention of the Court, choosing instead to delete entire passages, and extend others, without any explanation at all. In other instances, Bosch argues in support of the changes, but relies solely on a witness' unreviewed testimony, while ignoring evidence that undercuts the basis for the amendments. In view of the corrected transcript, and other evidence, there is insufficient basis for the new allegations.

Thus, good cause for the amendments is lacking and the Motion to Amend should be denied.

## II.   ARGUMENT

The Motion to Amend seeks to add and remove various allegations to and from Bosch's Answer, Defenses, and Counterclaim in response to Pylon's Counterclaims (D.I. 56) ("Amended Counterclaims"). The amendments directed to inequitable conduct and invalidity are the sole focus of the memorandum accompanying the Motion to Amend. However, in light of the totality of the evidence, and the corrected transcript, the amendments directed to inequitable conduct and invalidity would be futile. Other, unrelated amendments are made out of an apparent sense of entitlement to amend the pleadings as a matter of right. Since this is not the case, and since no justification for these changes has been provided, these additional amendments should not be permitted.

### A.   Amendments To The Pleadings Cannot Be Futile

Amendments to the pleadings are not automatic. *Diaz v. Carroll*, 570 F. Supp. 2d 571, 580 (D. Del. 2008). For example, amendments should not be granted when an amendment is futile. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Futility is shown "when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990). "Thus, if the proposed amendment is 'frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend.'" *Id.* (citing Wright, Miller & Kane, *Federal Practice & Procedure* § 148 at 637-642 (2nd. Ed. 1990)); *see also Diaz*, 570 F. Supp. 2d at 581.

Amendments should also not be permitted where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, or undue prejudice to the opposing party by virtue of the allowance of the amendment. *Diaz*, 570 F.Supp.2d at 580 (citing *Foman*, 371 U.S. at 182). The deadline reflected in a scheduling order for amending the pleadings can only be extended for good cause. Fed. R. Civ. P. 16(b)(4); *Harrison Beverage*, 133 F.R.D. at 469.

### B. The Amendments Directed To Unenforceability And Invalidity Are Insufficient On Their Face

Bosch's Motion to Amend seeks to add defenses and a counterclaim based on the unenforceability and invalidity of Pylon's U.S. Patent No. 6,640,380 ("the '380 Patent"). (Motion to Amend, Exhibit 2, Second and Fifth Defenses, ¶¶69 and 72-82, respectively; Counterclaim, ¶2; and WHEREFORE clause).

REDACTED

There is no dispute that a patent application must include an oath by the inventor(s). 35 U.S.C. § 111(a)(2)(C). There is no dispute that the purpose of the oath is for the inventor to acknowledge that he is the original, first (and in this case joint) inventor of the subject matter for which a patent is sought. 35 U.S.C. § 115 (The applicant shall make oath that he believes himself to be the original and first inventor of

the process, machine, manufacture, or composition of matter, or improvement thereof, for which he solicits a patent . . ."). There is also no dispute that

      executed an oath in compliance with 35 U.S.C. § 111(a)(2)(C); 35 U.S.C. § 115; 37 C.F.R. § 1.63 (oath or declaration); and 37 C.F.R. § 1.56 (duty to disclose information material to patentability). (Motion to Amend, Exhibits 3A and 3B).

REDACTED

---

[1] REDACTED

**REDACTED**

Ironically, Bosch is now arguing that an amendment should be permitted to allege that ▓▓▓▓▓▓▓ committed *fraud* before the USPTO by executing the oath. Bosch concedes that for the '380 Patent to be rendered unenforceable for inequitable conduct, ▓▓▓▓▓▓▓ must have submitted *materially* false information to the USPTO during prosecution *with an intent to mislead or deceive the examiner*. (Motion to Amend, at 4-5 (citing *Digital Control Inc. v. Charles Machine Works*, 437 F.3d 1309, 1313 (Fed. Cir. 2006)). Even assuming that intent may be generally inferred, it is difficult to imagine any circumstances under which ▓▓▓▓▓▓▓ believing himself to be an original, first and joint inventor, intended to deceive or mislead the examiner by signing a document memorializing this fact.

Nonetheless, Bosch argues that ▓▓▓▓▓▓▓ intended to deceive the examiner

**REDACTED**

**Redacted Document**

REDACTED

As a threshold matter, Bosch fails to cite any decisional law holding that this fact, taken alone, could lead to the unenforceability or invalidity of the '380 Patent. The authority on which Bosch relies addresses distinguishable factual situations involving extreme examples of fraudulent conduct before the USPTO.[2] Such authority is certainly useful to show the type of facts necessary to successfully plead inequitable conduct, but none of those types of facts are presented here.

With respect to the testimony on which Bosch relies, Bosch filed its Motion to Amend prior to the time period for a review by the witness under Fed.R.Civ.P. 30(e).

REDACTED

---

[2] *Digital Control Inc. v. Charles Machine Works*, 437 F.3d 1309, 1313 (Fed. Cir. 2006) (false statements about date of reduction to practice); *Nilssen V. Osram Sylvania, Inc.*, 504 F.3d 1223, 1232 (Fed. Cir. 2007) (misrepresentation about small entity status); *Ulead Sys., Inc. v. Lex Compute & Mgmt. Corp.*, 351 F.3d 1139, 1146 (Fed. Cir. 2003) (misrepresentation about small entity status); *Refac Int'l, Ltd. V. Lotus Dev. Corp.*, 81 F.3d 1576, 1581 (Fed. Cir. 1996) (false statements about pre-existing knowledge of invention); *General Electro Music Corp. v. Samick Music Corp.*, 19 F.3d 1405, 1410-11 (Fed. Cir. 1994) (false statement about prior art search).

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

To the extent Bosch continues to claim that            deposition testimony supports the unenforceability and invalidity of Pylon's '380 Patent, Bosch's '974 Patent should likewise be rendered unenforceable and invalid based on the alleged inventors' failure to meet the same statutory and regulatory requirements.  In anticipation of an argument by Bosch that           should not be permitted to change his deposition testimony as reflected in the attached errata sheet (Exhibit 2), Pylon notes that Bosch similarly allowed its alleged inventors to make various changes under Fed.R.Civ.P. 30. (See Composite Exhibit 4, attaching errata sheets of            ).  This is because Fed.R.Civ.P. 30 allows a deponent to make changes to the transcript "in form

or substance" within thirty (30) days after being notified that the transcript is available. FED. R. CIV. P. 30(e)(1)(A) and (B). The changes to ▬ transcript are in compliance with this rule.

In summary, based on the final deposition testimony of ▬ there is no basis for Bosch's claim of unenforceability (because there is no false oath), or invalidity (because there is a truthful oath satisfying the USPTO requirements). Accordingly, the proposed amendments to Bosch's defenses and counterclaims would be futile because the defense or claim "is not accompanied by a showing of plausibility sufficient to present a triable issue." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990). The Court should deny the Motion to Amend as it relates to these amendments. *Id.*; *Diaz v. Carroll*, 570 F.Supp.2d 571, 581 (D.Del. 2008).

### C. The Unexplained Amendments Should Not Be Permitted Because No Good Cause Has Been Shown

Bosch has made certain additional changes to its Amended Answer for which it does not even attempt to satisfy the "good cause" requirement. (Motion to Amend, Exhibits 1 and 2). Indeed, these amendments are not mentioned in Bosch's argument at all, notwithstanding the fact that the changes are not ministerial.[6]

REDACTED

---

[6] Pylon notes that certain typos and misspellings are being addressed by Bosch. Pylon has no objection to these changes. (Motion to Amend, Exhibit 2, ¶¶ 29 and 30).

# REDACTED

As noted above, amendments should not be permitted where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party by virtue of the allowance of the amendment. *Diaz*, 570 F.Supp.2d at 580. At the very least, there does not appear to be any rationale for why such amendments could not have been presented earlier. Indeed, given that fact discovery has recently closed, Pylon is no longer able to respond to these amendments in some fashion through the discovery process. Bosch appears to be responsible at a minimum for undue delay and prejudice to Pylon which should foreclose these amendments.

## III. CONCLUSION

For all of the foregoing reasons, Bosch's Motion to Amend should be denied in its entirety.

Original Filed: September 14, 2009
Redacted Version Filed: September 30, 2009

OF COUNSEL:

Gregory L. Hillyer
Javier Sobrado
FELDMAN GALE, P.A.
1420 Montgomery Lane
Suite 400
Bethesda, MD 20814
Tel: (800) 489-9814
Fax: (301) 560-8677
ghillyer@feldmangale.com
jsobrado@feldmangale.com

BAYARD, P.A.

/s/ Stephen B. Brauerman (sb4952)
Ashley B. Stitzer (as3891)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
astitzer@bayardlaw.com
sbrauerman@bayardlaw.com

*Attorneys for Defendants,*
*Pylon Manufacturing Corporation.*

James A. Gale
FELDMAN GALE, P.A.
One Biscayne Tower, 30th Floor
2 S. Biscayne Blvd.
Miami, FL 33139
Tel: (305) 358-5001
Fax: (305) 358-3309
jgale@feldmangale.com