## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT BOSCH LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 08-542-SLR |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| PYLON MANUFACTURING CORP., | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO AMEND

OF COUNSEL:

Michael J. Lennon
Mark A. Hannemann
Jeffrey S. Ginsberg
Yekaterina T. Korostash
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Tel: (212) 425-7200

Susan A. Smith
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005
Tel: (202) 220-4321

Dated: September 24, 2009
Public Version Dated: October 1, 2009
935863 / 33181

Richard L. Horwitz (#2246)
David E. Moore (#3983)
D. Fon Muttamara-Walker (#4646)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

*Attorneys for Plaintiff Robert Bosch LLC*

In opposition to Bosch's motion to amend, Pylon argues that the motion should be denied (i) because the motion was made after the date provided for in the Court's scheduling order (*see* Opp. Br., D.I. 136, at 1); (ii) because the proposed amendment to plead an inequitable-conduct claim against Pylon would be futile as a matter of law (*see* Opp. Br. at 3–6); (iii) because the proposed amendment to plead an inequitable-conduct claim against Pylon is based on Pylon's inventor's deposition testimony, rather than on the unsworn, changed testimony that Pylon served after Bosch filed its motion (*see* Opp. Br. at 6–7 and Ex. 2); and (iv) because the motion to amend does not state good cause for the other proposed amendments (*see* Opp. Br. at 10–11).

None of these arguments is correct, and the motion to amend should be granted. First, there was no delay; the facts underlying the inequitable-conduct claim first became known to Bosch during the deposition of Pylon's inventor, and Bosch filed the motion to amend shortly after receiving the final transcript of the deposition.

Second, the inequitable-conduct pleading states a claim as a matter of law; Pylon's argument to the contrary that "The authority on which Bosch relies addresses distinguishable factual situations involving extreme examples of fraudulent conduct before the USPTO" (Opp. Br. at 6) does not show that the conduct described in the proposed amended pleading was not inequitable, or that the Pylon patent is, as a matter of law, valid and enforceable despite Pylon's submission of an intentionally false affidavit to the Patent Office.

Third, Pylon's submission of an unsworn errata sheet proposing to change its inventor's testimony (*e.g.*, ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████ actually said when he was testifying under oath and on

videotape during his deposition (in fact, the opposite is true; it is the errata sheet, not the sworn testimony, that should be excluded from the record).

Finally, the other amendments to which Pylon refers are, as described below, housekeeping amendments proposed to conform the pleadings to the current state of the evidence and Bosch's contentions, or to correct misspellings or typographical errors. For the reasons set forth in its opening papers and herein, Bosch 's motion should be granted.

## I.    Bosch's Motion is Not Untimely

As noted in Bosch's opening brief, the basis for Bosch's inequitable-conduct claim is Mr. Tolentino's deposition testimony.  Thus, Bosch did not have the information underlying the inequitable-conduct claim until the March 11, 2009 scheduled date for amendments to the pleadings had already passed:  Bosch did not receive the final version of ███████████ deposition transcript until August 12, 2009, and filed this motion only two weeks later.  Bosch could not have pled its defense and counterclaim before ████████████ deposition, and the amendment should not be denied based on its timing. *See, e.g., Cordance Corp. v. Amazon.com, Inc.*, 255 F.R.D. 366, 372-74  (D. Del. 2008).[1]

## II.   Bosch's Proposed Amendment States an Inequitable Conduct Claim

Pylon appears to argue that ███████████ false declaration to the Patent Office either is not material or does not show evidence of an intent to deceive.  (Opp. Br. at 6–7.)  This is not correct.

As explained in Bosch's opening brief, the Patent Office requires that each inventor review his or her patent application before the Patent Office will grant a patent on that

---

[1]    Moreover, "Delay alone is not sufficient to justify denial of leave to amend." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).

application. *See, e.g.*, Manual of Patent Examining Procedure § 602.03. The patent statute requires that each applicant "make oath" that he or she is the original and first inventor of the subject matter for which the patent is sought, 35 U.S.C. § 115 (2009), *see also* 37 C.F.R. § 1.63(a)(4), a requirement that cannot be satisfied if an applicant has not reviewed the application. The patent rules also require the inventor to acknowledge his duty to disclose to the Patent Office all material information known to him, *see* 37 C.F.R. § 1.63(b)(3), another requirement that cannot be satisfied if the applicant has not reviewed the application. In this case, ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

The Federal Circuit has repeatedly stated that "there is no room to argue that submission of false affidavits is not material." *See, e.g., Digital Control Inc. v. Charles Machine Works*, 437 F.3d 1309, 1318 (Fed. Cir. 2006); *Ulead Systems, Inc. v. Lex Computer & Mgmt. Corp.*, 351 F.3d 1139, 1146 (Fed. Cir. 2003); *Perseptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1322. (Fed. Cir. 2000); *General Electro Music Corp. v. Samick Music Corp.*, 19 F.3d 1405, 1411 (Fed. Cir. 1994); *Rohm & Haas Co. v. Crystal Chem. Co.*, 722 F.2d 1556, 1571 (Fed. Cir. 1983).

In this case, the false affidavit is material, not only because of the general rule that false affidavits are always material, but because the false affidavit literally induced the Patent Office to issue Pylon's patent; but for the false affidavit, the patent would not have been issued. For the reasons noted above, ████████████████████████████████████████████

████████████████████████████████████████ or if no oath at all had been submitted, the patent examiner would not have been permitted to allow the patent. *See, e.g., Digital Control,*

437 F.3d at 1318 (Fed. Cir. 2006) (holding that a misrepresentation is material if a reasonable examiner would have considered the information in the statement "important in deciding whether to allow the parent application").

The present case is similar in this regard to *Applied Materials, Inc. v. Multimetrixs, LLC*, No. 06-07372, 2008 WL 2892453, at \*5 (N.D. Cal. July 22, 2008). In that case, one of the inventors died during prosecution of the patent at issue. *Id.* at \*3. The other two inventors submitted papers to the Office, signed by them but also bearing the forged signature of the deceased inventor. *Id.* It would have been possible for the surviving inventors to obtain the patent without submitting the forged paperwork, just as ████████████████████ ██████████████████████████████, but the court nonetheless found inequitable conduct:

> Likewise, in this case, the issue is not whether the surviving inventors could have successfully prosecuted the patent without resort to forging the deceased inventor's signature. The availability of valid alternatives is not the issue. The issue is whether what the surviving inventors in fact chose to do was inequitable conduct.

*Id.* at \*6.

████████████████████████████████████

███████████████████████ However, the Federal Circuit has repeatedly held that the knowing submission of a false affidavit can give rise to an intent to deceive. *See, e.g., Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*, 984 F.2d 1182, 1191 (Fed. Cir. 1993). ███████████ knew or should have known that the Patent Office, having no way to independently verify that he had reviewed the application, was relying on his honesty in signing the declaration. *Id.* at 1193 (finding inference of intent to deceive particularly warranted where "the examiner has no way of securing the information on his own").

This Court recently stated that motions to amend should not be denied if the question of futility "present[s] substantive disputes, either of the law or of the facts." *JP Morgan Chase & Co. v. Affiliated Computer Servs., Inc.*, C.A. No. 08-189-SLR, 2009 WL 540673, at *1 (D. Del. Mar. 4, 2009). ▮▮▮▮▮▮▮ deposition testimony shows inequitable conduct as a matter of law; at the very least, it shows a substantive dispute, and thus the proposed amendment is not futile.

## III.   The Unsworn Errata Sheet Does Not Erase Mr. Tolentino's Sworn Testimony

Pylon also argues that the unsworn errata sheet it submitted with its opposition brief





---

[2]   Pylon does not assert that these answers were changed as a result of ▮▮▮▮▮▮▮ misunderstanding the questions, but rather to "clarify the record" and "to conform testimony to the facts". *Id.*

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████

The numerous unsworn changes Pylon proposes to make to ████████████ sworn

testimony are improper (including changes from unequivocal affirmative responses to negative

responses and vice versa) and should not be allowed, especially when Pylon had the opportunity

to explore the facts on the deposition record through cross-examination, and chose not to. *See*

*Donald M. Durkin Contracting, Inc. v. City of Newark*, C.A. No. 04-163, 2006 WL 2724882, at

*5 (D. Del. Sept. 22, 2006) (excluding deposition errata sheet when changes "serve only to

improperly alter what was testified under oath").[3] To the extent the statement of changes should

be considered at all, Pylon's argument that such changes render Bosch's amendments futile is ill-

taken. Federal Rule of Civil Procedure 30(e) governs statements of changes, and directs the

court reporter to "*attach* any changes the deponent makes. . .," rather than replace the original

testimony. Fed. R. Civ. P. 30(e)(2) (emphasis added). Thus, ████████████ original, sworn

testimony remains part of the record, and Bosch should have the opportunity to explore this

testimony and the motivations and circumstances regarding the changes to it. *Aetna Inc. v.*

*Express Scripts, Inc.*, No. 07-5541, 2009 WL 2973022, at *3 (E.D. Pa. Sept. 16, 2009) (allowing

cross-examination of deponent "on his contradictory answers"); *Titanium Metals Corp. v. Elkem*

---

[3]    Pylon argues that Bosch is somehow prevented from using ████████████ original testimony because Bosch submitted errata sheets to its own witnesses' deposition transcripts. But the Bosch inventors did not make the kind of changes that Pylon did, and in any event, Bosch is entitled to the use of ████████████ original answers.

*Mgmt.*, 191 F.R.D. 468, 472 (W.D. Pa. 1998) (allowing use of deponent's original answers for impeachment).

### III. Pylon's Citation to Supposed Improprieties on the Part of Bosch and Its Witnesses Is Both Incorrect and Irrelevant

Pylon cites to Bosch inventor testimony as relevant to this motion to amend. (Opp. Br. at 136 at 8–9). Pylon's argument is not entirely clear, but in any event, the testimony of Bosch's inventors is not relevant to the motion at hand, which is based on Pylon inventor testimony. Moreover, Pylon has not alleged inequitable conduct or invalidity based on the Bosch inventor testimony. ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

### IV. All of Bosch's Amendments are Proper

Pylon complains of "unexplained amendments" in Bosch's amended pleading. These complaints are without merit. The amendments, which were made to paragraphs 29, 40 and 61 of Bosch's proposed Amended Answer and Defenses and the Prayer for Relief, are identified in Bosch's blackline version of the amended pleading that was submitted with its opening papers. (*See* D.I. 125, Ex. 2). The amendment to paragraph 29 merely corrects a misspelling. Further, Bosch's removal of one sentence from paragraph 40 is made to conform the pleadings to the facts. "[I]t is proper to allow amendments to conform to new facts learned and evidence. . . ." *United Steelworkers of Am. v. Rohm & Haas Co.*, No. 05-CV-0039, 2008 WL 3832513, at *3 (E.D. Pa. Aug. 14, 2008). Finally, amendments to paragraph 61, which are limited to the addition of the word "asserted" and the removal of three elements thereunder, merely focus the pleading on the elements of Bosch's accused products that are missing from Pylon's asserted claims. The removed elements are not present in any of Pylon's asserted claims and are not

relevant to the issues in the case.  Pylon was aware of the facts underlying all of the alleged "unexplained amendments" and has no legitimate basis to oppose the same.

## CONCLUSION

For the reasons set forth in its opening papers (D.I. 125) and herein, Bosch respectfully requests that its Motion to Amend be granted.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Michael J. Lennon
Mark A. Hannemann
Jeffrey S. Ginsberg
Yekaterina T. Korostash
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Tel: (212) 425-7200

Susan A. Smith
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005
Tel: (202) 220-4321

Dated:  September 24, 2009
Public Version Dated: October 1, 2009
935863 / 33181

By:  _/s/ David E. Moore_
  Richard L. Horwitz (#2246)
  David E. Moore (#3983)
  D. Fon Muttamara-Walker (#4646)
  Hercules Plaza, 6th Floor
  1313 N. Market Street
  Wilmington, DE 19801
  Tel:  (302) 984-6000
  rhorwitz@potteranderson.com
  dmoore@potteranderson.com
  fmuttamara-walker@potteranderson.com

*Attorneys for Plaintiff Robert Bosch LLC*

- 8 -

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on October 1, 2009, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I hereby certify that on October 1, 2009, the attached document was Electronically

Mailed to the following person(s):

Ashley B. Stitzer
Stephen B. Brauerman
Bayard, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
astitzer@bayardlaw.com
sbrauerman@bayardlaw.com

James A. Gale
Feldman Gale, P.A.
One Biscayne Tower, 30th Floor
2 S. Biscayne Blvd.
Miami, FL 33139
jgale@feldmangale.com

Gregory L. Hillyer
Javier Sobrado
Feldman Gale, P.A.
1420 Montgomery Lane, Suite 400
Bethesda, MD 20814
ghillyer@feldmangale.com
jsobrado@feldmangale.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
D. Fon Muttamara-Walker
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

890716 / 33181