IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT BOSCH LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-542-SLR |
| | ) |
| PYLON MANUFACTURING CORP., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of October, 2009, having reviewed the papers submitted by the parties regarding various pending motions;

IT IS ORDERED that:

1. **Bosch's motion for reconsideration.** Plaintiff Robert Bosch LLC ("Bosch") contends that my reliance on the Federal Circuit's analysis in *Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300 (Fed. Cir. 2009), constitutes a "manifest error of law" justifying reinstatement of its Lanham Act claim. Certainly a "manifest error of law" is grounds for reconsideration. However, I remain unconvinced that the dismissal of Bosch's Lanham Act claim was manifestly erroneous.

    a. In its first amended complaint, Bosch alleges that defendant Pylon Manufacturing Corporation ("Pylon") used, "in commercial advertising or promotion," "false or misleading representations of fact" concerning "the nature, characteristics, [or] qualities . . . of [its] . . . commercial activities," in violation of section 43(a)(1)(B) of the

Lanham Act. More specifically, Pylon has allegedly asserted that "Michelin's expertise . . . has inspired the development of a high performance, frameless all-weather wiper blade with many innovative features and benefits," and that these wiper blades "are all new and improved . . . adding functional features such as spoilers for improved wiper performance." (D.I. 31 at ¶ 13) Bosch has characterized the above assertions as false, that is, Pylon has falsely asserted "that it, not Bosch, developed the technology at issue here. That is a claim concerning Pylon and the Bosch corporate family's respective commercial activities – for example, the two companies' respective research, development, and engineering activities." (D.I. 102 at 3)

   b. According to Bosch, it (not its competitor, Pylon) developed the products at issue and any commercial representations of fact to the contrary are false. The Federal Circuit in *Baden* rejected Baden's similar false advertising claims on the ground that Baden's arguments "amount to an attempt to avoid the holding in *Dastar [Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003),] by framing a claim based on false attribution of authorship as a misrepresentation of the nature, characteristics, and qualities **of a good**." *Baden*, 556 F.3d at 1307 (emphasis added).

   c. Bosch attempts to distinguish the *Baden* holding by asserting that its claim is directed to misrepresentations concerning Pylon's "commercial activities," not its "goods." In support of this argument, Bosch cites two cases, *Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262 (10th Cir. 2000), and *M&R Printing Equip., Inc. v. Anatol Equip. Manu. Co.*, 321 F. Supp. 2d 949 (N.D. Ill. 2004). These cases, however, are distinguishable on their facts, as the "false statements" at issue in both were clearly

directed to commercial activities, not to goods.[1] Indeed, it is not apparent to me that research, development and engineering activities that take place before a product reaches a commercial market should be considered "commercial" activities in the first instance. In the end, however, I conclude that Bosch's attempt to distinguish between claiming credit for the activities leading to the development of a product and claiming credit for the product itself is a distinction without a difference.

      d. For these reasons, I decline to reconsider my decision to grant Pylon's motion to dismiss Bosch's Lanham Act claim. Therefore, Bosch's motion for reconsideration (D.I. 102) is denied.

      2. **Bosch's motion for leave to amend.** Bosch seeks permission to amend its complaint to add allegations of inequitable conduct, based on its assertion that one of the inventors of the Pylon '380 patent did not review the related application, but submitted an affidavit to the PTO that he had. Bosch asserts that its motion is not untimely because it was filed within two weeks of receiving the transcript from the inventor's deposition. Bosch argues that the submission of a false affidavit to the PTO must be deemed material and, therefore, the proposed amendment is not futile and should be allowed.

---

[1] In *Proctor & Gamble,* defendant had disseminated a message to the effect that the president of Proctor & Gamble was associated with the church of satan and that a large portion of the profits from certain marked goods "go to support his satanic church," i.e., that its commercial activities were supporting an evil cause. 222 F.3d at 1268. Defendant in *M&R Printing* allegedly told M&R's customers that M&R was bankrupt, i.e., its commercial activities would be ceasing. 321 F. Supp. 2d at 950.

a. While I agree that Bosch's motion to amend is timely and that the submission of a false affidavit to the PTO, regardless of its content, establishes at least a threshold level of materiality, I disagree that the proposed amendment passes muster under the Federal Circuit's holding in *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009). More specifically, in *Exergen*, the Federal Circuit explained that,

> although "knowledge" and "intent" may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) **withheld or misrepresented this information with a specific intent to deceive the PTO.**

*Id.* at 1328-29 (emphasis added).

b. At this late stage of the proceedings, there is no allegation that the affiant at bar did not contribute to the invention, or that the application that matured into the '380 patent contains otherwise false representations. I certainly recognize that candor is the hallmark of the patent system and that false statements, about even ministerial acts, can have significance as to the survival of a patent in the review process. Nevertheless, I decline to allow an inequitable conduct claim to be pursued after the close of discovery when there are insufficient allegations of underlying facts from which I may reasonably infer that the material misrepresentation was made with a specific intent to deceive the PTO.

c. For the reasons stated, Bosch's motion for leave to amend (D.I. 125) is

denied.

                                                                                                                            United States District Judge