IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT BOSCH LLC, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C. A. No. 08-542-SLR |
| PYLON MANUFACTURING CORP., : | |
| : | |
| Defendant. : | |

## MEMORANDUM ORDER

**Introduction**

On December 23, 2009, this court issued a memorandum order addressing various issues raised by the parties primarily related to the purported waiver of privileged materials by Pylon as a result of production of certain documents in discovery.[1] In response to the memorandum order which denied Bosch's motion to compel production of all documents and testimony related to the validity and infringement of the patents-in-suit because Pylon allegedly voluntarily produced documents which reflect advice of counsel, Bosch timely filed a motion for reconsideration on January 6, 2010. Pylon filed its response on January 26, 2010. This is the court's decision on Bosch's motion for reconsideration.

**Applicable Law**

Motions for reconsideration operate as the "'functional equivalent' of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e)."[2] The rules

---

[1] Other privilege issues were addressed in that decision, but are not presently at issue.

[2] *Tinney v. Geneseo Communications, Inc.*, 502 F. Supp. 2d 409, 414 (D. Del. 2007).

governing motions for reargument under Local Rule 7.1.5 are:

> 1) reargument should be granted only when the merits clearly warrant and should never be afforded a litigant if reargument would not result in an amendment of an order; 2) the purpose of reargument is to permit the Court to correct error without unduly sacrificing finality; 3) grant of the reargument motion can only occur in one of three circumstances: a)'where the Court has patently misunderstood a party,' b)'[where the Court] has made a decision outside the adversarial issued presented to the Court by the parties,' or c) '[where the court] has made an error not of reasoning but of apprehension[;]' and 4) a motion for reargument may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the Court and upon which the merits decision was made unless 'new factual matters not previously obtainable nave been discovered since the issue was submitted to the Court[.][3]

"A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made."[4]  Thus, motions for reconsideration "'shall be sparingly granted.'"[5]

**Position of the Parties**

Bosch's motion is based on the premise that the December 23, 2009 order was based on a "misapprehension of the facts–that is, on the Court's mistaken belief, created by Pylon's arguments, that Pylon had not disclosed legal advice rendered by an attorney to Pylon related to Bosch's patents-in-suit . . . ."  In essence, Bosch maintains that the court understood that document C12 dealt with advice obtained from third party counsel.  Under Bosch's theory, absent that misunderstanding,  the court would have determined that C12 operated as a waiver of Pylon's attorney-client privilege, and

---

[3] *Lechliter v. Dept. of Defense*, C. C. No. 03-1016-KAJ, 2005 WL 3654213 at *1 (D. Del. Aug. 24, 2005) (quoting *Schering Corp. v. Amgen, Inc.*, 25 F. Supp 2d 293, 295 (D. Del 1998)) (citations omitted) (alteration in original).
[4] *Tinney*, 502 F. Supp. 2d at 415.
[5] *Id.* at 414, citing then LR 7.1.5.

therefore, a different conclusion would have resulted.

Pylon disagrees with Bosch's analysis. It emphasizes that its argument on non-waiver regarding document C12 was separate and distinct from its other arguments concerning third party counsel. Rather, in maintaining that C12 did not constitute a wavier of the attorney-client privilege, it specifically noted that the comment failed to reveal any interpretation, analysis or reasoning; failed to identify any specific attorney, any particular conversation or any specific comment attributable to any attorney; and was intended to effectuate an engineering change. Pylon further reasons that the memorandum order evidences the court's appreciation that the set of C1-C12 documents did not "exclusively deal with third party attorney advice," specifically pointing to page 3 of the order which summarized the parties various arguments. Pylon also points to other conclusions in the decision that did not rely upon third party attorney advice.[6]

**Discussion**

With regard to Bosch's sole contention that the court misperceived the arguments of Pylon, this challenge is rejected. As noted in the memorandum order, the court was aware that not all of the documents produced by Pylon for *in camera* review related to communications involving attorney advice from a third party's counsel. Further, in light of the court's summary of Pylon's arguments, it was clearly aware that Pylon was not resting solely on disclosure of documents from Chin Pech which contained advice from its counsel.[7]

---

[6] *See* Memorandum Order D.I. 225 at 13.
[7] *Id.* at 3.

Bosch does not dispute the court's recitation of the applicable law which requires that for waiver to occur, it must be clear and intentional.[8] Moreover, if waiver does exist, it generally is not "broader than necessary to ensure that all parties are treated fairly."[9]

Bosch's selective quote from the opinion is inaccurate and incomplete. The court did not rest its decision solely on disclosure of attorney advice obtained by Chin Pech and related to Pylon. Rather, the cherry-picked sentence relied upon by Bosch in its motion is followed by additional comments as to why no waiver occurred in documents C1-C12. Specifically, this court found that:

> *[c]ertain documents* involve patents other than Bosch patents, or relate to patents that are not part of the present dispute. No analysis is provided as to why the proposed beam blades do not infringe a patent, and no reference is made to a particular patent: rather, the comments are very general, broad and nonspecific.[10]

Moreover, previously in the memorandum order, it was noted that in documents C1-C12, only general references were either made to "Bosch patents" or "US patents," with no reference to or discussion of the Bosch patents-in-suit. The decision further concluded that general terminology, such as "patent issues," "infringement issues" or similar comments fail to advise what patent or infringement issues were being addressed and do not indicate that the patents-in-suit were the concern. Document C12 falls within that analysis. Review of the language on which Bosch relies in its motion does not provide any specifics regarding the advice, interpretation, analysis or reasoning regarding potential infringement, the type of patent infringement to be

---

[8] *IBM v. Sperry Rand Corp.*, 44 F.R.D. 10, 13 (D. Del. 1968).
[9] *In re Teleglobe Communication Corp. v. BCE*, 493 F.3d 345, 361 (3d Cir. 2007)
[10] *See* D.I. 225 at 14 (emphasis added).

avoided, nor the patents involved.  In fact, there is no indication that a Bosch patent is the concern.  Therefore, Bosch's characterization of this court's conclusion is incorrect.

Since the court neither overlooked nor misperceived the arguments presented by the parties, Bosch's motion for reargument is denied.  Therefore,

IT IS ORDERED AND ADJUDGED that Bosch's motion for reargument (D.I. 237) is DENIED.

March 19, 2010                                    /s/ Mary Pat Thynge
                                                  UNITED STATES MAGISTRATE JUDGE