## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ROBERT BOSCH LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 08-542-SLR |
| | ) | |
| vs. | ) | |
| | ) | |
| PYLON MANUFACTURING CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## [PROPOSED] JOINT PRETRIAL ORDER

Plaintiff and counterclaim defendant Robert Bosch LLC ("Bosch") and defendant and counterclaim plaintiff Pylon Manufacturing Corp. ("Pylon") jointly submit this proposed Pretrial Order pursuant to D. Del. L.R. 16.3.

On March 30, 2010 at 4:45 p.m., counsel for Bosch and counsel for Pylon shall appear before the Court for a pretrial conference pursuant to Fed. R. Civ. P. 16 and D. Del. L.R. Rule 16.3, and this Court's December 23, 2008 Scheduling Order (D.I. 19). The Court hereby orders the following matters as to the jury trial scheduled to commence on April 12, 2010:

## I.   STATEMENT OF THE NATURE OF THE ACTION AND PLEADINGS

1.   This is a patent infringement case. On August 25, 2008, Bosch filed the present action against Pylon asserting willful infringement of U.S. Patent 6,292,974 ("the '974 patent"), U.S. Patent 6,675,434 ("the '434 patent"), U.S. Patent 6,944,905 ("the '905 patent") and U.S. Patent 6,978,512 ("the '512 patent") (collectively, "the Bosch patents"). (D.I. 1 at 1–3; *see also*

D.I. 31 at 1–3). Bosch is the assignee of the Bosch patents. The Bosch patents are directed to certain improvements to beam (bracketless) wiper blade technology.

2.      Bosch alleges that Pylon's three generations of beam type wiper blades (Generation 1, Generation 2 and Generation 3) infringe the '974, '434 and '905 patents. Bosch further alleges that Pylon's Generation 1 wiper blades also infringe the '512 patent.

3.      Bosch's initial complaint also contained allegations of false advertising against Pylon. (*Id.* at 3-4.)

4.      On October 24, 2008, Pylon filed its Answer, Affirmative Defenses and Counterclaims (D.I. 6) to Bosch's Complaint, denying Bosch's allegations of infringement of the Bosch patents. Pylon also raised several affirmative defenses (*id.* at 5–7) and asserted a counterclaim seeking a declaratory judgment that the Bosch patents are invalid and/or not infringed. (*Id.* at 8). Pylon also asserted a counterclaim that Bosch willfully infringed Pylon's U.S. Patent No. 6,640,380 ("the '380 patent"). (*Id.* at 9). Pylon also demanded a jury trial.

5.      Pylon is the owner and assignee of the '380 patent. The '380 patent is directed to an improved wiper blade connector for multi-arm applications. Pylon alleges that Bosch's U3 connector, which is provided with certain of Bosch's Evolution wiper blades, infringes the '380 patent.

6.      On November 17, 2008, Bosch filed its Answer, Defenses and Counterclaim (D.I. 11) to Pylon's Counterclaim, denying infringement of the '380 patent. Bosch also raised several defenses and further sought a declaration by the Court that it does not infringe any claim of the '380 patent and a declaration that the '380 patent is invalid.

7.      Pylon filed its Answer to Bosch's counterclaim on December 8, 2008, denying Bosch's assertions of non-infringement and invalidity of the '380 patent. (D.I. 13).

8.      On March 20, 2009, Bosch filed an Amended Complaint against Pylon amending its false advertising allegations (D.I. 31 4-5.)  On April 7, 2009, Pylon moved to dismiss Bosch's false advertising claims (D.I. 35).  On July 10, 2009, the Court granted Pylon's motion to dismiss.  (D.I. 91).

9.      On May 22, 2009, Pylon filed its Second Amended Answer, Affirmative Defenses and Counterclaims (D.I. 56).  Pylon's Second Amended Answer, Affirmative Defenses and Counterclaims alleges that the '974, '434 and '905 patents name incorrect inventors, were derived from the true inventors and are unenforceable by virtue of inequitable conduct before the USPTO.

10.     On June 18, 2009, Bosch filed its Answer to Pylon's Second Amended Answer, Affirmative Defenses and Counterclaims (D.I. 61), denying Pylon's allegations of inequitable conduct and asserting that the named inventors conceived and designed the inventions disclosed and claimed in the Bosch patents.  (D.I. 61 at 2–5).

11.     On June 30, 2009, Pylon moved to bifurcate this case, with separate trials for: a) liability; and b) willfulness and damages.  (D.I. 70).  On August 26, 2009, the Court granted Pylon's motion to bifurcate.  (D.I. 123).

12.     On August 26, 2009, Bosch moved for leave to amend its Answer and assert a counterclaim of unenforceability of the '380 patent due to inequitable conduct.  (D.I. 125).  The Court denied Bosch's motion on October 19, 2009.  (D.I. 149).

13.     On November 12, 2009, the parties filed opening briefs on claim construction (D.I. 160–166 and D.I. 167–168, respectively).  Answering briefs were filed on December 14, 2009.  (D.I. 195–96 and D.I. 204–205).

14. On November 12, 2009, the parties filed summary judgment motions. Bosch moved for summary judgment that:

(i) Pylon's Generation 1, 2 and 3 wiper blades infringe asserted claims 1, 2 and 8 of Bosch's '974 patent (D.I. 169–170);

(ii) Bosch's U3 connector does not infringe (either literally or under the doctrine of equivalents) any asserted claim of the '380 patent (D.I. 171–172); and

(iii) Bosch's '974, '905 and '434 patents are not unenforceable for inequitable conduct and are not invalid for derivation under 35 U.S.C. § 102(f) (D.I. 173–174).

Pylon moved for summary judgment of:

(i) non-infringement of claims 1, 2 and 8 of the '974 patent, claims 1, 4, 5, 7, 8 and 13 of the '434 patent, claim 13 of the '905 patent, and claims 1, 3, 8, 9 and 13 of the '512 patent, invalidity of claims 1, 2 and 8 of the '974 patent and claims 1, 3, 8, 9 and 13 of the '512 patent; and Bosch's lack of entitlement to any equivalents to the element in claim 13 of the '905 patent "wherein the wind deflection strip is disposed between and in contact with each respective end cap and the device piece" based on prosecution history estoppel. (D.I. 177-179).

15. On December 14, 2009, the parties filed their respective oppositions to the summary judgment motions (D.I. 197–198 and 217; 200–201; 202–203; 206–207) and filed their respective reply briefs on January 12, 2010 (D.I. 239–243; 244–245).

16. On November 25, 2009, Bosch moved the Court to strike Pylon's supplemental expert report dated November 19, 2009. (D.I. 191). Pylon filed its opposition on December 14, 2009 (D.I. 199) and Bosch filed its reply on December 28, 2009 (D.I. 234). This motion is currently pending before the Court.

17.   A hearing regarding claim construction and the summary judgment motions was held on February 19, 2010.

18.   The Court has not yet ruled on claim construction, the parties' summary judgment motions, and Bosch's motion to strike.

19.   Bosch is asserting infringement of (i) claims 1, 2 and 8 of the '974 patent; (ii) claims 1, 4, 5, 7, 8 and 13 of the '434 patent; (iii) claim 13 of the '905 patent; and (iv) claims 1, 3, 8, 9 and 13 of the '512 patent.

20.   Pylon is asserting infringement of claims 1, 2, 9, 10, 23 and 24 of the '380 patent.

## II.   STATUTORY BASIS FOR FEDERAL JURISDICTION

21.   This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1338(a), and 28 U.S.C. §2201 and §2202 (declaratory judgments). Venue is proper under 28 U.S.C. §§1391(b) and (c) and 1400(b).

## III.   STATEMENT OF FACTS WHICH ARE ADMITTED AND REQUIRE NO PROOF

22.   Plaintiff and counterclaim defendant Bosch is a limited liability company formed under the laws of Delaware.

23.   Defendant and counterclaim plaintiff Pylon is a Delaware corporation.

24.   The '974 patent, entitled "Glass Wiper Blade for Motor Vehicles," issued on September 25, 2001 from an application filed on July 9, 1998, which claims priority to German application 197 36 368 filed on August 21, 1997.

25.   Wilfried Merkel, Wolfgang Leutsch, Thomas Kotlarski and Friedrich Don are the named inventors of the '974 patent.

26.   The '974 patent is assigned to Bosch.

27.     The '434 patent, entitled "Wiper Blade for the Glass Surfaces of Motor Vehicles With an Elongated, Spring-Elastic Support Element," issued on January 13, 2004 from an application filed on June 30, 1999.

28.     Manfred Wilhelm, Thomas Kotlarski and Julius Mazurkiewicz are the named inventors of the '434 patent.

29.     The '434 patent is assigned to Bosch.

30.     The '905 patent, entitled "Wiper Blade for Cleaning Screens in Particular on Motor Vehicles," issued on September 20, 2005 from an application filed on April 4, 2001, which claims priority to German application 100 26 419 filed on May 29, 2000.

31.     Peter De Block and Peter Wijnants are the named inventors of the '905 patent.

32.     The '905 patent is assigned to Bosch.

33.     The '512 patent, entitled "Wiper Blade for Cleaning Vehicle Windows," issued on December 27, 2005 from an application filed on April 4, 2001, which claims priority to German application 100 25 706 filed on May 25, 2000.

34.     Jan Dietrich, Christian Wilms, Julius Mazurkiewicz, Paul Criel, Peter De Block and Peter Wijnants are the named inventors of the '512 patent.

35.     The '512 patent is assigned to Bosch.

36.     Bosch holds title by assignment to the '974, '434, '905 and '512 patents, and has held title by assignment to those patents since before the complaint in this case was filed.

37.     DE 100 00 381 is not prior art to the '974 patent.

38.     Pylon has imported into the United States and sold beam (bracketless) type wiper blades under the names HydroEdge, Optimum, Radius, Symphony and WeatherWise. Pylon has also imported into the United States and sold beam type wiper blades to an automobile

manufacturer. There have been three generations of the aforementioned beam blades that have been termed by Pylon as Generation 1, Generation 2 and Generation 3, respectively.

39.     Pylon currently is importing into the U.S., offering for sale in the U.S. and selling in the U.S. its Generation 2 and 3 wiper blades.

40.     A beam type wiper blade with a spoiler and end caps was not Pylon's innovation.

41.     Pylon has never manufactured a beam blade.

42.     There have been no design changes to the structure of the spoiler, the support element, the end cap, the mounting base and the wiper strip in Pylon's Generation 1 wiper blades imported, offered for sale, and/or sold in the United States.

43.     The structure of the end cap that was first used in Pylon's Generation 2 wiper blades was changed in a later version, whereby the size of the pin extending from the endcap was increased.

44.     There have been no design changes in the structure of Pylon Generation 3 wiper blades imported, offered for sale, or sold in the United States.

45.     All of Pylon's Generation 1 wiper blades are materially the same with respect to issues to be determined at trial.

46.     All of Pylon's Generation 3 wiper blades are materially the same with respect to issues to be determined at trial.

47.     All three generations of Pylon's wiper blades have a curved, band-shaped, spring-elastic support element which distributes a pressure applied by a wiper arm and has a concave and a convex surface which defines corresponding planes.

48.    All three generations of Pylon's wiper blades have an elongated rubber-elastic wiper strip placeable on a window to be wiped which faces the window, substantially, longitudinally parallel to the concave surface of the support element.

49.    All three generations of Pylon's wiper blades have a connection device provided for a wiper arm and arranged directly on a convex side of the support element.

50.    All three generations of Pylon's wiper blades have an elongated, spring-elastic support element on whose side toward the window or glass an elongated, rubber-elastic wiper strip that can be placed against the window or glass is located parallel to the longitudinal axis.

51.    All three generations of Pylon's wiper blades have on the side of the support element remote from the window or glass, in the middle portion of the support element, a device for attaching a driven wiper arm.

52.    All three generations of Pylon's wiper blades have a band-like, elongated, spring-elastic support element wherein a lower band surface oriented towards the window has an elongated rubber-elastic wiper strip which can be placed against the window, disposed on it so that the longitudinal axes of these two parts are parallel.

53.    Generations 1 and 2 of Pylon's wiper blades have a band-like, elongated, spring-elastic support element wherein an upper band surface of the support element has a wind deflection strip disposed on it, wherein the wind deflection strip extends in a longitudinal direction of the support element, is provided with an attack surface oriented towards the main flow of the relative wind, and is made of an elastic material.

54.    Generations 1 and 2 of Pylon's wiper blades have a wind deflection strip that has two diverging legs, viewed in transverse cross section, wherein the two diverging legs are connected to each other at a common base, wherein the free ends of the two diverging legs

oriented toward the window are supported on the support element, and the attack surface is embodied on the outside of the one leg.

55.    All three generations of Pylon's wiper blades have a band-like, elongated, spring-elastic support element wherein the upper band surface of the support element, in its middle section, includes a wiper blade part for connecting the wiper blade to a reciprocally driven wiper arm and is supported.

56.    All three generations of Pylon's wiper blades have an end cap disposed at each end of the support element.

57.    Pylon's Generation 1 wiper blades have an elongated, rubber-elastic wiper strip, which can be placed against the window and which is connected to an elongated, spring-elastic support element, so that their longitudinal axes are parallel.

58.    Pylon's Generation 1 wiper blades have an elongated, spring-elastic support element which is directly connected to a device for connecting the wiper blade to a driven wiper arm.

59.    Pylon's Generation 1 wiper blades have an elongated, spring-elastic support element which has two band-like strips, which are situated in a plane that is disposed in front of the window, essentially parallel to the window and whose lower band surfaces are oriented toward the window.

60.    Pylon's Generation 1 wiper blades have an elongated, spring-elastic support element which has two band-like strips whose adjacent inner longitudinal edges, which are disposed spaced a distance apart from each other, each protrude into a respective longitudinal groove, which grooves are associated with each longitudinal edge and are each open toward a respective longitudinal side of the wiper strip.

61.     In Pylon's Generation 1 wiper blades, the wiper strip is insertable linearly from an end of the support element between the longitudinal edge of the spring strips facing one another.

62.     The '380 patent, entitled "Wiper Blade Connector," issued on November 4, 2003 from an application filed on October 5, 2001.

63.     For each of the asserted claims of the '380 patent, Bosch's U1 and U2 connectors are admitted to be prior art under 35 U.S.C. § 102, including § 102(b).

64.     The Universal Connector, the Seven Arm Connector, and the Multi-Arm Connector are all terms used by Pylon to refer to the same connector.

65.     Bosch has sold and offered for sale in the United States, and imported into the United States, products containing the U3 connector.

66.     Bosch's U3 connector can be attached to a rivet of a wiper blade.

67.     Bosch's U3 connector can be connected to 9mm x 3mm and 9mm x 4mm hook-type wiper arms and three-sixteenths inch pin-type wiper arms.

68.     Bosch's U3 connector is provided with certain of Bosch's Evolution wiper blade products.

69.     Bosch has sold and has offered for sale in the United States, and has imported into the United States, certain of the Evolution wiper blade products with a U3 connector provided.

70.     Each of the documents Pylon produced in this case is an authentic duplicate of a document from Pylon's files.

## IV.     STATEMENT OF ISSUES OF FACT THAT REMAIN TO BE LITIGATED

### A.     Bosch's Statement of Issues of Fact that Remain to be Litigated

Should the Court determine that any issue identified in this list as an issue of fact is more properly considered an issue of law, it should be so considered.

### 1.      Bosch's Patent Claims

#### i.      Patent Infringement

71.      Whether Pylon infringed and is continuing to infringe any of claims 1, 2, and 8 of the '974 patent by importing into the United States, offering for sale, or selling in the United States its Generation 1, 2, or 3 wiper blades.

72.      Whether Pylon infringed and is continuing to infringe any of claims 1, 4, 5, 7, 8, and 13 of the '434 patent by importing into the United States, offering for sale, or selling in the United States its Generation 1, 2, or 3 wiper blades.

73.      Whether Pylon infringed and is continuing to infringe claim 13 of the '905 patent by importing into the United States, offering for sale, or selling in the United States its Generation 1, 2, or 3 wiper blades.

74.      Whether Pylon infringed and is continuing to infringe any of claims 1, 3, 8, 9 and 13 of the '512 patent by importing into the United States, offering for sale, or selling in the United States its Generation 1 wiper blades.

75.      Whether Pylon's beam blades are manufactured in China by one of two third party Chinese companies.

76.      Whether Pylon imports these blades into the United States from third party Chinese manufacturers and has subsequently offered for sale or sold such blades in the United States, Canada, Mexico and other parts of Central America.

#### ii.      Validity

##### a.      the '974 patent

77.      Whether any of the asserted claims of the '974 patent are anticipated by any properly noticed prior art reference.

78.     Whether any of the asserted claims of the '974 patent are anticipated by U.S. Patent 3,881,214.

79.     Whether any of the asserted claims of the '974 patent are anticipated by French patent FR 2,199,302.

80.     Whether any of the asserted claims of the '974 patent are anticipated by U.S. Patent 4,014,061.

81.     Whether any of the asserted claims of the '974 patent are anticipated by German patent DE 24 40 179.

82.     Whether any of the asserted claims of the '974 patent are anticipated by U.S. Patent 3,427,637.

83.     Whether any of the asserted claims of the '974 patent are anticipated by U.S. Patent 3,317,945.

84.     Whether any of the asserted claims of the '974 patent are anticipated by U.S. Patent 3,056,991.

85.     Whether any of the asserted claims of the '974 patent are anticipated by U.S. Patent 3,082,464.

86.     Whether any of the asserted claims of the '974 patent are anticipated by U.S. Patent 3,942,212.

87.     Whether any of the asserted claims of the '974 patent are anticipated by U.S. Patent 3,418,676.

88.     Whether any of the asserted claims of the '974 patent are anticipated by British Patent GB 1,429,820.

89.     What are (a) the scope and content of the prior art; (b) the differences between each of the asserted claims of the '974 patent and the prior art; and (c) the level of the ordinary level of skill in the art at the time of the invention of the '974 patent.

90.     The existence and significance of secondary considerations of non-obviousness, including but not limited to:

      a.   Whether products covered by the asserted claims of the '974 patent have achieved commercial success;

      b.   Whether the inventions of the asserted claims of the '974 patent satisfied a long-felt but previously unmet need;

      c.   Whether others failed to make the inventions claimed in the asserted claims of the '974 patent;

      d.   Whether others copied the inventions claimed in the asserted claims of the '974 patent;

      e.   Whether the inventions of the asserted claims of the '974 patent were met with initial skepticism; and

      f.   Whether the inventions of the '974 patent received industry praise.

91.     Whether claim 1 of the '974 patent lacks sufficient written description.

**b.     the '434 patent**

92.     Whether any of the asserted claims of the '434 patent are anticipated by any properly noticed prior art reference.

93.     Whether any of the asserted claims of the '434 patent are anticipated by U.S. Patent 2,728,100.

94.     Whether any of the asserted claims of the '434 patent are anticipated by U.S. Patent 3,083,394.

95.     Whether any of the asserted claims of the '434 patent are anticipated by U.S. Patent 3,116,507.

96.     Whether any of the asserted claims of the '434 patent are anticipated by U.S. Patent 3,427,637.

97.     Whether any of the asserted claims of the '434 patent are anticipated by U.S. Patent 3,626,544.

98.     Whether any of the asserted claims of the '434 patent are anticipated by U.S. Patent 3,636,583.

99.     Whether any of the asserted claims of the '434 patent are anticipated by U.S. Patent 3,785,002.

100.    Whether any of the asserted claims of the '434 patent are anticipated by U.S. Patent 4,543,682.

101.    Whether any of the asserted claims of the '434 patent are anticipated by U.S. Patent 5,493,750.

102.    Whether any of the asserted claims of the '434 patent are anticipated by EP 0 646 507.

103.    Whether any of the asserted claims of the '434 patent are anticipated by British Patent 1,222,648.

104.    What are (a) the scope and content of the prior art; (b) the differences between each of the asserted claims of the '434 patent and the prior art; and (c) the level of the ordinary level of skill in the art at the time of the invention of the '434 patent.

105.　The existence and significance of secondary considerations of non-obviousness, including but not limited to:

      a.　Whether products covered by the asserted claims of the '434 patent have achieved commercial success;

      b.　Whether the inventions of the asserted claims of the '434 patent satisfied a long-felt but previously unmet need;

      c.　Whether others failed to make the inventions claimed in the asserted claims of the '434 patent;

      d.　Whether others copied the inventions claimed in the asserted claims of the '434 patent;

      e.　Whether the inventions of the asserted claims of the '434 patent were met with initial skepticism; and

      f.　Whether the inventions of the '434 patent received industry praise.

### c.　the '905 patent

106.　Whether claim 13 of the '905 patent is anticipated by any properly noticed prior art reference.

107.　Whether claim 13 of the '905 patent is anticipated by U.S. Patent 3,881,214.

108.　Whether claim 13 of the '905 patent is anticipated by PCT Publication WO 99/02383 together with its U.S. equivalent, U.S. Patent 6,279,191.

109.　What are (a) the scope and content of the prior art; (b) the differences between each of the asserted claims of the '905 patent and the prior art; and (c) the level of the ordinary level of skill in the art at the time of the invention of the '905 patent.

110.    The existence and significance of secondary considerations of non-obviousness, including but not limited to:

    a.  Whether products covered by the asserted claims of the '905 patent have achieved commercial success;

    b.  Whether the inventions of the asserted claims of the '905 patent satisfied a long-felt but previously unmet need;

    c.  Whether others failed to make the inventions claimed in the asserted claims of the '905 patent;

    d.  Whether others copied the inventions claimed in the asserted claims of the '905 patent;

    e.  Whether the inventions of the asserted claims of the '905 patent were met with initial skepticism; and

    f.  Whether the inventions of the '905 patent received industry praise.

111.    Whether Pylon can establish by clear and convincing evidence that claim 13 of the '905 patent lacks sufficient written description.

### d.    the '512 patent

112.    Whether any of the asserted claims of the '512 patent are anticipated by any properly noticed prior art reference.

113.    Whether any of the asserted claims of the '512 patent are anticipated by DE 196 27 114.

114.    Whether any of the asserted claims of the '512 patent are anticipated by DE 196 27 115.

115.    Whether any of the asserted claims of the '512 patent are anticipated by DE 296 11 722.

116.    Whether any of the asserted claims of the '512 patent are anticipated by PCT Publication WO 99/02383 together with its U.S. equivalent, U.S. Patent 6,279,191.

117.    What are (a) the scope and content of the prior art; (b) the differences between each of the asserted claims of the '512 patent and the prior art; and (c) the level of the ordinary level of skill in the art at the time of the invention of the '512 patent.

118.    The existence and significance of secondary considerations of non-obviousness, including but not limited to:

      a.    Whether products covered by the asserted claims of the '512 patent have achieved commercial success;

      b.    Whether the inventions of the asserted claims of the '512 patent satisfied a long-felt but previously unmet need;

      c.    Whether others failed to make the inventions claimed in the asserted claims of the '512 patent;

      d.    Whether others copied the inventions claimed in the asserted claims of the '512 patent;

      e.    Whether the inventions of the asserted claims of the '512 patent were met with initial skepticism; and

      f.    Whether the inventions of the '512 patent received industry praise.

119.    Whether claim 13 of the '512 patent lacks sufficient written description.

### e.    derivation

120.    Whether:

a.      Johannes Fehrsen, either solely or jointly with Adriaan Swanepoel,

conceived of the subject matter disclosed in the '974, '434 or '905 patents prior to

September 17, 1992;

b.      Johannes Fehrsen made an enabling disclosure of that conception to

Messrs. Merkel and Leutsch during a September 17, 1992 meeting; and

c.      Any of the named inventors of the '974, '434 or '905 patents received

Fehrsen's enabling disclosure before making their respective inventions.

### iii.     Enforceability

121.    If the derivation facts described in paragraph 120 above are established, whether

any of Messrs. Merkel, Leutsch, Kotlarski or Don knew that the information about the

September 17, 1992 meeting was material to the prosecution of the United States patent

application that issued as the '974 patent.

122.    If the derivation facts described in paragraph 120 above are established, and if the

knowledge of the materiality of the facts described in paragraph 121 above is established,

whether any of Messrs. Merkel, Leutsch, Kotlarski or Don withheld information about the

September 17, 1992 meeting from the United States Patent and Trademark Office ("Patent

Office") in connection with the prosecution of the application that issued as the '974 patent, with

the specific intent to deceive the Patent Office.

123.    If the derivation facts described in paragraph 120 above are established, whether

any of Messrs. Wilhelm, Kotlarski or Mazurkiewicz knew that the information about the

September 17, 1992 meeting was material to the prosecution of the United States patent

application that issued as the '434 patent.

124.    If the derivation facts described in paragraph 120 above are established, and if the knowledge of the materiality of the facts described in paragraph 123 above is established, whether any of Messrs. Wilhelm, Kotlarski or Mazurkiewicz withheld information about the September 17, 1992 meeting from the Patent Office in connection with the prosecution of the application that issued as the '434 patent, with the specific intent to deceive the Patent Office.

125.    If the derivation facts described in paragraph 120 above are established, whether any of Messrs. De Block and Wijnants knew that the information about the September 17, 1992 meeting was material to the prosecution of the United States patent application that issued as the '905 patent.

126.    If the derivation facts described in paragraph 120 above are established, and if the knowledge of the materiality of the facts described in paragraph 125 above is established, whether any of Messrs. De Block and Wijnants withheld information about the September 17, 1992 meeting from the Patent Office in connection with the prosecution of the application that issued as the '905 patent, with the specific intent to deceive the Patent Office.

### 2.    Pylon's Patent Claim

#### i.    Infringement

127.    Whether Bosch has infringed any of claims 1, 2, 9, 10, 23 or 24 of the '380 patent.

#### ii.    Validity

128.    Whether any of the asserted claims of the '380 patent are invalid as anticipated by U.S. Patent 5,611,103.

129.    Whether any of the asserted claims of the '380 patent are invalid as anticipated by U.S. Patent 6,658,690 and its published PCT application no. WO 01/15945.

130.    Whether any of asserted claims 1, 2, 9 or 23 of the '380 patent are invalid as anticipated by U.S. Patent 5,937,474.

131.    While the question of obviousness is a legal issue, Bosch intends to present evidence on at least the following underlying issues of fact: (1) the level of ordinary skill in the art at the time of the invention of the '380 patent; (2) the scope and content of the prior art; (3) the differences, if any, between the claimed invention of the '380 patent and the prior art; and (4) to the extent that the Court allows Pylon to offer evidence of secondary considerations of non-obviousness, Bosch will offer evidence to rebut such secondary consideration evidence.

132.    Whether any of asserted claims 1, 2, 9 or 10 of the '380 patent lack sufficient written description.

**B.      Pylon's Statement Of Facts That Remain To Be Litigated**

Should the Court determine that any issue identified in this list as an issue of fact is more properly considered an issue of law, it should be so considered.

**1.      Pylon's Patent Claims**

**i.      Patent Infringement**

133.    Whether Bosch infringed and is continuing to infringe any of claims 1, 2, 9, 10, 23 and 24 of the '380 Patent by importing into the United States, offering for sale, or selling in the United States its Evolution wiper blades and/or the U3 connector.

**ii.      Validity**

134.    Whether any of the asserted claims of the '380 Patent are anticipated by any properly noticed prior art reference.

135.    Whether any of the asserted claims of the '380 Patent are anticipated by U.S. Patent 5,611,103.

136.    Whether any of the asserted claims of the '380 Patent are anticipated by U.S. Patent No. 5,937,474.

137.    What are (a) the scope and content of the prior art; (b) the differences between each of the asserted claims of the '380 Patent and the prior art; and (c) the level of the ordinary level of skill in the art at the time of the invention of the '380 Patent.

138.    The existence and significance of secondary considerations of non-obviousness, including but not limited to:

    a.    Whether products covered by the asserted claims of the '380 Patent have achieved commercial success;

    b.    Whether the inventions of the asserted claims of the '380 Patent satisfied a long-felt but previously unmet need;

    c.    Whether others failed to make the inventions claimed in the asserted claims of the '380 Patent;

    d.    Whether others copied the inventions claimed in the asserted claims of the '380 Patent;

    e.    Whether the inventions of the asserted claims of the '380 Patent were met with initial skepticism; and

    f.    Whether the inventions of the '380 Patent received industry praise.

    g.    Whether the inventions of the '380 Patent achieved unexpected results.


### 2.    Bosch's Patent Claim

#### i.    Infringement

139.    Whether Pylon has literally infringed any of claims 1, 2 or 8 of the '974 Patent.

140.    Whether Pylon has literally infringed any of claims 1, 4, 5, 7, 8 and 13 of the '434 Patent.

141.    Whether Pylon has literally infringed claim 13 of the '905 Patent.

142.    Whether Pylon has literally infringed any of claims 1, 3, 8, 9 and 13 of the '512 Patent.

### ii.    Validity

#### a.    The '974 Patent

143.    Whether any of the asserted claims of the '974 patent are invalid as anticipated by U.S. Patent 3,881,214.

144.    Whether any of the asserted claims of the '974 patent are invalid as anticipated by French Patent FR 2,199,302.

145.    Whether any of the asserted claims of the '974 patent are invalid as anticipated by U.S. Patent 4,014,061.

146.    Whether any of the asserted claims of the '974 patent are invalid as anticipated by German Patent DE 24 40 179.

147.    Whether any of the asserted claims of the '974 patent are invalid as anticipated by U.S. Patent 3,427,637.

148.    Whether any of the asserted claims of the '974 patent are invalid as anticipated by U.S. Patent 3,317,945.

149.    Whether any of the asserted claims of the '974 patent are invalid as anticipated by U.S. Patent 3,056,991.

150.    Whether any of the asserted claims of the '974 patent are invalid as anticipated by U.S. Patent 3,082,464.

151.   Whether any of the asserted claims of the '974 patent are invalid as anticipated by U.S. Patent 3,942,212.

152.   Whether any of the asserted claims of the '974 patent are invalid as anticipated by U.S. Patent 3,418,676.

153.   Whether any of the asserted claims of the '974 patent are invalid as anticipated by British Patent GB 1,429,820.

154.   While the question of obviousness is a legal issue, Pylon intends to present evidence on at least the following underlying issues of fact: (1) the level of ordinary skill in the art at the time of the invention of the '974 patent; (2) the scope and content of the prior art; (3) the differences, if any, between the claimed invention of the '974 patent and the prior art; and (4) to the extent that the Court allows Bosch to offer evidence of secondary considerations of non-obviousness, Pylon will offer evidence to rebut such secondary consideration evidence.

### b.   The '434 Patent

155.   Whether any of the asserted claims of the '434 patent are invalid as anticipated by U.S. Patent No. 2,728,100.

156.   Whether any of the asserted claims of the '434 patent are invalid as anticipated by U.S. Patent No. 3,083,394.

157.   Whether any of the asserted claims of the '434 patent are invalid as anticipated by U.S. Patent No. 3,116,507.

158.   Whether any of the asserted claims of the '434 patent are invalid as anticipated by U.S. Patent No. 3,427,637.

159.   Whether any of the asserted claims of the '434 patent are invalid as anticipated by U.S. Patent No. 3,626,544.

160.    Whether any of the asserted claims of the '434 patent are invalid as anticipated by U.S. Patent No. 3,636,583.

161.    Whether any of the asserted claims of the '434 patent are invalid as anticipated by U.S. Patent No. 3,785,002.

162.    Whether any of the asserted claims of the '434 patent are invalid as anticipated by U.S. Patent No. 4,543,682.

163.    Whether any of the asserted claims of the '434 patent are invalid as anticipated by U.S. Patent No. 5,493,750.

164.    Whether any of the asserted claims of the '434 patent are invalid as anticipated by British Patent GB 1,222,648.

165.    Whether any of the asserted claims of the '434 patent are invalid as anticipated by European Patent EP 0 646 507.

166.    While the question of obviousness is a legal issue, Pylon intends to present evidence on at least the following underlying issueds of fact: (1) the level of ordinary skill in the art at the time of the invention of the '434 patent; (2) the scope and content of the prior art; (3) the differences, if any, between the claimed invention of the '434 Patent and the prior art; and (4) to the extent that the Court allows Bosch to offer evidence of secondary considerations of non-obviousness, Pylon will offer evidence to rebut such secondary consideration evidence.

**c.      The '905 Patent**

167.    Whether any of the asserted claims of the '905 patent are invalid as anticipated by U.S. Publication No. 2003/0014828.

168.    Whether any of the asserted claims of the '905 patent are invalid as anticipated by U.S. Patent No. 3,881,214.

169.    Whether any of the asserted claims of the '905 patent are invalid as anticipated by U.S. Patent No. 6,279,191.

170.    Whether any of the asserted claims of the '905 patent are invalid as anticipated by PCT Publication WO 99/02383.

171.    While the question of obviousness is a legal issue, Pylon intends to present evidence on at least the following underlying issues of fact: (1) the level of ordinary skill in the art at the time of the invention of the '905 patent; (2) the scope and content of the prior art; (3) the differences, if any, between the claimed invention of the '905 patent and the prior art; and (4) to the extent that the Court allows Bosch to offer evidence of secondary considerations of non-obviousness, Pylon will offer evidence to rebut such secondary consideration evidence.

### d.    The '512 Patent

172.    Whether any of the asserted claims of the '434 patent are invalid as anticipated by U.S. Patent No. 6,279,191.

173.    Whether any of the asserted claims of the '434 patent are invalid as anticipated by PCT Publication WO 99/02383.

174.    Whether any of the asserted claims of the '434 patent are invalid as anticipated by German Patent DE 196 27 114.

175.    Whether any of the asserted claims of the '434 patent are invalid as anticipated by German Patent DE 196 27 115.

176.    Whether any of the asserted claims of the '434 patent are invalid as anticipated by German Patent DE 296 11 722.

177.    While the question of obviousness is a legal issue, Pylon intends to present evidence on at least the following underlying issues of fact: (1) the level of ordinary skill in the

art at the time of the invention of the '512 patent; (2) the scope and content of the prior art; (3) the differences, if any, between the claimed invention of the '512 patent and the prior art; and (4) to the extent that the Court allows Bosch to offer evidence of secondary considerations of non-obviousness, Pylon will offer evidence to rebut such secondary consideration evidence.

### e.    Derivation

178.    Whether Johannes Fehrsen or Adriaan Swanepoel, either individually or jointly, conceived of, or contributed to the conception of, the subject matter of any of the claimed subject matter in the '974 patent, '434 patent, or '905 patent prior to the alleged conception by the listed inventors on the respective patents; and communicated such conception to one or more of the listed inventors on the respective patents.

### f.    Inventorship

179.    Whether Johannes Fehrsen, Adriaan Swanepoel, or both, conceived of, or contributed to the conception of, the claimed subject matter in the '974 patent, the '434 patent or the '905 patent.

### iii.    Unenforceability

180.    Whether Johannes Fehrsen, Adriaan Swanepoel, individually or jointly, conceived of, contributed to the conception of, or disclosed subject matter relevant to, the '974, '434 or '905 patents.

181.    Whether Fehrsen and/or Swanepoel's conception of, contribution to the conception of, or disclosure of subject matter relevant to, the '974, '434 or '905 patents was known to one or more of the listed inventors or representatives of the'974, '434 or '905 patents.

182.   Whether Fehrsen and/or Swanepoel's conception of, contribution to the conception of, or disclosure of subject matter relevant to, the '974, '434 or '905 patents was material to the patentability of one or more of the '974, '434 or '905 patents.

183.   Whether one or more of the listed inventors on the respective '974, '434 or '905 Patent, with an intent to deceive, withheld material information from the USPTO by failing to reveal the conception, contribution to the conception, or disclosure of relevant subject matter to, '974, '434 or '905 patents by Fehrsen and/or Swanepoel.

## V.   ISSUES OF LAW THAT REMAIN TO BE LITIGATED

### A.   Bosch's Statement of Issues of Law that Remain to be Litigated

Should the Court determine that any issue identified in this list as an issue of law is more properly considered an issue of fact, it should be so considered.

#### 1.   Bosch's Patent Claims

##### a.   Validity

184.   **Derivation**. Whether Pylon can establish by clear and convincing evidence that Johannes Fehrsen, either solely or jointly with Adriaan Swanepoel, conceived of the subject matter of any of the asserted claims of the '974 patent, '434 patent, or '905 patent prior to the conception of same by the named inventors of those patents. 35 U.S.C. 102 (f); *Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1371 (Fed. Cir. 1998); *Gambro Lundia, AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1576–78 (Fed. Cir. 1997); *Price v. Symsek*, 988 F.2d 1187, 1194 (Fed. Cir. 1993).

185.   **Obviousness**. Whether Pylon can establish by clear and convincing evidence that any of claims 1, 2 and 8 of the '974 patent, claims 1, 4, 5, 7, 8 and 13 of the '434 patent, claim 13 of the '905 patent, or claims 1, 3, 8, 9 and 13 of the '512 patent would have been obvious to a

person of ordinary skill in the art as of the priority date of those patents. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966).

186.    **Definiteness**.  Whether Pylon can establish by clear and convincing evidence that any of claim 2 of the '974 patent, claims 1, 4, 5, 7, 8 and 13 of the '434 patent, or claim 8 of the '512 patent are insufficiently definite to inform one of skill in the art of the bounds of the claim when read in light of the specification. 35 U.S.C. § 112 ¶2; *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1320 (Fed. Cir. 2008).

### b.    **Enforceability**

187.    Whether Pylon can establish by clear and convincing evidence that:

a.    Johannes Fehrsen, solely and/or jointly with Adriaan Swanepoel, prior to meeting with representatives of Bosch GmbH in September, 1992, conceived of the subject matter disclosed in the '974, '434 or '905 patents;

b.    Fehrsen made an enabling disclosure of such conception to Messrs. Merkel and Leutsch at a September 17, 1992 meeting;

c.    Fehrsen's alleged conception and disclosure were material to the patentability of any of the '974, '434 or '905 patents;

d.    One or more of the named inventors of the '974, '434 or '905 patents knew that Fehrsen, either solely or jointly with Swanepoel, had made the alleged conception and disclosure;

e.    With an intent to deceive, any of the named inventors withheld the information pertaining to the inventorship of such patents from the USPTO; and

f.    One or more of the '974, '434 or '905 patents is unenforceable due to inequitable conduct of one or more of the named inventors of those patents.

*Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1329–31 (Fed. Cir. 2009); *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1356, 1365–66 (Fed. Cir. 2008).

### c.   **Injunctive Relief**

188.   Whether Bosch is entitled to injunctive relief enjoining Pylon from further infringement of the '974, '434, '905 and '512 patents.  35 U.S.C. § 283.

### 2.   **Pylon's Patent Claim**

#### a.   **Validity**

189.   Whether Bosch can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 2, 9, 10, 23 or 24 of the '380 patent would have been obvious to a person of ordinary skill in the art in view of U.S. Patent 5,611,103 as of the priority date of the '380 patent.  35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

190.   Whether Bosch can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 2, 9, 10, 23 or 24 of the '380 patent would have been obvious to a person of ordinary skill in the art in view of U.S. Patent 6,658,690 or WO 01/15945 as of the priority date of the '380 patent.  35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

191.   Whether Bosch can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 2, 9, 10, 23 or 24 of the '380 patent would have been obvious to a person of ordinary skill in the art in view of the Bosch U1 or U2 connectors either alone or in combination with U.S. Patent 6,539,576 and the knowledge of one skilled in the art as of the priority date of the '380 patent.  35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

192.     Whether Bosch can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1 or 2 of the '380 patent would have been obvious to a person of ordinary skill in the art in view of U.S. Patent 6,332,236 in combination with U.S. Patent 5,611,103 and/or the knowledge of one skilled in the art as of the priority date of the '380 patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

193.     Whether Bosch can establish by clear and convincing evidence that any of claims 1, 2, 9 or 10 of the '380 patent are insufficiently definite to inform one of skill in the art of the bounds of the claim when read in light of the specification. 35 U.S.C. § 112 ¶2; *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1320 (Fed. Cir. 2008).

**B.     Pylon's Statement of Issues of Law that Remain to be Litigated**

    **1.     Pylon's Patent Claims**

        **a.     Validity**

194.     **Obviousness.**  Whether Bosch can establish by clear and convincing evidence that any of claims 1, 2, 9, 10, 23 or 24 of the '380 patent would have been obvious to a person of ordinary skill in the art as of the priority date of the '380 patent in view of any properly noticed, bona fide prior art. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

195.     **Definiteness.**  Whether Bosch can establish by clear and convincing evidence that any of claims 1, 2, 9 and 10 of the '380 Patent are insufficiently definite to inform one of skill in the art of the bounds of the claim when read in light of the specification. 35 U.S.C. § 112 ¶2; *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1320 (Fed. Cir. 2008).

        **b.     Injunctive Relief**

196.   Whether Pylon is entitled to injunctive relief enjoining Bosch from further infringement of the '380 patent.  35 U.S.C. § 283.

### 2.   Bosch's Patent Claims

#### a.   Standing

197.   Whether Bosch has standing to assert the '974 patent in view of the requirement that an action for infringement must join all co-owners as plaintiffs.  28 U.S.C. §§ 1331; 28 U.S.C. 1338; *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456 (Fed. Cir. 1998); *Int'l Nutrition Co. v. Horphag Research Ltd.*, 257 F.3d 1324 (Fed. Cir. 2001); *University of Pittsburgh v. Varian Medical Systems, Inc.*, 569 F.3d 1328 (Fed. Cir. 2009); *Waterman v. Mackenzie,* 138 U.S. 252, 255, 11 S.Ct. 334, 34 L.Ed. 923 (1891).

198.   Whether Bosch has standing to assert the '434 patent in view of the requirement that an action for infringement must join all co-owners as plaintiffs.  28 U.S.C. §§ 1331; 28 U.S.C. 1338; *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456 (Fed. Cir. 1998); *Int'l Nutrition Co. v. Horphag Research Ltd.*, 257 F.3d 1324 (Fed. Cir. 2001); *University of Pittsburgh v. Varian Medical Systems, Inc.*, 569 F.3d 1328 (Fed. Cir. 2009); *Waterman v. Mackenzie,* 138 U.S. 252, 255, 11 S.Ct. 334, 34 L.Ed. 923 (1891).

199.   Whether Bosch has standing to assert the '905 patent in view of the requirement that an action for infringement must join all co-owners as plaintiffs.  28 U.S.C. §§ 1331 and 1338; *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456 (Fed. Cir. 1998); *Int'l Nutrition Co. v. Horphag Research Ltd.,* 257 F.3d 1324 (Fed. Cir. 2001); *University of Pittsburgh v. Varian Medical Systems, Inc.*, 569 F.3d 1328 (Fed. Cir. 2009); *Waterman v. Mackenzie,* 138 U.S. 252, 255, 11 S.Ct. 334, 34 L.Ed. 923 (1891).

#### b.   Validity

200.   **Inventorship**.  Whether Pylon can establish by clear and convincing evidence

that the inventorship reflected on one or more of the '974 patent, '434 patent, or '905 patent is

incorrect thereby rendering one or more of these patents invalid because Johannes Fehrsen,

Adriaan Swanepoel, or both, were not joined as proper inventors on one or more of those patents.

35 U.S.C. § 116; *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456 (Fed. Cir. 1998); *Pannu v.

Iolab Corp.*, 155 F.3d 1344 (Fed. Cir. 1998); *Fina Oil and Chemical Co. v. Ewen*, 123 F.3d 1466

(Fed. Cir. 1997).

201.   **Derivation**.  Whether Pylon can establish by clear and convincing evidence that

Johannes Fehrsen or Adriaan Swanepoel, either individually or jointly, conceived of or

contributed to the conception of the subject matter of any of the claimed subject matter of the

'974 patent, '434 patent, or '905 patent prior to the alleged conception by the listed inventors and

communicated such conception to one or more of the inventors on the respective patents.  35

U.S.C. 102 (f); *Pannu v. Iolab Corp.*, 155 F.3d 1344 (Fed. Cir. 1998).

202.   **Definiteness**.  Whether Pylon can establish by clear and convincing evidence that

claim 2 of the '974 patent, claims 1, 4, 5, 7, 8 and 13 of the '434 patent, or claim 8 of the '512

patent, are insufficiently definite so as to fail to particularly point out and distinctly claim the

subject matter which the applicant regards as his invention.  35 U.S.C. § 112, ¶2; *Datamize, LLC

v. Plumtree Software, Inc.* 417 F.3d 1342, 1347 (Fed. Cir. 2005); *Novo Industries, L.P. v. Micro

Molds Corp.*, 350 F.3d 1348 (Fed. Cir. 2003).

203.   **Obviousness**.  Whether Pylon can establish by clear and convincing evidence that

any of claims 1, 2 and 8 of the '974 patent, claims 1, 4, 5, 7, 8 and 13 of the '434 patent, claim

13 of the '905 patent, or claims 1, 3, 8, 9 and 13 of the '512 patent would have been obvious to a

person of ordinary skill in the art as of the priority date of those patents.  35 U.S.C. § 282; 35

U.S.C. § 103; *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007); *Graham v. John Deere Co.*, 383 U.S. 1 (1966).

### i. The '974 Patent

204. Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 2 and 8 of the '974 Patent would have been obvious to a person of ordinary skill in the art in view of U.S. Patent No. 3,192,551, either alone or in combination with any one of U.S. Patent Nos. 2,746,077, 3,056,991, 3,082,464, 3,317,946, 3,418,676, 3,418,679, 3,427,637, 3,566,432, 3,879,793, 3,881,214, 3,942,212, 4,014,061, 4,063,328, 5,383,249, 5,546,627, or 6,058,555, or foreign patents DE 23 11 293, DE 23 36 271, DE 24 40 179, DE 33 29 391, EP 316,114, EP 499,829, FR 2,199,302, GB1,429,820, GB 2,106,775 or GB 2,189,383, or vice versa, and/or the knowledge of one skilled in the art, as of the priority date of the '974 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

205. Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 2 and 8 of the '974 Patent would have been obvious to a person of ordinary skill in the art in view of U.S. Patent No. 3,317,945, either alone or in combination with any one of U.S. Patent Nos. 2,746,077, 3,056,991, 3,082,464, 3,317,946, 3,418,676, 3,418,679, 3,427,637, 3,566,432, 3,879,793, 3,881,214, 3,942,212, 4,014,061, 4,063,328, 5,383,249, 5,546,627, or 6,058,555, or foreign patents DE 23 11 293, DE 23 36 271, DE 24 40 179, DE 33 29 391, EP 316,114, EP 499,829, FR 2,199,302, GB1,429,820, GB 2,106,775 or GB 2,189,383, or vice versa, and/or the knowledge of one skilled in the art, as of the priority date of the '974 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

206. Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 2 and 8 of the '974 Patent would have been obvious to a person of ordinary skill in the art in view of U.S. Patent No. 3,785,002, either alone or in combination with any one of U.S. Patent Nos. 2,746,077, 3,056,991, 3,082,464, 3,317,946, 3,418,676, 3,418,679, 3,427,637, 3,566,432, 3,879,793, 3,881,214, 3,942,212, 4,014,061, 4,063,328, 5,383,249, 5,546,627, or 6,058,555, or foreign patents DE 23 11 293, DE 23 36 271, DE 24 40 179, DE 33 29 391, EP 316,114, EP 499,829, FR 2,199,302, GB1,429,820, GB 2,106,775 or GB 2,189,383, or vice versa, and/or the knowledge of one skilled in the art, as of the priority date of the '974 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

207. Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 2 and 8 of the '974 Patent would have been obvious to a person of ordinary skill in the art in view of U.S. Patent No. 5,325,564, either alone or in combination with any one of U.S. Patent Nos. 2,746,077, 3,056,991, 3,082,464, 3,317,946, 3,418,676, 3,418,679, 3,427,637, 3,566,432, 3,879,793, 3,881,214, 3,942,212, 4,014,061, 4,063,328, 5,383,249, 5,546,627, or 6,058,555, or foreign patents DE 23 11 293, DE 23 36 271, DE 24 40 179, DE 33 29 391, EP 316,114, EP 499,829, FR 2,199,302, GB1,429,820, GB 2,106,775 or GB 2,189,383, or vice versa, and/or the knowledge of one skilled in the art, as of the priority date of the '974 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

208. Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 2 and 8 of the '974 Patent would have been obvious to a person of ordinary skill in the art in view of U.S. Patent No. 3,881,214 or its French equivalent

FR 2,199,302, either alone or in combination the knowledge of one skilled in the art, as of the priority date of the '974 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

209.    Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 2 and 8 of the '974 Patent would have been obvious to a person of ordinary skill in the art in view of U.S. Patent No. 4,014,061 or its German equivalent DE 24 40 179, either alone or in combination the knowledge of one skilled in the art, as of the priority date of the '974 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

210.    Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 2 and 8 of the '974 Patent would have been obvious to a person of ordinary skill in the art in view of U.S. Patent No. 3,427,637, either alone or in combination the knowledge of one skilled in the art, as of the priority date of the '974 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

211.    Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 2 and 8 of the '974 Patent would have been obvious to a person of ordinary skill in the art in view of U.S. Patent No. 3,317,945, either alone or in combination with any one of U.S. Patent Nos. 3,881,214, 4,014,061, 3,427,637, 3,056,991, 3,082,464, or 3,942,212, and/or the knowledge of one skilled in the art, as of the priority date of the '974 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

212.    Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 2 and 8 of the '974 Patent would have been obvious to a person of ordinary skill in the art in view of U.S. Patent No. 3,056,991, either alone or in combination with any one of U.S. Patent Nos. 3,881,214, 4,014,061, 3,427,637 or 3,317,945, and/or the knowledge of one skilled in the art, as of the priority date of the '974 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

213.    Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 2 and 8 of the '974 Patent would have been obvious to a person of ordinary skill in the art in view of U.S. Patent No. 3,082,464, either alone or in combination with any one of U.S. Patent Nos. 3,881,214, 4,014,061, 3,427,637 or 3,317,945, and/or the knowledge of one skilled in the art, as of the priority date of the '974 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

214.    Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 2 and 8 of the '974 Patent would have been obvious to a person of ordinary skill in the art in view of U.S. Patent No. 3,942,212, either alone or in combination with any one of U.S. Patent Nos. 3,881,214, 4,014,061, 3,427,637 or 3,317,945, and/or the knowledge of one skilled in the art, as of the priority date of the '974 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

215.    Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 2 and 8 of the '974 Patent would have been obvious to a

person of ordinary skill in the art in view of U.S. Patent No. 3,418,676, either alone or in combination with any one of U.S. Patent Nos. 3,881,214, 4,014,061, 3,427,637 or 3,317,945, and/or the knowledge of one skilled in the art, as of the priority date of the '974 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

216. Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 2 and 8 of the '974 Patent would have been obvious to a person of ordinary skill in the art in view of British Patent GB 1,429,820, either alone or in combination with any one of U.S. Patent Nos. 3,881,214, 4,014,061, 3,427,637 or 3,317,945, and/or the knowledge of one skilled in the art, alone or in further combination with any one of U.S. Patent Nos. 3,881,214, 4,014,061 or 3,427,637, as of the priority date of the '974 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

217. Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 2 and 8 of the '974 Patent would have been obvious to a person of ordinary skill in the art in view of any of the above referenced prior art taken in further view of the admissions of Bosch or its parent company, Robert Bosch GmbH.

### ii. The '434 Patent

218. Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 4, 5, 7, 8 and 13 of the '434 Patent would have been obvious to a person of ordinary skill in the art in view of U.S. Patent No. 3,427,637, either alone or in combination the knowledge of one skilled in the art, as of the priority date of the '434

Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

219.    Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 4, 5, 7, 8 and 13 of the '434 Patent would have been obvious to a person of ordinary skill in the art in view of U.S. Patent No. 3,626,544, either alone or in combination with any one of U.S. Patent Nos. 3,427,637, 3,192,551, 5,325,564, 3,785,002 or 3,317,945, and/or the knowledge of one skilled in the art, and with respect to Claim 5, alone or in further combination with any one of U.S. Patent Nos. 3,427,637, 2,728,100, 3,083,394, 3,116,507, 3,785,002 or 4,543,682, or foreign patents EP 0 646 507 or DE 196 50 159, and with respect to Claim 13, alone or in further combination with any one of U.S. Patent Nos. 3,116,507, 3,427,637, 3,785,002, 4,543,682 or 5,493,750 or British patent GB 2,102,281, as of the priority date of the '434 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

220.    Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 4, 5, 7, 8 and 13 of the '434 Patent would have been obvious to a person of ordinary skill in the art in view of U.S. Patent No. 3,785,002, either alone or in combination with any one of U.S. Patent Nos. 3,427,637, 4,543,682, 2,728,100, 3,116,507, 3,636,583, 5,493,750, 3,083,394 or 5,933,910, or foreign patents EP 0 646 507, DE 44 17 713, or DE 196 50 159, and/or the knowledge of one skilled in the art, as of the priority date of the '512 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

221.    Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 4, 5, 7, 8 and 13 of the '434 Patent would have been

obvious to a person of ordinary skill in the art in view of U.S. Patent No. 4,543,682, either alone or in combination with any one of U.S. Patent Nos. 3,427,637, 3,192,551, 5,325,564, 3,785,002 or 3,317,945, and/or the knowledge of one skilled in the art, as of the priority date of the '434 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

222.    Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 4, 5, 7, 8 and 13 of the '434 Patent would have been obvious to a person of ordinary skill in the art in view of U.S. Patent No. 2,728,100, either alone or in combination with any one of U.S. Patent Nos. 3,427,637, 3,192,551, 5,325,564, 3,785,002 or 3,317,945, and/or the knowledge of one skilled in the art, and with respect to Claim 13, alone or in further combination with any one of U.S. Patent Nos. 3,116,507, 3,427,637, 4,543,682 or 5,493,750, or British Patent GB 2,102,281, as of the priority date of the '434 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

223.    Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 4, 5, 7, 8 and 13 of the '434 Patent would have been obvious to a person of ordinary skill in the art in view of U.S. Patent No. 3,116,507, either alone or in combination with any one of U.S. Patent Nos. 3,427,637, 3,192,551, 5,325,564, 3,785,002 or 3,317,945, and/or the knowledge of one skilled in the art, as of the priority date of the '434 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

224.    Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 4, 5, 7, 8 and 13 of the '434 Patent would have been

obvious to a person of ordinary skill in the art in view of U.S. Patent No. 3,636,583, either alone or in combination with any one of U.S. Patent Nos. 3,427,637, 3,192,551, 5,325,564, 3,785,002 or 3,317,945, and/or the knowledge of one skilled in the art, and with respect to Claim 5, alone or in further combination with any one of U.S. Patent Nos. 2,728,100, 3,083,394, 3,116,507, 3,427,637, 3,785,002, 4,543,682, 5,493,750 or 5,933,910, or foreign patents EP 0 646 507, DE 196 50 159, and with respect to Claim 8, alone or in further combination with any one of U.S. Patent Nos. 3,427,637, 3,583,682, 2,728,100, 3,116,507, 3,785,002, 5,493,750, 3,083,394 or 5,933,910, or foreign patents EP 0 646 507, DE 44 17 713 or DE 196 50 159, and with respect to Claim 13, alone or in further combination with any one of U.S. Patent Nos. 3,116,507, 3,427,637, 3,785,002, 4,543,682 or 5,493,750, or British patent GB 2,102,281, as of the priority date of the '434 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

225. Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 4, 5, 7, 8 and 13 of the '434 Patent would have been obvious to a person of ordinary skill in the art in view of U.S. Patent No. 5,493,750, either alone or in combination with any one of U.S. Patent Nos. 3,427,637, 3,192,551, 5,325,564, 3,785,002, 3,317,945, and/or the knowledge of one skilled in the art, and with respect to Claim 5, alone or in further combination with any one of U.S. Patent Nos. 2,728,100, 3,083,394, 3,116,507, 3,427,637, 2,785,002 or 4,543,682, or foreign patents EP 0 646 507 or DE 196 50 159, as of the priority date of the '434 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

226. Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 4, 5, 7, 8 and 13 of the '434 Patent would have been

obvious to a person of ordinary skill in the art in view of U.S. Patent No. 3,083,394 either alone

or in combination with any one of U.S. Patent Nos. 3,427,637, 3,192,551, 5,325,564, 3,785,002,

3,317,945, and/or the knowledge of one skilled in the art, and with respect to Claim 13, alone or

in further combination with any one of U.S. Patent Nos. 3,116,507, 4,543,682 or 5,493,750, or

British patent GB 2,102,281, as of the priority date of the '434 Patent.  35 U.S.C. § 282; 35

U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550

U.S. 398 (2007).

227.    Whether Pylon can establish by clear and convincing evidence that the subject

matter as a whole of any of claims 1, 4, 5, 7, 8 and 13 of the '434 Patent would have been

obvious to a person of ordinary skill in the art in view of British Patent GB 1,222,648, either

alone or in combination with any one of U.S. Patent Nos. 3,427,637, 3,192,551, 5,325,564,

3,785,002 or 3,317,945, and/or the knowledge of one skilled in the art, alone or in further

combination with any one of U.S. Patent Nos. 3,427,637, 4,543,682, 2,728,100, 3,116,507,

3,636,583, 5,493,750, 3,083,394 or 5,933,910, or foreign patents EP 0 646 507, DE 44 17 713 or

DE 196 50 159, and with respect to Claim 5, alone or in further combination with any one of

U.S. Patent Nos. 2,728,100, 3,083,394, 3,116,507, 3,427,637, 3,785,002, 4,543,682, or foreign

patents EP 0 646 507 or DE 196 50 159, and with respect to Claim 13, alone or in further

combination with any one of U.S. Patent Nos. 3,116,507, 3,427,637, 3,785,002, 4,543,682 or

5,493,750, or British patent GB 2,102,281 as of the priority date of the '434 Patent.  35 U.S.C. §

282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex,*

*Inc.*, 550 U.S. 398 (2007).

228.    Whether Pylon can establish by clear and convincing evidence that the subject

matter as a whole of any of claims 1, 4, 5, 7, 8 and 13 of the '434 Patent would have been

obvious to a person of ordinary skill in the art in view of European Patent EP 0 646 507 either alone or in combination with any one of U.S. Patent Nos. 3,427,637, 3,192,551, 5,325,564, 3,785,002 or 3,317,945, and/or the knowledge of one skilled in the art, and with respect to Claim 13, alone or in further combination with any one of U.S. Patent Nos. 3,116,507, 3,427,637, 3,785,002, 4,543,682 or 5,493,750, or British patent GB 2,102,281, as of the priority date of the '434 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

229.    Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 4, 5, 7, 8 and 13 of the '434 Patent would have been obvious to a person of ordinary skill in the art in view of any of the above referenced prior art taken in further view of the admissions of Bosch or its parent company, Robert Bosch GmbH.

### iii.    The '905 Patent

230.    Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 13 of the '905 Patent would have been obvious to a person of ordinary skill in the art in view of U.S. Publication No. 2003/0014828, either alone or in combination with any one of U.S. Patent Nos. 3,192,551, 5,325,564, 3,785,002, 3,317,945 or 3,881,214, and/or the knowledge of one skilled in the art, alone or in further combination with any one or more of U.S. Patent No. 3,317,945, PCT publication WO 99/02383, or German patent DE 197 36 368, as of the priority date of the '905 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

231.    Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 13 of the '905 Patent would have been obvious to a person of

ordinary skill in the art in view of U.S. Patent No. 3,881,214, either alone or in combination with any one of U.S. Patent Nos. 2,814,820, 3,088,155, 3,317,946, 3,418,676, 4,587,686, 4,976,001, 5,392,489 or 5,546,627, or British patents GB 2,106,775 or GB1,447,724, and/or the knowledge of one skilled in the art, as of the priority date of the '905Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

232.    Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 13 of the '905 Patent would have been obvious to a person of ordinary skill in the art in view of PCT Publication WO99/02383 or its U.S. equivalent, U.S. Patent No. 6,279,191, either alone or in combination with any one of U.S. Patent Nos. 2,814,820, 3,088,155, 3,317,946, 3,418,676, 3,881,214, 4,587,686, 4,976,001, 5,392,489, 5,546,627, GB 2,106,775 and GB 1,447,724., and/or the knowledge of one skilled in the art, as of the priority date of the '905Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

233.    Pylon can establish by clear and convincing evidence that the subject matter as a whole of claim 13 of the '905 Patent would have been obvious to a person of ordinary skill in the art in view of any of the above referenced prior art taken in further view of the admissions of Bosch or its parent company, Robert Bosch GmbH.

### iv.    The '512 Patent

234.    Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of claims 1, 3, 8, 9 and 13 of the '512 Patent would have been obvious to a person of ordinary skill in the art in view of DE 196 27 114, either alone or in combination with any one of U.S. Patent Nos. 6,192,546 or 6,279,191 or PCT publications WO 98/50261 or

WO 99/02383, and/or the knowledge of one skilled in the art, as of the priority date of the '512 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

235.    Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of 1, 3, 8, 9 and 13 of the '512 Patent would have been obvious to a person of ordinary skill in the art in view of DE 196 27 115, either alone or in combination with any one of U.S. Patent Nos. 6,192,546 or 6,279,191 or PCT publications WO 98/50261 or WO 99/02383, and/or the knowledge of one skilled in the art, as of the priority date of the '512 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

236.    Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of 1, 3, 8, 9 and 13 of the '512 Patent would have been obvious to a person of ordinary skill in the art in view of DE 296 11 722, either alone or in combination with any one of U.S. Patent Nos. 6,192,546 or 6,279,191 or PCT publications WO 98/50261 or WO 99/02383, and/or the knowledge of one skilled in the art, as of the priority date of the '512 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

237.    Whether Pylon can establish by clear and convincing evidence that the subject matter as a whole of any of 1, 3, 8, 9 and 13 of the '512 Patent would have been obvious to a person of ordinary skill in the art in view of PCT Publication WO 99/02383 or its U.S. equivalent U.S. Patent No. 6,279,191, either alone or in combination with any one of U.S. Patent No. 6,192,546 or PCT publication WO 98/50261, and/or the knowledge of one skilled in the art,

as of the priority date of the '512 Patent. 35 U.S.C. § 282; 35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

      c.    **Unenforceability**

238.    Whether Pylon can establish by clear and convincing evidence that:

    a.    Johannes Fehrsen, Adriaan Swanepoel, individually or jointly, conceived of, contributed to the conception of, or disclosed subject matter relevant to, the '974, '434 or '905 patents;

    b.    Fehrsen and/or Swanepoel's conception of, contribution to the conception of, or disclosure of subject matter relevant to, the subject matter of the '974, '434 or '905 patents was material to the patentability of one or more of those patents;

    c.    With an intent to deceive, one or more of the listed inventors on the '974, '434 or '905 patents withheld material information from the USPTO relating to the conception, contribution to the conception, or disclosure of relevant subject matter, by Fehrsen and/or Swanepoel; and

    d.    One or more of the '974, '434 or '905 patents is unenforceable due to inequitable conduct by one or more of the listed inventors for failing to disclose to the USPTO the conception, contribution to the conception, or disclosure of relevant subject matter by Fehrsen and/or Swanepoel regarding those patents.

37 C.F.R. § 1.56(a); *PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315 (2000); *Frank's Casing Crew & Rental Tools, Inc. v. PMR Technologies, Ltd.*, 292 F.3d 1363 (Fed. Cir. 2002); *eSpeed, Inc. v. BrokerTec USA, L.L.C.*, 480 F.3d 1129 (Fed. Cir. 2007); *Molins PLC v. Textron, Inc.*, 48 F.3d 1172 (Fed. Cir. 1995); *Takeda Pharmaceutical Co. v. Teva Pharmaceuticals USA, Inc.*, 542 F. Supp. 2d 342 (D. Del. 2008).

### d.    Estoppel

239.    Whether the limitation "wherein a section of the wind deflection strip is disposed between and in contact with each respective end cap and the device piece" as recited in claim 13 of the '905 Patent is entitled to equivalents.

### e.    Disclaimer

240.    Whether the '974 Patent disclaims wind deflection strips (or "components") having a hardness greater than the hardness of the wiper strip.

## VI.    PREMARKED EXHIBIT LIST

241.    Bosch's list of exhibits that it may offer at trial, except exhibits offered solely for purposes of impeachment, is attached as Exhibit 1. Pylon's objections to those exhibits are also attached as Exhibit 1.

242.    Pylon's list of exhibits that it may offer at trial, except exhibits offered solely for purposes of impeachment, is attached as Exhibit 2. Bosch's objections to those exhibits are also attached as Exhibit 2.

243.    A party's failure to introduce into evidence any exhibit appearing on its list shall not be commented on at trial.

244.    The parties exchanged final exhibit lists and copies of proposed exhibits on March 11, 2010. The parties exchanged objections to exhibit lists on March 17, 2010.

245.    Copies of the actual exhibits and all physical exhibits are available for inspection in Wilmington, Delaware on April 9, 2010.

246.    The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document.

247.    The parties have not listed demonstrative exhibits in this pretrial submission.
Except for demonstrative exhibits created during the testimony of a witness, the parties agree to
exchange demonstrative exhibits no later than 9:00 p.m., two calendar days prior to the use of the
demonstratives, unless the parties agree to alternative arrangements.  Objections to
demonstrative exhibits will be exchanged by 9:00 p.m. one calendar day after receiving the
demonstrative exhibits.  Demonstrative exhibits used in cross-examination and not previously
disclosed shall be provided to the other side by 7:00 p.m. the night before its anticipated use,
except for demonstratives created during the cross-examination of the witness, unless the parties
agree to alternative arrangements.  Objections to such demonstratives will be exchanged by 8:00
a.m. the day of their anticipated use.

248.    All animations, models, and simulations will be produced by 9:00 p.m., two
calendar days prior to the use of such animations, models and simulations.  Objections to the
animations, models and simulations will be exchanged by 9:00 p.m. one calendar day after
receiving them, unless the parties agree to alternative arrangements.

249.    Any party may offer into evidence any exhibit listed on another party's exhibit
list, subject to objection on grounds other than the exhibit not being included on the offering
party's exhibit list.

250.    The authentication of (i) issued United States patents; (ii) issued foreign patents;
(iii) publications from U.S. or foreign Patent Offices (including PCT publications); and (iv) U.S.
and foreign Patent Office files; shall be rebuttably presumed pursuant to Federal Rule of
Evidence 901 and 902.  Legible photocopies of the foregoing may be offered and received into
evidence in lieu of the certified copies.  The dates of filing and issuance, and the identity of the
inventors of record of such patents shall be deemed as filed and recorded with the U.S. or foreign

patent office, subject to the right of the party against whom it is offered to adduce evidence to the contrary.

251.   Legible copies of printed publications may be offered and received in evidence in lieu of originals, subject to all other objections which might be made to the admissibility of such originals.

## VII.   WITNESS NAMES AND DEPOSITION DESIGNATIONS

252.   Bosch's list of witnesses that it intends to call to testify at trial, either in person or by deposition, and Pylon's objections thereto is attached as Exhibit 3.

253.   Pylon's list of witnesses that it intends to call to testify at trial, either in person or by deposition, and Bosch's objections thereto is attached as Exhibit 4.

254.   For any party testifying by deposition, the parties shall provide deposition designations (in page and line format) to opposing counsel 72 hours before their proffer. Counter-designations shall be provided within the next 24 hours.  Counter-counter designations shall be provided within the next 24 hours. Both the designations and counter-designations shall be read together or played together in page order.

255.   The listing of a witness on a party's witness list does not require that party to call that witness to testify, either live or by deposition, and a party's failure to call a witness identified on the witness list shall not be commented on during trial.

256.   For those depositions that have been videotaped or audiotaped, a party may present deposition testimony by videotape, audiotape, transcript or both (as part of the same presentation).

257.   Before and during trial, unless otherwise directed by the Court, each party shall provide to the other party, at least 48 hours in advance, written notice of all witnesses to be

called, either live or by deposition and all exhibits the party will use with each witness on direct

examination (or cross-examination of an adverse witness called during the offering party's case),

including exhibits to be used on direct examination of rebuttal witness, unless the parties agree to

alternate arrangements.

258.    Prior to any deposition videotaped testimony being shown to the jury, or

audiotape played to the jury, the specific portions to be shown or played, and the manner of

presentation shall be made available for review by the opposing party to ensure its adherence to

the parties' agreement and accuracy.

## VIII.   BRIEF STATEMENTS OF WHAT THE PARTIES INTEND TO PROVE AT TRIAL IN SUPPORT OF THEIR CLAIMS

### A.   Bosch's Brief Statement of Proof at Trial

#### 1.   Bosch's Patent Infringement Claims

259.    Bosch will prove by a preponderance of evidence that Pylon infringed and

continues to infringe claims 1, 2, and 8 of the '974 patent by importing into the United States,

offering for sale, or selling in the United States its Generation 1, 2, and/or 3 wiper blades.

260.    Bosch will prove by a preponderance of evidence that Pylon infringed and

continues to infringe claims 1, 4, 5, 7, 8, and 13 of the '434 patent by importing into the United

States, offering for sale, or selling in the United States its Generation 1, 2, and/or 3 wiper blades.

261.    Bosch will prove by a preponderance of evidence that Pylon infringed and

continues to infringe claim 13 of the '905 patent by importing into the United States, offering for

sale, or selling in the United States its Generation 1, 2, and/or 3 wiper blades.

262.    Bosch will prove by a preponderance of evidence that Pylon infringed and

continues to infringe claims 1, 3, 8, 9, 13 of the '512 patent by importing into the United States,

offering for sale, or selling in the United States its Generation 1 wiper blades.

263.    Bosch intends to prove that Pylon's beam blades are manufactured in China by one of two third party Chinese companies.

264.    Bosch intends to prove that Pylon imports these blades from China and has subsequently offered for sale or sold such blades in the United States, Canada, Mexico and other parts of Central America.

265.    Bosch intends to prove that it is the owner of the '974, '434, '905 and '512 patents.

266.    To the extent necessary, Bosch intends to introduce evidence to rebut each of Pylon's defenses to Bosch's infringement contentions. Bosch intends to show that Pylon cannot meet its burden of proving, by clear and convincing evidence, that any of claims 1, 2, and 8 of the '974 patent, claims 1, 4, 5, 7, 8, and 13 of the '434 patent, claim 13 of the '905 patent, or claims 1, 3, 8, 9, 13 of the '512 patent is invalid, or that the '974, '434, and '905 patents are unenforceable due to inequitable conduct.

### 2.    Pylon's Patent Infringement Counterclaim

267.    To the extent necessary, Bosch intends to introduce evidence to rebut Pylon's claim that Bosch's U3 connector infringes claims 1, 2, 9, 10, 23 and 24 of Pylon's '380 patent.

268.    To the extent necessary, Bosch intends to present evidence that it does not infringe any of the asserted claims of the '380 patent because the U3 connector does not contain a rail having a forwardmost end or a forwardmost free end "positioned rearward of said pin passage and said rivet passage," as required by all asserted claims of the '380 patent.

269.    To the extent necessary, Bosch intends to present evidence that it does not infringe any of the asserted claims of the '380 patent because the U3 connector does not meet the

limitation of including "said central bridge and first and second side walls defining a pin passage and rivet passage," as required by all asserted claims of the '380 patent;

270.    To the extent necessary, Bosch intends to present evidence that it does not infringe asserted claim 1, and asserted claims 2, 9 and 10 which depend thereon, of the '380 patent because the U3 connector does not have a "rail-free hook insertion space below said bridge, forward of said pin passage, and between said side walls," as required by claim 1.

271.    To the extent necessary, Bosch intends to present evidence that it does not infringe claims 9 and 23 of the '380 patent because the U3 connector does not have "front wings extending forward of said central bridge and engagement tabs extending inward from said wings" or "a cavity to permit laterally outward movement of said engagement tabs into said cavities," as required by those claims.

272.    To the extent necessary, Bosch intends to present evidence that it does not infringe claims 10 and 24 of the '380 patent because the portions of the U3 connector that Pylon has identified as the "front" and "rear" segments overlap each other and therefore cannot meet the limitation of "said front and rear segments being longitudinally spaced from one another to define a gap therebetween," as required by those claims.

273.    To the extent necessary, Bosch intends to present evidence that it does not infringe any claims of the '380 patent under the doctrine of equivalents because any alleged equivalent does not perform the identical function, in substantially the same way to achieve substantially the same result as the limitations at issue.

274.    Bosch intends to prove by clear and convincing evidence that asserted claims 1, 2, 9 and 10 of the '380 patent are indefinite as the limitation "said rail having a forwardmost free end positioned rearward of said pin passage to define a rail-free hook insertion space below said

bridge, forward of said pin passage, and between said side walls" is incapable of construction and would not inform one of skill in the art of the bounds of the claim when read in light of the specification.

275.    Bosch intends to prove by clear and convincing evidence that the asserted claims of the '380 patent are invalid as anticipated by U.S. Patent No. 5,611,103, which discloses each and every limitation of each of the asserted claims.

276.    Bosch intends to prove by clear and convincing evidence that the asserted claims of the '380 patent are invalid as anticipated by U.S. Patent 6,658,690 and its published PCT application No. WO 01/15945, which disclose each and every limitation of each of the asserted claims.

277.    Bosch intends to prove by clear and convincing evidence that asserted claims 1, 2, 9 and 23 of the '380 patent are invalid as anticipated by U.S. Patent 5,937,474, which discloses each and every limitation of those claims.

278.    Bosch intends to prove by clear and convincing evidence that the asserted claims of the '380 patent are rendered obvious by U.S. Patent 5,611,103 and the knowledge of one skilled in the art as of the time the '380 patent was filed.

279.    Bosch intends to prove by clear and convincing evidence that the asserted claims of the '380 patent are rendered obvious by U.S. Patent 6,658,690 (and its published PCT application no. WO 01/15945) and the knowledge of one skilled in the art as of the time the '380 patent was filed.

280.    Bosch intends to prove by clear and convincing evidence that asserted claims 1 and 2 of the '380 patent are rendered obvious in view of U.S. Patent 6,332,236 in combination

with U.S. Patent 5,611,103 and/or the knowledge of one skilled in the art as of the time the '380 patent was filed.

281.  Bosch intends to prove by clear and convincing evidence that the asserted claims of the '380 patent are rendered obvious in view of Bosch's U1 or U2 connectors, either alone or in combination with U.S. Patent 6,539,576 and/or the knowledge of one skilled in the art as of the time the '380 patent was filed.

### B.  Pylon's Brief Statement of Proof at Trial

#### 1.  Pylon's Patent Infringement Counterclaims

282.  Pylon will prove by a preponderance of evidence that Bosch infringed, is infringing and/or continues to infringe claims 1, 2, 9, 10, 23 and 24 of the '380 patent by importing into the United States, offering for sale, or selling in the United States its U3 connector incorporated into the Evolution wiper blades.

283.  To the extent necessary, Pylon intends to introduce evidence to rebut each of Bosch's defenses to Pylon's infringement contentions.

284.  Pylon intends to show that Bosch cannot meet its burden of proving, by clear and convincing evidence, that any of claims 1, 2, 9, 10, 23 and 24 of the '380 patent are invalid.

285.  Pylon intends to show that U.S. Patent 6,658,690 and its published PCT Application WO 01/15945 are not prior art to the '380 patent.

286.  Pylon intends to show that U.S. Patent 6,332,236 is not prior art to the '380 patent.

287.  Pylon intends to show that U.S. Patent 6,539,576 is not prior art to the '380 patent.

## 2.    Bosch's Patent Infringement Claims

288.    Pylon intends to prove that Bosch lacks standing to assert the '974 patent because of the non-joinder of either Johannes Fehrsen, Adriaan Swanepoel, or both, as inventors, who are not named as a party to this action.

289.    To the extent necessary, Pylon intends to introduce evidence to rebut Bosch's claim that its Generations 1, 2 and/or 3 wiper blades infringe claims 1, 2, and 8 of the '974 patent.

290.    To the extent necessary, Pylon intends to present evidence that it does not infringe any of the asserted claims of the '974 patent because the Generation 1, 2 and 3 wiper blades do not meet the limitation of a component as required by all asserted claims of the '974 patent.

291.    To the extent necessary, Pylon intends to present evidence that it does not infringe any of the asserted claims of the '974 patent because the Generation 1, 2 and 3 wiper blades do not meet the limitation of a wiper strip mounted to said concave surface of said support element as required by all asserted claims of the '974 patent.

292.    To the extent necessary, Pylon intends to present evidence that it does not infringe any of the asserted claims of the '974 patent because the Generation 1, 2 and 3 wiper blades do not meet the limitation of a component mounted directly to the convex surface of said support element as required by all asserted claims of the '974 patent.

293.    To the extent necessary, Pylon intends to present evidence that it does not infringe any of the asserted claims of the '974 patent because the Generation 1, 2 and 3 wiper blades have a wind deflection strip having a hardness that is greater than the wiper strip, which is disclaimed from all asserted claims of the '974 patent.

294.   To the extent necessary, Pylon intends to present evidence that it does not infringe any claims of the '974 patent under the doctrine of equivalents because any alleged equivalent does not perform the identical function, in substantially the same way to achieve substantially the same result as the limitations at issue.

295.   Pylon intends to prove that Bosch lacks standing to assert the '434 patent because of the non-joinder of either Johannes Fehrsen, Adriaan Swanepoel, or both, as inventors, who are not named as a party to this action.

296.   To the extent necessary, Pylon intends to introduce evidence to rebut Bosch's claim that its Generations 1, 2 and/or 3 wiper blades infringe claims 1, 4, 5, 7, 8, and 13 of the '434 patent.

297.   To the extent necessary, Pylon intends to present evidence that it does not infringe any of the asserted claims of the '434 patent because the Generation 1, 2 and 3 wiper blades do not meet the limitation of a termination part bracing itself on the wiper blade as required by all asserted claims of the '434 patent.

298.   To the extent necessary, Pylon intends to present evidence that it does not infringe any of the asserted claims of the '434 patent because the Generation 1, 2 and 3 wiper blades do not meet the limitation of a termination part having a base body as required by all asserted claims of the '434 patent.

299.   To the extent necessary, Pylon intends to present evidence that it does not infringe any of the asserted claims of the '434 patent because the Generation 1, 2 and 3 wiper blades do not meet the limitation of at least one detent shoulder pointing toward the other end portion as required by all asserted claims of the '434 patent.

300.    To the extent necessary, Pylon intends to present evidence that it does not infringe any of the asserted claims of the '434 patent because the Generation 1, 2 and 3 wiper blades do not meet the limitation of a counterpart shoulder present on the termination part associated with the detent shoulder as required by all asserted claims of the '434 patent.

301.    To the extent necessary, Pylon intends to present evidence that it does not infringe claim 4 of the '434 patent because the Generation 1, 2 and 3 wiper blades do not meet the limitation of cavities for receiving protrusions protruding from the long sides of the support element as required by this claim of the '434 patent.

302.    To the extent necessary, Pylon intends to present evidence that it does not infringe claim 5 of the '434 patent because the Generation 1, 2 and 3 wiper blades do not meet the limitation of a detent shoulder embodied on at least one of the two long sides of the support element as required by this claim of the '434 patent.

303.    To the extent necessary, Pylon intends to present evidence that it does not infringe claim 7 of the '434 patent because the Generation 1, 2 and 3 wiper blades do not meet the limitation of a detent shoulder embodied on a detent tooth that protrudes from the long side of the support element as required by this claim of the '434 patent.

304.    To the extent necessary, Pylon intends to present evidence that it does not infringe claim 8 of the '434 patent because the Generation 1, 2 and 3 wiper blades do not meet the limitation of a recess for receiving protrusions protruding from the face end of the support element disposed on the inside wall, covering the face end of the support element as required by this claim of the '434 patent.

305.    To the extent necessary, Pylon intends to present evidence that it does not infringe any claims of the '434 patent under the doctrine of equivalents because any alleged equivalent

does not perform the identical function, in substantially the same way to achieve substantially the same result as the limitations at issue.

306.     Pylon intends to prove that Bosch lacks standing to assert the '905 patent because of the non-joinder of either Johannes Fehrsen, Adriaan Swanepoel, or both, as inventors, who are not named as a party to this action.

307.     To the extent necessary, Pylon intends to introduce evidence to rebut Bosch's claim that its Generation 1, 2 and/or 3 wiper blades infringe claim 13 of the '905 patent.

308.     To the extent necessary, Pylon intends to present evidence that it does not infringe claim 13 of the '905 patent because the Generation 1, 2 and 3 wiper blades do not meet the limitation of a section of the wind deflection strip disposed between and in contact with each respective end cap and the device piece as required by claim 13 of the '905 patent.

309.     To the extent necessary, Pylon intends to present evidence that it does not infringe any claims of the '905 patent under the doctrine of equivalents because any alleged equivalent does not perform the identical function, in substantially the same way to achieve substantially the same result as the limitations at issue.

310.     To the extent necessary, Pylon intends to present evidence that it does not infringe claim 13 of the '905 patent under the doctrine of equivalents because the element "wherein a section of the wind deflection strip is disposed between and in contact with each respective end cap and the device piece" is not entitled to any equivalents.

311.     To the extent necessary, Pylon intends to introduce evidence to rebut Bosch's claim that its Generation 1 wiper blades infringe claims 1, 3, 8, 9, 13 of the '512 patent.

312.     To the extent necessary, Pylon intends to present evidence that it does not infringe any of the asserted claims of the '512 patent because the Generation 1 wiper blades do not meet

the limitation of each crosspiece disposed at the end sections of the two spring strips is provided with a covering cap preferably made of plastic as required by all asserted claims of the '512 patent.

313.   To the extent necessary, Pylon intends to present evidence that it does not infringe claims 9 of the '512 patent because the Generation 1 wiper blades do not meet the limitation of a narrow intermediary strip that is formed by groove-like constrictions or longitudinal edges of the spring strips disposed in one of the two groove-like constrictions as required by this claim of the '512 patent.

314.   To the extent necessary, Pylon intends to present evidence that it does not infringe claim 13 of the '512 patent because the Generation 1 wiper blades do not meet the limitation of each spring strip, at least with a central edge strip, protrudes from its groove-like constriction as required by this claim of the '512 patent.

315.   To the extent necessary, Pylon intends to present evidence that it does not infringe any claims of the '512 patent under the doctrine of equivalents because any alleged equivalent does not perform the identical function, in substantially the same way to achieve substantially the same result as the limitations at issue.

316.   Pylon intends to prove by clear and convincing evidence that Claim 1 of the '974 patent is invalid for lack of sufficient written description.

317.   Pylon intends to prove by clear and convincing evidence that claim 2 of the '974 patent is invalid for indefiniteness.

318.   Pylon intends to prove by clear and convincing evidence that claim 2 of the '974 patent is invalid for failing to specify a further limitation of the subject matter claimed in claim 1.

319.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as being obvious in view of U.S. Patent No. 3,192,551, either alone or in combination with any one of U.S. Patent Nos. 2,746,077, 3,056,991, 3,082,464, 3,317,946, 3,418,676, 3,418,679, 3,427,637, 3,566,432, 3,879,793, 3,881,214, 3,942,212, 4,014,061, 4,063,328, 5,383,249, 5,546,627, or 6,058,555, or foreign patents DE 23 11 293, DE 23 36 271, DE 24 40 179, DE 33 29 391, EP 316,114, EP 499,829, FR 2,199,302, GB1,429,820, GB 2,106,775 and GB 2,189,383, or vice versa, and/or the knowledge of one skilled in the art as of the time the '974 patent was filed.

320.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as being obvious in view of U.S. Patent No. 3,317,945, either alone or in combination with any one of U.S. Patent Nos. 2,746,077, 3,056,991, 3,082,464, 3,317,946, 3,418,676, 3,418,679, 3,427,637, 3,566,432, 3,879,793, 3,881,214, 3,942,212, 4,014,061, 4,063,328, 5,383,249, 5,546,627, or 6,058,555, or foreign patents DE 23 11 293, DE 23 36 271, DE 24 40 179, DE 33 29 391, EP 316,114, EP 499,829, FR 2,199,302, GB1,429,820, GB 2,106,775 and GB 2,189,383, or vice versa, and/or the knowledge of one skilled in the art as of the time the '974 patent was filed.

321.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as being obvious in view of U.S. Patent No. 3,785,002, either alone or in combination with any one of U.S. Patent Nos. 2,746,077, 3,056,991, 3,082,464, 3,317,946, 3,418,676, 3,418,679, 3,427,637, 3,566,432, 3,879,793, 3,881,214, 3,942,212, 4,014,061, 4,063,328, 5,383,249, 5,546,627, or 6,058,555, or foreign patents DE 23 11 293, DE 23 36 271, DE 24 40 179, DE 33 29 391, EP 316,114, EP 499,829, FR 2,199,302, GB1,429,820, GB

2,106,775 and GB 2,189,383, or vice versa, and/or the knowledge of one skilled in the art as of the time the '974 patent was filed.

322.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as being obvious in view of U.S. Patent No. 5,325,564, either alone or in combination with any one of U.S. Patent Nos. 2,746,077, 3,056,991, 3,082,464, 3,317,946, 3,418,676, 3,418,679, 3,427,637, 3,566,432, 3,879,793, 3,881,214, 3,942,212, 4,014,061, 4,063,328, 5,383,249, 5,546,627, or 6,058,555, or foreign patents DE 23 11 293, DE 23 36 271, DE 24 40 179, DE 33 29 391, EP 316,114, EP 499,829, FR 2,199,302, GB1,429,820, GB 2,106,775 and GB 2,189,383, or vice versa, and/or the knowledge of one skilled in the art as of the time the '974 patent was filed.

323.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as anticipated by U.S. Patent No. 3,881,214, which discloses each and every limitation of each of the asserted claims.

324.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as being obvious in view of U.S. Patent No. 3,881,214 either alone or in combination with the knowledge of one skilled in the art as of the time the '974 patent was filed.

325.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as anticipated by FR 2,199,302, which discloses each and every limitation of each of the asserted claims.

326.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as being obvious in view of FR 2,199,302, either alone or in combination with the knowledge of one skilled in the art as of the time the '974 patent was filed.

327.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as anticipated by U.S. Patent No. 4,014,061, which discloses each and every limitation of each of the asserted claims.

328.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as being obvious in view of U.S. Patent No. 4,014,061, either alone or in combination with the knowledge of one skilled in the art as of the time the '974 patent was filed.

329.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as anticipated by DE 2440179, which discloses each and every limitation of each of the asserted claims.

330.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as being obvious in view of DE 2440179, either alone or in combination with the knowledge of one skilled in the art as of the time the '974 patent was filed.

331.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as anticipated by U.S. Patent No. 3,427,637, which discloses each and every limitation of each of the asserted claims.

332.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as being obvious in view of U.S. Patent No. 3,427,637, either alone or in combination with the knowledge of one skilled in the art as of the time the '974 patent was filed.

333.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as anticipated by U.S. Patent No. 3,317,945, which discloses each and every limitation of each of the asserted claims.

334. Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as being obvious in view of U.S. Patent No. 3,317,945, either alone or in combination with any one of U.S. Patent Nos. 3,881,214, 4,014,061, 3,427,637, 3,056,991, 3,082,464, or 3,942,212, and/or the knowledge of one skilled in the art as of the time the '974 patent was filed.

335. Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as anticipated by U.S. Patent No. 3,056,991, which discloses each and every limitation of each of the asserted claims.

336. Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as being obvious in view of U.S. Patent No. 3,056,991, either alone or in combination with any one of U.S. Patent Nos. 3,881,214, 4,014,061, 3,427,637 or 3,317,945, and/or the knowledge of one skilled in the art as of the time the '974 patent was filed.

337. Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as anticipated by U.S. Patent No. 3,082,464, which discloses each and every limitation of each of the asserted claims.

338. Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as being obvious in view of U.S. Patent No. 3,082,464, either alone or in combination with any one of U.S. Patent Nos. 3,881,214, 4,014,061, 3,427,637 or 3,317,945, and/or the knowledge of one skilled in the art as of the time the '974 patent was filed.

339. Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as anticipated by U.S. Patent No. 3,942,212, which discloses each and every limitation of each of the asserted claims.

340.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as being obvious in view of U.S. Patent No. 3,942,212, either alone or in combination with any one of U.S. Patent Nos. 3,881,214, 4,014,061, 3,427,637 or 3,317,945, and/or the knowledge of one skilled in the art as of the time the '974 patent was filed.

341.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as anticipated by U.S. Patent No. 3,418,676, which discloses each and every limitation of each of the asserted claims.

342.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as being obvious in view of U.S. Patent No. 3,418,676, either alone or in combination with any one of U.S. Patent Nos. 3,881,214, 4,014,061, 3,427,637 or 3,317,945, and/or the knowledge of one skilled in the art as of the time the '974 patent was filed.

343.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as anticipated by GB 1,429,820, which discloses each and every limitation of each of the asserted claims.

344.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '974 patent are invalid as being obvious in view of GB 1,429,820, either alone or in combination with any one of U.S. Patent Nos. 3,881,214, 4,014,061, 3,427,637 or 3,317,945, and/or the knowledge of one skilled in the art, alone or in further combination with any one of U.S. Patent Nos. 3,881,214, 4,014,061 or 3,427,637, as of the time the '974 patent was filed.

345.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as anticipated by U.S. Patent No. 2,728,100, which discloses each and every limitation of each of the asserted claims.

346.     Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as being obvious in view of U.S. Patent No. 2,728,100, either alone or in combination with any one of U.S. Patent Nos. 3,427,637, 3,192,551, 5,325,564, 3,785,002 or 3,317,945, and/or the knowledge of one skilled in the art, and with respect to Claim 13, alone or in further combination with any one of U.S. Patent Nos. 3,116,507, 3,427,637, 4,543,682 or 5,493,750, or British Patent GB 2,102,281, as of the time the '434 patent was filed.

347.     Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as anticipated by U.S. Patent No. 3,083,394, which discloses each and every limitation of each of the asserted claims.

348.     Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as being obvious in view of U.S. Patent No. 3,083,394, either alone or in combination with any one of U.S. Patent Nos. 3,427,637, 3,192,551, 5,325,564, 3,785,002, 3,317,945, and/or the knowledge of one skilled in the art, and with respect to Claim 13, alone or in further combination with any one of U.S. Patent Nos. 3,116,507, 4,543,682 or 5,493,750, or British patent GB 2,102,281, as of the time the '434 patent was filed.

349.     Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as anticipated by U.S. Patent No. 3,116,507, which discloses each and every limitation of each of the asserted claims.

350.     Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as being obvious in view of U.S. Patent No. 3,116,507, either alone or in combination with any one of U.S. Patent Nos. 3,427,637, 3,192,551, 5,325,564, 3,785,002 or 3,317,945, and/or the knowledge of one skilled in the art as of the time the '434 patent was filed.

351.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as anticipated by U.S. Patent No. 3,427,637, which discloses each and every limitation of each of the asserted claims.

352.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as being obvious in view of U.S. Patent No. 3,427,637, either alone or in combination the knowledge of one skilled in the art as of the time the '434 patent was filed.

353.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as anticipated by U.S. Patent No. 3,626,544, which discloses each and every limitation of each of the asserted claims.

354.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as being obvious in view of U.S. Patent No. 3,626,544, either alone or in combination with any one of U.S. Patent Nos. 3,427,637, 3,192,551, 5,325,564, 3,785,002 or 3,317,945, and/or the knowledge of one skilled in the art, and with respect to Claim 5, alone or in further combination with any one of U.S. Patent Nos. 3,427,637, 2,728,100, 3,083,394, 3,116,507, 3,785,002 or 4,543,682, or foreign patents EP 0 646 507 or DE 196 50 159, and with respect to Claim 13, alone or in further combination with any one of U.S. Patent Nos. 3,116,507, 3,427,637, 3,785,002, 4,543,682 or 5,493,750 or British patent GB 2,102,281, as of the time the '434 patent was filed.

355.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as anticipated by U.S. Patent No. 3,636,583, which discloses each and every limitation of each of the asserted claims.

356.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as being obvious in view of U.S. Patent No. 3,636,583, either alone

or in combination with any one of U.S. Patent Nos. 3,427,637, 3,192,551, 5,325,564, 3,785,002 or 3,317,945, and/or the knowledge of one skilled in the art, and with respect to Claim 5, alone or in further combination with any one of U.S. Patent Nos. 2,728,100, 3,083,394, 3,116,507, 3,427,637, 3,785,002, 4,543,682, 5,493,750 or 5,933,910, or foreign patents EP 0 646 507, DE 196 50 159, and with respect to Claim 8, alone or in further combination with any one of U.S. Patent Nos. 3,427,637, 3,583,682, 2,728,100, 3,116,507, 3,785,002, 5,493,750, 3,083,394 or 5,933,910, or foreign patents EP 0 646 507, DE 44 17 713 or DE 196 50 159, and with respect to Claim 13, alone or in further combination with any one of U.S. Patent Nos. 3,116,507, 3,427,637, 3,785,002, 4,543,682 or 5,493,750, or British patent GB 2,102,281, as of the time the '434 patent was filed.

357. Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as anticipated by U.S. Patent No. 3,785,002, which discloses each and every limitation of each of the asserted claims.

358. Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as being obvious in view of U.S. Patent No. 3,785,002, either alone or in combination with any one of U.S. Patent Nos. 3,427,637, 4,543,682, 2,728,100, 3,116,507, 3,636,583, 5,493,750, 3,083,394 or 5,933,910, or foreign patents EP 0 646 507, DE 44 17 713, or DE 196 50 159, and/or the knowledge of one skilled in the art as of the time the '434 patent was filed.

359. Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as anticipated by U.S. Patent No. 4,543,682, which discloses each and every limitation of each of the asserted claims.

360.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as being obvious in view of U.S. Patent No. 4,543,682, either alone or in combination with any one of U.S. Patent Nos. 3,427,637, 3,192,551, 5,325,564, 3,785,002 or 3,317,945, and/or the knowledge of one skilled in the art as of the time the '434 patent was filed.

361.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as anticipated by U.S. Patent No. 5,493,750, which discloses each and every limitation of each of the asserted claims.

362.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as being obvious in view of U.S. Patent No. 5,493,750, either alone or in combination with any one of U.S. Patent Nos. 3,427,637, 3,192,551, 5,325,564, 3,785,002, 3,317,945, and/or the knowledge of one skilled in the art, and with respect to Claim 5, alone or in further combination with any one of U.S. Patent Nos. 2,728,100, 3,083,394, 3,116,507, 3,427,637, 2,785,002 or 4,543,682, or foreign patents EP 0 646 507 or DE 196 50 159, as of the time the '434 patent was filed.

363.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as anticipated by EP 0 646 507, which discloses each and every limitation of each of the asserted claims.

364.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as being obvious in view of EP 0 646 507, either alone or in combination with any one of U.S. Patent Nos. 3,427,637, 3,192,551, 5,325,564, 3,785,002 or 3,317,945, and/or the knowledge of one skilled in the art, and with respect to Claim 13, alone or

in further combination with any one of U.S. Patent Nos. 3,116,507, 3,427,637, 3,785,002, 4,543,682 or 5,493,750, or British patent GB 2,102,281, as of the time the '434 patent was filed.

365.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as anticipated by British Patent 1,222,648, which discloses each and every limitation of each of the asserted claims.

366.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '434 patent are invalid as being obvious in view of British Patent 1,222,648, either alone or in combination with any one of U.S. Patent Nos. 3,427,637, 3,192,551, 5,325,564, 3,785,002 or 3,317,945, and/or the knowledge of one skilled in the art, alone or in further combination with any one of U.S. Patent Nos. 3,427,637, 4,543,682, 2,728,100, 3,116,507, 3,636,583, 5,493,750, 3,083,394 or 5,933,910, or foreign patents EP 0 646 507, DE 44 17 713 or DE 196 50 159, and with respect to Claim 5, alone or in further combination with any one of U.S. Patent Nos. 2,728,100, 3,083,394, 3,116,507, 3,427,637, 3,785,002, 4,543,682, or foreign patents EP 0 646 507 or DE 196 50 159, and with respect to Claim 13, alone or in further combination with any one of U.S. Patent Nos. 3,116,507, 3,427,637, 3,785,002, 4,543,682 or 5,493,750, or British patent GB 2,102,281, as of the time the '434 patent was filed.

367.    Pylon intends to prove by clear and convincing evidence that claims 1, 4, 5, 7, 8 and 13 of the '434 Patent are invalid for indefiniteness.

368.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '905 patent are invalid as anticipated by U.S. Publication No. 2003/0014828, which discloses each and every limitation of each of the asserted claims.

369.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '905 patent are invalid as being obvious in view of U.S. Publication No. 2003/0014828,

either alone or in combination with any one of U.S. Patent Nos. 3,192,551, 5,325,564, 3,785,002, 3,317,945 or 3,881,214, and/or the knowledge of one skilled in the art, alone or in further combination with any one or more of U.S. Patent No. 3,317,945, PCT publication WO 99/02383, or German patent DE 197 36 368, as of the time the '512 patent was filed.

370.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '905 patent are invalid as anticipated by U.S. Patent No. 3,881,214, which discloses each and every limitation of each of the asserted claims.

371.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '905 patent are invalid as being obvious in view of U.S. Patent No. 3,881,214, either alone or in combination with any one of U.S. Patent Nos. 2,814,820, 3,088,155, 3,317,946, 3,418,676, 4,587,686, 4,976,001, 5,392,489 or 5,546,627, or British patents GB 2,106,775 or GB1,447,724, and/or the knowledge of one skilled in the art, as of the time the '512 patent was filed.

372.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '905 patent are invalid as anticipated by PCT Publication WO 99/02383 or its equivalent U.S. Patent No. 6,279,191, which discloses each and every limitation of each of the asserted claims.

373.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '905 patent are invalid as being obvious in view of PCT Publication WO 99/02383 or its equivalent U.S. Patent No. 6,279,191, either alone or in combination with any one of U.S. Patent Nos. 2,814,820, 3,088,155, 3,317,946, 3,418,676, 3,881,214, 4,587,686, 4,976,001, 5,392,489, 5,546,627, GB 2,106,775 and GB 1,447,724, and/or the knowledge of one skilled in the artas of the time the '512 patent was filed.

374.   Pylon intends to prove by clear and convincing evidence that claim 13 of the '905 patent is invalid for lack of sufficient written description.

375.   Pylon intends to prove by clear and convincing evidence that the asserted claims of the '512 patent are invalid as anticipated by DE 196 27 114, which discloses each and every limitation of each of the asserted claims.

376.   Pylon intends to prove by clear and convincing evidence that the asserted claims of the '512 patent are invalid as being obvious in view of DE 196 27 114 either alone or in combination with any one of U.S. Patent Nos. 6,192,546 or 6,279,191 or PCT publications WO 98/50261 or WO 99/02383, and/or the knowledge of one skilled in the art as of the time the '512 patent was filed.

377.   Pylon intends to prove by clear and convincing evidence that the asserted claims of the '512 patent are invalid as anticipated by DE 196 27 115, which discloses each and every limitation of each of the asserted claims.

378.   Pylon intends to prove by clear and convincing evidence that the asserted claims of the '512 patent are invalid as being obvious in view of DE 196 27 115, either alone or in combination with any one of U.S. Patent Nos. 6,192,546 or 6,279,191 or PCT publications WO 98/50261 or WO 99/02383, and/or the knowledge of one skilled in the art, as of the time the '512 patent was filed.

379.   Pylon intends to prove by clear and convincing evidence that the asserted claims of the '512 patent are invalid as anticipated by DE 296 11 722, which discloses each and every limitation of each of the asserted claims.

380.   Pylon intends to prove by clear and convincing evidence that the asserted claims of the '512 patent are invalid as being obvious in view of DE 296 11 722, either alone or in

combination with any one of U.S. Patent Nos. 6,192,546 or 6,279,191 or PCT publications WO 98/50261 or WO 99/02383, and/or the knowledge of one skilled in the art, as of the time the '512 patent was filed.

381.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '512 patent are invalid as anticipated by PCT Publication WO 99/02383, which discloses each and every limitation of each of the asserted claims.

382.    Pylon intends to prove by clear and convincing evidence that the asserted claims of the '512 patent are invalid as being obvious in view of PCT Publication WO 99/02383 or its U.S. equivalent U.S. Patent No. 6,279,191, either alone or in combination with any one of U.S. Patent No. 6,192,546 or PCT publication WO 98/50261, and/or the knowledge of one skilled in the art, as of the time the '512 patent was filed.

383.    Pylon intends to prove by clear and convincing evidence that claim 13 of the '512 patent is invalid for lack of sufficient written description.

384.    Pylon intends to prove by clear and convincing evidence that claim 8 of the '512 patent is invalid for indefiniteness.

385.    Pylon intends to prove by clear and convincing evidence that the inventorship reflected on the '974 Patent is incorrect because either Johannes Fehrsen, Adriaan Swanepoel, or both, are proper inventors.

386.    Pylon intends to prove by clear and convincing evidence that the inventorship reflected on the '434 Patent is incorrect because either Johannes Fehrsen, Adriaan Swanepoel, or both, are proper inventors.

387.   Pylon intends to prove by clear and convincing evidence that the inventorship reflected on the '905 Patents is incorrect because either Johannes Fehrsen, Adriaan Swanepoel, or both, are inventors.

388.   Pylon intends to prove that the Court lacks subject matter jurisdiction over the issues relating to the '974 Patent.

389.   Pylon intends to prove that the Court lacks subject matter jurisdiction over the issues relating to the '434 Patent.

390.   Pylon intends to prove that the Court lacks subject matter jurisdiction over the issues relating to the '905 Patent.

391.   To the extent Bosch requests correction of inventorship of one or more of the '974, '434 or '905 Patents, Pylon intends to prove that correction is not available under 35 U.S.C. § 256.

392.   Pylon intends to prove by clear and convincing evidence that the '974 Patent is invalid because one or more of the listed inventors did not himself invent the claimed subject matter.

393.   Pylon intends to prove by clear and convincing evidence that the '434 Patent is invalid because one or more of the listed inventors did not himself invent the claimed subject matter.

394.   Pylon intends to prove by clear and convincing evidence that the '905 Patent is invalid because one or more of the listed inventors did not himself invent the claimed subject matter.

395.   Pylon intends to prove by clear and convincing evidence that the '974 Patent was procured through fraud on the USPTO by one or more of the listed inventors by failing to

disclose, with deceptive intent, the conception, contribution to conception, or relevant subject matter disclosed by, Johannes Fehrsen and/or Adriaan Swanepoel, which was material, thereby rendering the '974 Patent unenforceable.

396.    Pylon intends to prove by clear and convincing evidence that the '434 Patent was procured through fraud on the USPTO by one or more of the listed inventors by failing to disclose, with deceptive intent, the conception, contribution to conception, or relevant subject matter disclosed by, Johannes Fehrsen and/or Adriaan Swanepoel, which was material, thereby rendering the '434 Patent unenforceable.

397.    Pylon intends to prove by clear and convincing evidence that the '905 Patent was procured through fraud on the USPTO by one or more of the listed inventors by failing to disclose, with deceptive intent, the conception, contribution to conception, or relevant subject matter disclosed by, Johannes Fehrsen and/or Adriaan Swanepoel, which was material, thereby rendering the '905 Patent unenforceable.

To the extent necessary, Pylon intends to prove one or more of the facts listed above in the Statement of Issues of Fact That Remain to Be Litigated (listed by either party).

## IX.    STATEMENT REGARDING AMENDMENTS TO THE PLEADINGS

398.    On August 26, 2009, Bosch moved to amend its answer to Pylon's Counterclaim to assert a defense of inequitable conduct and to correct certain factual errors in the pleadings. The Court denied Bosch's motion as to inequitable conduct on October 19, 2009, but did not rule regarding the corrections.  Bosch desires to amend its pleadings to conform to facts learned in discovery and requests leave to do so.  Specifically, Bosch requests leave to strike in its entirety the second sentence of Paragraph 40 to Bosch's Answer, Defenses and Counterclaim to Pylon's Counterclaim (D.I. 61).

399.   The parties reserve their right to amend their pleadings to conform to the evidence adduced at trial.

## IX.   CERTIFICATION OF ATTEMPTED RESOLUTION OF CONTROVERSY

400.   The parties certify that two-way communication has occurred between persons having authority, in a good faith effort to explore the resolution of the controversy by settlement. It has been determined that the matter cannot be resolved at this juncture by settlement.

## X.   OTHER MATTERS WHICH THE PARTIES DEEM APPROPRIATE

### A.   Bosch Submits the Following List of Miscellaneous Issues

#### 1.   Inequitable Conduct Tried Separately to the Bench

401.   Bosch requests that testimony and arguments regarding inequitable conduct be addressed in a separate bench trial subsequent to these proceedings.

#### 2.   Oral Motions *in limine*

402.   Bosch requests that the Court preclude Pylon from asserting infringement of the '380 patent under the doctrine of equivalents, as Pylon failed to assert infringement via the doctrine of equivalents until after the close of fact discovery, and has never provided sufficient bases including the requisite element-by-element analysis of such an assertion. (*See* ¶¶ 133, 281).

403.   Bosch further requests that the Court preclude Pylon from asserting the affirmative defenses of waiver, release, laches, estoppel, unclean hands and no equitable relief because of the availability of an adequate remedy at law, as Pylon failed to provide the bases for these defenses in response to Bosch's Interrogatory No. 3.

404.   Bosch requests that the Court preclude Pylon from asserting inequitable conduct based on the Swanepoel testing report and the Fehrsen inclined beam, identified for the first time in Pylon's opposition to Bosch's pending motion for summary judgment of no derivation and no

inequitable conduct (D.I. 206), as Pylon failed to plead such as bases for inequitable conduct in its Second Amended Answer, Affirmative Defenses and Counterclaims.

405.   Bosch requests that the Court preclude Pylon from asserting that US 2003/0014828 ("the '828 application") is prior art to the Bosch '905 patent. The '828 application is the national phase of an international application that was filed after November 29, 2000 (the PCT was filed on February 20, 2001). The WIPO publication of the international application (WO 01/62561) was published only in German. Accordingly, the '828 application does not have a 35 U.S.C. 102(e) date and can only be prior art as of its publication date, under 102(a) or 102(b). *See* MPEP 706.02(f)(1).  The effective filing date of Bosch's '905 patent is April 4, 2001, the PCT filing date. *See* 35 U.S.C. 119(a) and 35 U.S.C. 363.  Thus, the '828 application, which was not published until January 23, 2003, is not prior art to the '905 patent under either 102(a) or 102(b). As the '828 application is not prior art, Pylon should be precluded from putting it before the jury, as doing so would be highly prejudicial to Bosch and confusing to the jury. (*See* ¶¶ 168, 230, 366-67).

406.   Bosch further requests that Pylon, and its expert, Mr. Buechele, be precluded from offering evidence as to obviousness of any of the Bosch patents because both Pylon's obviousness contentions and Mr. Buechele's expert reports contain only a recitation of various references and the conclusory phrase that the claim at issue would be obvious, with no articulated reasoning to support the legal conclusion of obviousness.  In similar circumstances, the Federal Circuit has held that expert reports that lack articulated reasoning on why a skilled artisan would combine specific references are deficient for purposes of disclosure under Fed. R. Civ. P. 26 and require preclusion of an expert's testimony on obviousness. *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1373–74 (Fed. Cir. 2008).

407.    Bosch requests that Pylon be precluded from arguing that any claims of the '974

patent are rendered obvious in view of any of U.S. Patents 3,192,551, 3,317,945, 3,785,002 or

5,325,564 in combination with any of U.S. Patents 2,746,077, 3,056,991, 3,082,464, 3,317,946,

3,418,676, 3,418,679, 3,427,637, 3,566,432, 3,879,793, 3,881,214, 3,942,212, 4,014,061,

4,063,328, 5,383,249, 5,546,627, or 6,058,555, or foreign patents DE 23 11 293, DE 23 36 271,

DE 24 40 179, DE 33 29 391, EP 316,114, EP 499,829, FR 2,199,302, GB1,429,820, GB

2,106,775 or GB 2,189,383, or vice versa, as Pylon has failed to properly present its contentions

regarding these combinations.  (¶¶ 204-07, 317-20).

408.    Bosch requests that the primary prior art references and obviousness combinations

that Pylon be permitted to rely on as invalidating prior art under 35 U.S.C. § 103 be limited to

those primary references and combinations identified as such in its expert reports prior to the

close of expert discovery.  For example, Pylon has signaled its intention to argue that the claims

of the '974 patent are obvious based on the combination of any of  U.S. Patents 3,192,551,

3,785,002 or 5,325,564 with either U.S. Patent 3,881,214 or U.S. Patent 4,014,061,

combinations never disclosed in either Pylon's obviousness contentions or expert reports.  (*See*

¶¶ 204, 206-07, 317, 319-20).  Similarly, Pylon has signaled its intention to argue that claim 5 of

the '434 patent is rendered obvious in view of the combination of U.S. Patent 3,636,583 with

either U.S. Patent 5,493,750 or U.S. Patent 5,933,910, a combination not disclosed in Pylon's

obviousness contentions or expert reports.  (*See* ¶¶ 224, 354).

409.    Bosch requests that Pylon be precluded from arguing derivation, incorrect

inventorship or inequitable conduct with respect to the '974, '434 and '905 patents based on any

contentions other than those presented in Pylon's Second Amended Answer, Affirmative

Defenses and Counterclaims and contentions, which stated that: a) Johannes Fehrsen, either

solely or jointly with Adriaan Swanepoel, made a complete conception and invention of the subject matter of the '974, '434 and '905 patents prior to September 17, 1992 (D.I. 56 at ¶¶ 25, 38, 48); and b) the only alleged disclosure of such conception by Mr. Fehrsen was at a September 17, 1992 meeting (D.I. 56 at ¶¶ 31, 39).

410.   Bosch requests that Pylon be precluded from arguing inequitable conduct based on any facts not specifically pled in Pylon's Second Amended Answer, Affirmative Defenses and Counterclaims.

411.   Bosch requests that Pylon be precluded from offering evidence relating to objective evidence of non-obviousness, other than long-felt need and unexpected results, regarding the '380 patent, as Pylon failed to disclose any such evidence in response to Bosch's Interrogatory No. 3. (*See* ¶ 139).

412.   Bosch requests that Pylon be precluded from offering documentary evidence relating to the conception, diligence, or reduction to practice of the invention claimed in the '380 patent, other than documents PYL003984-3986, as Pylon failed to disclose any such additional evidence in response to Bosch's Interrogatory No. 7.

413.   Bosch requests that the Court preclude Pylon from asserting a defense that Bosch lacks standing to assert the '974, '434 or '905 patents and that the Court lacks subject matter jurisdiction to adjudicate any of the issues involving these particular patents because Pylon failed to properly plead these defenses. Indeed, with respect to subject matter jurisdiction, Pylon has admitted that the Court possesses the same in its Second Amended Answer, Affirmative Defenses and Counterclaims (D.I. 56 at ¶ 1). (*See* ¶¶ 197-99, 287, 294, 305, 386-88, 423).

### 3. Pylon's Failure to Specifically Identify Allegedly Invalidating Prior Art.

414. Pylon should be required to identify the specific primary and secondary references, and specific combinations thereof, that it intends to present at trial in support of its allegations that each of the asserted claims of the Bosch patents-in-suit are invalid.

### 4. Injunctive Relief

415. Bosch requests that the Court issue a preliminary injunction enjoining the sale of any Pylon product found to infringe any Bosch patent pending the damages phase of the trial.

### B. Pylon Submits the Following List of Miscellaneous Issues

### 1. Oral Motions *in limine*

416. Pylon requests that the Court preclude Bosch from offering any evidence of, or otherwise arguing its claims for false advertising and inequitable conduct because these claims have been dismissed and disallowed, respectively.

417. Pylon requests that the Court preclude Bosch from offering any of the opinions presented in any declaration of Steven Dubowsky (including those submitted in opposition to Pylon's Motion for Summary Judgment) to the extent such opinions were provided only after expert discovery closed and (i) presented new opinions; (ii) contradicted previous opinions and/or sworn testimony; and/or (iii) expanded on previous opinions.

418. Pylon requests that Bosch be precluded from offering any evidence of, or otherwise arguing infringement under the doctrine of equivalents of (1) the '974, '434 or '512 Patents, because Bosch is foreclosed from offering or arguing such evidence based on its infringement contentions, its responses to Pylon's interrogatories and otherwise; and (2) Claim 13 of the '905 Patent because Bosch is estopped from pursuing equivalents of "wherein a section

of the wind deflection strip is disposed between and in contact with each respective end cap and the device piece" by the doctrine of prosecution history estoppel.

419.   Pylon requests that Bosch be precluded from asserting the '974 Patent against Pylon's Generation 1, 2 or 3 wiper blades because the wind deflection strips in these products have a hardness greater than the hardness of their respective wiper strips.

420.   Pylon requests that Bosch be precluded from travelling under its proposed construction of "rearward of said pin passage and said rivet passage" in the '380 Patent because the construction was provided in violation of the Court's Scheduling order, after expert discovery had closed, and as a result, Pylon and its expert were precluded from addressing the issues presented by this new construction, including comparing the construction to the U3 connector for purposes of performing a doctrine of equivalents analysis.

421.   Pylon requests the opportunity to address certain issues relating to the attendance and participation at trial of several witnesses from South Africa, including timing, reimbursement and compensation.

## XI.   SUPPLEMENTING AND AMENDING THE FINAL PRE-TRIAL ORDER

422.   The parties reserve the right to seek leave to supplement or amend the Final Pre-trial Order based on subsequent events or by agreement.

## XII.   ORDER TO CONTROL COURSE OF ACTION

423.   This order shall control the subsequent course of action, unless modified by the Court to prevent manifest injustice.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By:  */s/ David E. Moore* _____
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware  19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

    OF COUNSEL:

    Michael J. Lennon
    Mark A. Hannemann
    Jeffrey S. Ginsberg
    KENYON & KENYON LLP
    One Broadway
    New York, NY 10004
    Tel: (212) 425-7200

*Attorneys for Plaintiff Robert Bosch LLC*

BAYARD, P.A.

By:  */s/ Stephen B. Brauerman* _____
    Ashley B Stitzer (#3891)
    Stephen B. Brauerman (#4952)
    222 Delaware Avenue, Suite 900
    P.O. Box 25130
    Wilmington, Delaware 19899
    Tel: (302) 655-5000
    astitzer@bayardlaw.com
    sbrauerman@bayardlaw.com

    OF COUNSEL:

    Gregory L. Hillyer
    Javier Sobrado
    FELDMAN GALE, P.A.
    1420 Montgomery Lane
    Suite 400
    Bethesda, MD 20814
    Tel: (800) 489-9814

    James A. Gale
    Jeffrey D. Feldman
    One Biscayne Tower, 30th Floor
    2 S. Biscayne Blvd.
    Miami, FL 33139
    Tel: (305) 358-5001

*Attorneys for Defendant Pylon Manufacturing Corporation*

SO ORDERED, this _____ day of _____, 2010.

_____
U.S.D.J.