IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT BOSCH, LLC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 08-542-SLR ) |
| PYLON MANUFACTURING CORP., | ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 12th day of April, 2010, having reviewed the papers submitted in connection with defendant's motion for reconsideration of the court's decision regarding the entitlement to equivalents of claim 13 of U.S. Patent No. 6,944,905 (D.I. 281; D.I. 286);

IT IS ORDERED that defendant's motion for reconsideration (D.I. 281) is denied.

**1. Background.** In its March 30, 2010 memorandum opinion, the court denied defendant's request that the court find a lack of entitlement to any equivalents associated with the limitation "wherein the wind deflection strip is disposed between and in contact with each respective end cap and the device piece" in claim 13 of U.S. Patent No. 6,944,905 ("the '905 patent"). (D.I. 271 at 41) In denying defendant's request, the court concluded that, contrary to defendant's allegations, the prosecution history of the '905 patent, and particularly the amendment adding "disposed between" and "in contact with" to the limitation, did not result in a narrowing of claim 13 so as to effect an estoppel against a later assertion of the doctrine of equivalents. (*Id.*) In response to this ruling, defendant has moved for reconsideration of the court's judgment. The court

details the relevant prosecution history of the '905 patent *infra*.

**2.** Independent claim 21 of the application that led to the '905 patent recited the basic structure of a beam blade. (D.I. 164, ex. 6 at JA710) Dependent claim 22 (which led to issued claim 13) was directed to, in relevant part, the wiper blade according to claim 21, wherein "an end cap (38) is respectively disposed at both ends of the support element (12), and that a section (40) of the wind deflection strip (42) is disposed between each respective end cap (38) and the device piece (15)." (*Id.*) Claim 21 did not contain the end cap and device piece limitations of claim 22.

**3.** On June 28, 2004, the examiner issued the first office action, rejecting all of the filed claims. (*Id.* at JA753) Specifically, the examiner rejected independent claim 21 for prior art reasons, but noted that "[c]laims 22, 27, 32, 34, 36, 37 and 40 would be allowable if rewritten" to overcome a rejection made pursuant to 35 U.S.C. § 112. (*Id.* at JA759) In response, the applicants amended claim 22 by rewriting it in independent form. In doing so, the applicants added the limitations of independent claim 21 to dependent claim 22, creating new independent claim 41. (*Id.* at JA781, JA788-89) The applicants traversed the prior art rejection of claim 21, arguing that the claim was patentable over the cited prior art. (*Id.* at JA781)

**4.** In a subsequent office action, the examiner again rejected claim 21 as unpatentable over the prior art. The applicants responded with several minor amendments (*Id.* at JA785, JA801, JA874); however, the only substantive addition to claim 21 was an amendment specifying that "the legs form therebetween an angular hollow space . . . ." (*Id.* at JA850-51) The applicants argued, and the examiner

ultimately agreed, that this feature was not present in the prior art. (*Id.* at JA895)

**5.** An examiner's interview was held prior to the allowance of the '905 patent. The Notice of Allowability included an examiner's amendment to claim 41, proposed during the interview, adding the disputed "disposed between" and "in contact with" limitation. With respect to the reason for this amendment, the examiner noted that "the deflective strip has been set forth as in contact with the end cap and device piece to clarify the relationship of end cap, deflective strip and device piece." (*Id.*)

**6. Reconsideration.** A motion for reconsideration is appropriately filed only if there is: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See generally Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Defendant alleges that a clear error of law results from the court's failure to find a lack of entitlement to any equivalents with respect to the limitation of claim 13 added by examiner's amendment.

**7. Discussion.** Defendant's allegation of legal error arises from its characterization of the prosecution history of the '905 patent as containing "at least one narrowing amendment." (D.I. 281 at 2) According to defendant, an estoppel must exist in either or both of the amendments discussed *supra*. Specifically, defendant contends that an estoppel prohibiting plaintiff's reliance upon the doctrine of equivalents presents itself in either or both of: (1) the incorporation of the limitations of dependent claim 22 into independent claim 21; and/or (2) the addition of the disputed language to claim 41 (issued claim 13). The court addresses each theory in turn.

3

8. The Supreme Court has explained that "[e]stoppel arises when an amendment is made to secure the patent and the amendment narrows the patent's scope." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736 (U.S. 2002). While estoppel will likely arise when the applicant makes a narrowing amendment to avoid the prior art, it may also arise within the context of an amendment made to comply with the requirements of 35 U.S.C. § 112. *See id.* at 737. In this regard, "[i]f a § 112 amendment is truly cosmetic, then it would not narrow the patent's scope or raise an estoppel. On the other hand, if a § 112 amendment is necessary and narrows the patent's scope -- even if only for the purpose of better description -- estoppel may apply." *Id.*

9. Prosecution history estoppel may preclude the patentee from relying upon a theory of equivalence during an infringement proceeding. However, the Supreme Court has rejected a per se approach in which a finding of estoppel would bar a patentee from later asserting a claim under the doctrine of equivalents regarding the narrowed element. Indeed, such a practice is "inconsistent with the purpose of applying the estoppel in the first place -- to hold the inventor to the representations made during the application process and to the inferences that may reasonably be drawn from the amendment." *See id.* In *Festo*, the Supreme Court provided guidance as to when narrowing amendments should not eliminate access to the doctrine of equivalents:

> There is no reason why a narrowing amendment should be deemed to relinquish equivalents unforeseeable at the time of the amendment and beyond a fair interpretation of what was surrendered. Nor is there any call to foreclose claims of equivalence for aspects of the invention that have only a peripheral relation to the reason the amendment was submitted.

*Id.* at 738. Accordingly, the flexible rule announced in *Festo* requires the court to "consider[] what equivalents were surrendered during the prosecution of the patent." *Id.*

**10.** Defendant cites to *Honeywell Int'l v. Hamilton Sundstrand Corp.* in support of its first theory that plaintiff lacks access to the doctrine of equivalents. 370 F.3d 1131 (Fed. Cir. 2004). In *Honeywell*, the Federal Circuit relied upon *Festo* in holding that "a narrowing amendment to a patent claim that adds an additional claim limitation creates a presumptive surrender of equivalents . . . ." *Id.* The *Honeywell* Court explained that this presumptive surrender results from a narrowing amendment characterized by "the rewriting of dependent claims into independent form coupled with the **cancellation of the original independent claims**." *Id.* at 1133 (emphasis added).

**11.** The case at bar avoids application of the *Honeywell* rule because the applicants did not cancel independent claim 21 after submitting independent claim 41. The subject matter of claim 21 was prosecuted to allowance. Moreover, the aforementioned amendments made to claim 21 are completely unrelated to the "in contact with" limitation. Insofar as the presumptive surrender of *Honeywell* is premised upon a "clear surrender of the broader subject matter," the court declines to hold that the amendments to claim 21 equate to a cancellation of the entire claim. *Id.* at 1143 (citing *Deering Precision Instruments, L.L.C. v. Vector Distrib. Sys.*, 347 F.3d 1314, 1325 (Fed. Cir. 2003)).

**12.** The court likewise fails to identify a lack of entitlement to equivalents related to defendant's second theory, to wit, that plaintiff is foreclosed from this option simply through addition of the language "disposed between" and "in contact with" to claim 41.

The court finds that the purpose of this amendment is peripheral and not directly related to the alleged equivalent at issue. *See Festo*, 535 U.S. at 738; *see also Insituform Techs., Inc. v. Cat Contr., Inc.*, 385 F.3d 1360, 1370-1371 (Fed. Cir. 2004) (holding that the doctrine of equivalents is not foreclosed in cases where "[t]here is no indication in the prosecution history of any relationship between the narrowing amendment and [the alleged equivalent at issue]").

**13.** Plaintiff submits that the purpose of the feature relating to the language added by amendment, a wind deflection strip composed of two pieces, is to reflect the ease of installation. This purpose is consistent with the examiner's explanation that the amendment to claim 41 was made to "clarify the relationship of end cap, deflective strip and device piece." (D.I. 164, ex. 6 at JA895) The plastic beauty cover of defendant's accused blades, which creates a space about the device piece, has no effect upon, and does not bear a meaningful relationship to, ease of installation. Accordingly, even though the court cannot say that the amendment adding this language was "truly cosmetic," plaintiff has demonstrated that "the amendment narrowing the claimed invention [to a wind deflection strip disposed between and in contact with each respective end cap and the device piece] was tangential to [the accused product, in which a plastic beauty cover surrounds the device piece]." *Id.* Plaintiff is not barred from relying upon the doctrine of equivalents.

**14. Conclusion.** In light of the foregoing, defendant's motion for reconsideration of the court's decision regarding the entitlement to equivalents of claim 13 of '905 patent is denied.

                                                                                 United States District Judge